# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WESTERN TEXAS

| | |
|---|---|
| CONTIQUE WILLCOT, | Case No.: **MO:24-CV-317** |
| Plaintiff, | |
| vs. | **MOTION TO LIFT PSLRA DISCOVERY STAY** |
| SECURITIES & EXCHANGE COMMISSION, ET AL, | |
| | **JURY TRIAL DEMANDED** |
| Defendant | |

Plaintiff Contique Willcot, pro se, respectfully moves pursuant to 15 U.S.C. § 78u-4(b)(3)(B) and Fed. R. Civ. P. 26 to lift the Private Securities Litigation Reform Act (PSLRA) discovery stay. Plaintiff seeks access to Blue Sheets and TRCH/MMTLP transaction data from June 21, 2021, to December 12, 2022, to investigate alleged market manipulation and regulatory failures that resulted in the loss of his $30,000+ investment. The stay causes undue prejudice by preventing Plaintiff from opposing dismissal and risks evidence destruction. This motion is supported by Exhibits A–S, U, V–Z, AA–AD, and the following memorandum.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

Plaintiff Contique Willcot, a Fire Lieutenant and Origin and Cause Fire Investigator for Miami Dade Fire Rescue, invested over $30,000 in Torchlight Energy Resources, Inc. (TRCH) and MMTLP, trusting the integrity of the markets. This investment was rendered worthless due to alleged misconduct by Defendants Securities and Exchange Commission (SEC), Financial

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 1

Industry Regulatory Authority (FINRA), and GTS Securities LLC, culminating in a December 9, 2022, U3 halt and the issuance of illiquid Next Bridge Hydrocarbons (NBH) shares (Ex. W). Evidence suggests Defendants facilitated manipulative trading and failed to enforce regulatory standards, as shown by FINRA's Threshold List data (Ex. A), GTS's role in MMTLP orders (Ex. S), and the SEC's lawsuit against TRCH executives (Ex. AA). The PSLRA stay blocks access to Blue Sheets, critical to proving these claims. A Vermont court's preservation order underscores the urgency of this evidence (Ex. U). Plaintiff respectfully requests the Court lift the stay to deliver justice.

**II. STATEMENT OF FACTS**

Plaintiff, a resident of Pembroke Pines, Florida, invested over $30,000 in TRCH and MMTLP, relying on market fairness. His Fidelity statements document purchases: 83 TRCH shares on March 11, 2021, for $211.56 ($2.55/share) and 2,800 shares on June 22, 2021, for $7,009.73 ($2.50/share) (Ex. V). In June 2021, TRCH merged with Meta Materials Inc. (MMAT), executing a 1-for-2 reverse split, reducing Plaintiff's 2,883 TRCH shares to 1,441.5 (Ex. E). Shareholders received 0.5 MMAT shares and one MMTLP share per TRCH share, tied to an NBH spinoff (Ex. AA). Plaintiff received 89 MMAT shares ($203.81) and 1,182 MMTLP shares (Ex. V). Despite being non-tradable, MMTLP was listed on the OTC market in October 2021, with GTS as the sole order destination (Ex. E; Ex. S).

Plaintiff purchased additional MMTLP shares: 12,300 shares on February 23, 2022, for $22,140 ($1.80/share) via Fidelity, and 666 shares on September 29, 2022, for $1,005.95 ($1.50/share) via TD Ameritrade (Exs. V, W). The SEC's lawsuit confirms TRCH executives manipulated stock prices through the MMTLP Preferred Dividend, causing a 200%+ surge in June 2021 (Ex. AA). On December 8, 2022, MMTLP's trading volume spiked to 13 million shares, with prices

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 2

reaching $8.17, valuing Plaintiff's 687 TD Ameritrade shares at $5,612.79 (Exs. A, W). FINRA's Threshold List shows MMTLP had over 10,000 fails-to-deliver (FTDs) daily from October 14 to December 12, 2022, yet reported zero FTDs on December 12, suggesting unauthorized post-halt trading (Ex. A). FINRA's U3 halt on December 9, 2022, cited "settlement uncertainty" and violated SEC Rule 10b-17's 10-day notice requirement (Ex. H). The NBH prospectus lacked key dates, causing confusion (Ex. M). On December 13, 2022, MMTLP shares were exchanged 1:1 for NBH shares, valued at "NA," erasing Plaintiff's investment (Ex. W).

## III. LEGAL STANDARD

The PSLRA stays discovery pending motions to dismiss unless "particularized discovery is necessary to preserve evidence or prevent undue prejudice" (15 U.S.C. § 78u-4(b)(3)(B)). Undue prejudice arises when plaintiffs cannot oppose dismissal without discovery (*In re Bank of Am. Corp.*, 2009 WL 4796169, at *3 (S.D.N.Y. Dec. 14, 2009)). Evidence preservation is critical when delay risks loss (*SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 913 (9th Cir. 1999)). Courts permit targeted discovery to address specific harm (*In re Vivendi Universal, S.A.*, 381 F. Supp. 2d 129, 131 (S.D.N.Y. 2003); *Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 272 (5th Cir. 2013)).

## IV. ARGUMENT

**A. The Stay Causes Undue Prejudice**

The PSLRA stay prevents access to Blue Sheets, essential to proving Defendants' alleged misconduct, which erased Plaintiff's $30,000+ investment (Exs. V, W). GTS, handling 3–5% of U.S. equities volume and acting as MMTLP's sole order destination, allegedly manipulated trading through spoofing and latency advantages (Exs. B, K, S). For example, *NWBO v. GTS* alleges GTS executed 2,722,466 baiting orders, causing price declines, a pattern potentially

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 3

repeated with MMTLP during the December 8, 2022, 13 million share volume spike (Exs. A, B). FINRA's Threshold List indicates over 10,000 FTDs daily through December 12, 2022, yet zero FTDs reported that day, suggesting improper post-halt trading (Ex. A). FINRA's failure to enforce short sale rules (Ex. J) and violation of SEC Rule 10b-17 (Ex. H) exacerbated harm, as did the NBH prospectus's lack of dates (Ex. M).

The SEC's lawsuit confirms TRCH executives' fraud, yet its delayed response—despite 246 complaints (Ex. AD), congressional demands (Ex. G), and a Wells Notice (Ex. AB)—suggests negligence (Ex. AA). The D.C. Circuit's ruling that FINRA's enforcement violates the private non-delegation doctrine questions the halt's legitimacy (*Alpine Sec. Corp. v. FINRA*, Ex. N). FINRA's dismissive attitude in *Rolo v. SEC*, labeling investor claims as "speculative" and "conspiracy theories" fueled by a "social media community" (Ex. Q), further prejudices Plaintiff by undermining legitimate losses and evidence of manipulation (Exs. A, B, S). Without Blue Sheets, Plaintiff, trained to uncover misconduct, cannot oppose dismissal (*In re Bank of Am. Corp.*, 2009 WL 4796169, at *3).

**B. Discovery Is Essential to Preserve Evidence**

Blue Sheets face destruction risks without expedited discovery. A Vermont court ordered their preservation from June 21, 2021, to December 8, 2022, citing spoliation concerns (Ex. U). TDDS logs confirm availability, but records may be lost by January 2027 (Ex. AC). The volume spike, FTD anomalies, and post-halt trading heighten urgency (Ex. A). FINRA's procedural violations and GTS's trading patterns necessitate immediate access to prevent loss (*SG Cowen*, 189 F.3d at 913).

**C. Defendants' Defenses Lack Merit**

Defendants' immunity claims fail when actions exceed regulatory mandates (*Credit Suisse Sec.*

*(USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)). FINRA's unconstitutional enforcement (Ex. N), failure to enforce Rule 4320 (Ex. J), and Rule 10b-17 violation (Ex. H) undermine its defense. GTS's alleged spoofing and control over MMTLP orders (Exs. B, K, S) contradict claims of no particularity. The SEC's inaction, despite early warnings and complaints (Exs. AA, AD), warrants scrutiny. FINRA's dismissal of claims in *Rolo* as "unsupported" ignores Plaintiff's documented losses and evidence, reinforcing the need for discovery to counter baseless defenses (Ex. Q; *In re Vivendi*, 381 F. Supp. 2d at 131).

**D. Discovery Is Targeted**

Plaintiff seeks Blue Sheets and TRCH/MMTLP data from June 21, 2021, to December 12, 2022, to investigate manipulation during the merger, MMTLP listing, and halt (Exs. A, B, S). This 18-month scope is justified by specific events and TDDS availability (Ex. AC). Plaintiff accepts a 2022-only scope if necessary, minimizing burden (*In re Bank of Am. Corp.*, 2009 WL 4796169, at *4).

**V. CONCLUSION**

Plaintiff respectfully urges the Court to lift the PSLRA stay to access Blue Sheets, exposing alleged misconduct that destroyed his investment. Exhibits A–S, U, V–Z, AA–AD demonstrate manipulation, regulatory failures, and negligence, which discovery will clarify. Plaintiff accepts any Court conditions.

**PRAYER FOR RELIEF**

Plaintiff requests:

1. An order lifting the PSLRA stay under 15 U.S.C. § 78u-4(b)(3)(B).

2. Expedited discovery of Blue Sheets and TRCH/MMTLP data from June 21, 2021, to December 12, 2022, within 30 days.

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 5

3. Other relief as the Court deems just.

**Certificate of Service**

I certify that on April 23, 2025, a true copy was served via CM/ECF on counsel for Defendants Securities and Exchange Commission (100 F St NE, Washington, DC 20549), Financial Industry Regulatory Authority (1735 K St NW, Washington, DC 20006), and GTS Securities (545 Madison Ave, New York, NY 10022), per Fed. R. Civ. P. 5 and Local Rule CV-7(c).

**Exhibit Table of Contents with Motion Strengthened Category (Alphabetical Order)**

| Exhibit | Title | Description | Pages Cited in Motion | Motion Strengthened |
|---|---|---|---|---|
| A | Threshold List, FTDs & 13 Million Volume Spike | Threshold Lists, FTD data, 13 million share spike, unsettled trades | pp. 1–10 | Supports Section IV.A, Undue Prejudice |
| AA | SEC v. Brda et al., Complaint | TRCH-Meta fraud | pp. 1–46, 7–11, 10, 11, 19–33, 32–33 | Supports Section II, Statement of Facts |
| AB | Meta Materials Wells Notice | SEC Wells Notices for TRCH-MMAT merger fraud | pp. 1–3 | Supports Section II, Statement of Facts |
| AC | FINRA TDDS 2.0 Specification | Blue Sheet availability | pp. 2–5, 4-1–4-9, 9-4 | Supports Section IV.D, Discovery Is |

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 6

| | | | | |
|---|---|---|---|---|
| AD | Traudt v. Rubinstein, SEC FOIA Response | 246 MMTLP complaints | p. 1 | Targeted Supports Section IV.A, Undue Prejudice |
| B | Northwest Biotherapeutics v. GTS, Complaint | GTS spoofing, 2,722,466 Baiting Orders | pp. 21, 65–68, 67 | Supports Section IV.A, Undue Prejudice |
| C | TradeStation MMTLP Share Imbalance | TradeStation email and statement on NBH share imbalance | pp. 1–4 | Supports Section IV.A, Undue Prejudice |
| D | FINRA MMTLP Short Volume Data | FINRA data showing 9,180,000 MMTLP shorts, December 8, 2022 | p. 1 | Supports Section IV.A, Undue Prejudice |
| E | OCC Memo on TRCH Distribution | OCC memo detailing TRCH distribution and settlement risks | pp. 1–4 | Supports Section IV.A, Undue Prejudice |
| F | GTS Letter to SEC | Latency advantages | p. 2 | Supports Section IV.A, Undue Prejudice |
| G | Congressional Letters to Gensler | SEC negligence | pp. 2, 3, 4 | Supports Section IV.A, Undue Prejudice |

MOTION TO LIFT PSLRA DISCOVERY STAY JURY TRIAL DEMANDED - 7

| | | | | |
|---|---|---|---|---|
| H | FINRA FAQ, MMTLP Halt | Rule 10b-17 violation | pp. 2, 3, 6 | Supports Section IV.A, Undue Prejudice |
| I | FINRA Correspondence | Inaction/awareness (Draddy #2, Boyl, Draddy #3, Cook) | pp. 1–4 | Supports Section IV.A, Undue Prejudice |
| J | FINRA Rule 4320 | Enforcement failure | N/A (Single-page) | Supports Section IV.A, Undue Prejudice |
| K | Ari Rubenstein Testimony | GTS market power | pp. 1, 2 | Supports Section IV.A, Undue Prejudice |
| L | MMTLP Trading/Regulatory Failures | GTS/FINRA/SEC failures | pp. 1–44, 1, 3–4, 5, 6, 7, 8, 9, 10, 14, 35 | Supports Section IV.A, Undue Prejudice |
| M | Next Bridge S-1 Prospectus | NBH prospectus lacking spin-off dates | pp. 1–48, 4 | Supports Section IV.A, Undue Prejudice |
| N | Alpine v. FINRA, Certiorari Petition | FINRA's legitimacy | pp. 1–2, 3 | Supports Section IV.A, Undue Prejudice |

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 8

| | | | | |
|---|---|---|---|---|
| O | FINRA Caveat Emptor Notice | OTC Markets Caveat Emptor on MMTLP, late warning | p. 1 | Supports Section IV.A, Undue Prejudice |
| P | Scott Traudt Petition and Meme | U3 halt illegality, community sentiment | pp. 1–43 | Supports Section IV.A, Undue Prejudice |
| Q | Jonathan P. Duran DOJ Complaint | FINRA halt, GTS conflicts, SEC inaction | pp. 1–4 | Supports Section IV.A, Undue Prejudice |
| R | Wyatt Marks Affidavit | MMTLP limit sell orders on Schwab, December 6, 2022 | p. 1 | Supports Section IV.A, Undue Prejudice |
| S | TD Ameritrade Email re: GTS MMTLP Orders | GTS as sole MMTLP order destination | p. 1 | Supports Section IV.A, Undue Prejudice |
| T | FINRA Rule 6490 | Regulatory claims | N/A (Single-page) | Supports Section IV.C, Defendants' Defenses |
| U | Traudt v. Rubinstein, Preservation Order | Blue Sheet preservation | pp. 2, 3 | Supports Section IV.B, Discovery Is Essential |
| V | Fidelity Statement, 01-01- | Plaintiff's TRCH/MMTLP | N/A (Multi- | Supports Section |

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 9

| | | | | |
|---|---|---|---|---|
| | | 2021 – 12-31-2022 | purchases | page) | II, Statement of Facts |
| W | TD Ameritrade Statements, 04-01-2022 – 12-31-2022 | MMTLP purchases, valuation, NBH collapse | p. 1 | Supports Section II, Statement of Facts |
| X | Torchlight Merger Announcement | TRCH-MMAT merger and dividend details | pp. 1–2 | Supports Section II, Statement of Facts |
| Y | MMTLP Shareholder List | List of MMTLP shareholders as of July 6, 2021 | p. 1 | Supports Section II, Statement of Facts |
| Z | Order Book Screenshots, NXBR/TRCHP.CNT | Post-halt manipulation | N/A (Multi-page) | Supports Section II, Statement of Facts |

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS Case No. 7:24-cv-317-DC-RCG WILLCOT v. SECURITIES & EXCHANGE COMMISSION et al.**

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 10

# MEMORANDUM ON FINRA'S CONTEMPTUOUS TREATMENT OF RETAIL INVESTORS TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:

With utmost deference, Plaintiff Contique Willcot, a Fire Lieutenant and Origin and Cause Fire Investigator for Miami Dade Fire Rescue, submits this memorandum to expose the Financial Industry Regulatory Authority's (FINRA) despicable contempt toward retail investors, as evidenced in its Motion to Dismiss in Rolo v. SEC et al. (Ex. Q, p. 4, April 16, 2025, 20:54). FINRA's dismissal of investor claims as "speculative," "unsupported," and "conspiracy theories" fueled by a "prolific social media community" (Ex. Q, p. 4) is a malicious smear campaign, a collusive whitewash designed to silence victims like Plaintiff, whose $30,000+ investment was obliterated by MMTLP's fraudulent halt (Exs. V–W). This vile attitude, derisively branding plaintiffs like Plaintiff and Jason Rolo as MMTLP investors (Ex. Q, p. 4), betrays FINRA's investor-protection mandate under the Exchange Act (Desiderio v. NASD, 191 F.3d 198, 201 (2d Cir. 1999)) and demands scrutiny in Plaintiff's Motion to Lift the PSLRA Stay for Blue Sheets (May 1, 2021–December 31, 2022). FINRA's derision mocks Plaintiff's documented losses—2,883 TRCH shares and 22,526 MMTLP shares, totaling over $30,000, reduced to worthless NBH shares (Exs. V–W, April 19, 2025, 07:58)—and dismisses irrefutable evidence of fraud spanning 2019 to 2022. The SEC lawsuit proves FINRA and SEC knew of TRCH fraud, yet FINRA enabled 2021's fraudulent MMTLP listing (Ex. AA, pp. 7–11) and executed a negligent 2022 halt (Exs. I, Sam Draddy & Richard Boyl emails). GTS Securities' halt trades (Ex. S, p. 1) and unreported shorts (Ex. D, p. 1) mirror Northwest Biotherapeutics' spoofing (Ex. B, April 18, 2025, 15:32), not "hearsay" or "unsupported" claims (Ex. Q, p. 4, FAC ¶¶ 65, 69, 138). FINRA's

assertion that Plaintiff's allegations, like Rolo's, rely on "hearsay" or contradict its FAQs (Ex. Q, p. 4) is a bald-faced lie, as Plaintiff's evidence—volume spikes (Ex. A, p. 9), settlement issues (Ex. E, OCC Memo #48884)—proves manipulation, not "misinformation." As an investigator trained to uncover deliberate misconduct, Plaintiff sees FINRA's dismissal as a calculated obstruction, akin to concealing arson to protect the perpetrator. FINRA's attack on the "social media community" (Ex. Q, p. 4) is a cynical ploy to discredit legitimate outcry, ignoring congressional demands for accountability (Ex. G, March 25, 2025, 04:31) and Ari Rubenstein's testimony exposing market failures (Ex. K, April 18, 2025, 10:54). By mocking plaintiffs as MMTLP investors (Ex. Q, p. 4, n.4, citing Willcot and related cases), FINRA seeks to trivialize the collective harm of thousands, including Plaintiff, whose life savings were erased. This contempt defies FINRA's duty to protect retail investors, instead shielding fraudsters like GTS while dismissing evidence of naked shorting (Ex. D, p. 1) and halt collusion (Exs. I). FINRA's actions, far from immune, constitute a breach of regulatory trust, as Credit Suisse Sec. (USA) LLC v. Simmonds (566 U.S. 221, 227 (2012)) holds that misconduct voids immunity. Plaintiff, leveraging his investigative expertise, asserts that Blue Sheets from 2021–2022 are essential to dismantle FINRA's cover-up, exposing the fraud rooted in 2019 (Ex. AA, p. 32) and executed through 2021–2022 (Exs. AA, S, A, p. 9). FINRA's scornful dismissal, as seen in Rolo (Ex. Q, p. 4), underscores the urgent need for transparency to vindicate retail investors and restore market integrity.

Respectfully submitted,

/s/ Contique Willcot Pro Se Plaintiff

6940 SW 10th Ct,

1  Pembroke Pines, FL 33023

2  Phone: (954) 274-5173 Email: contiq9@yahoo.com Exhibit Table of Contents

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION TO LIFT PSLRA DISCOVERY STAYJURY TRIAL DEMANDED - 13