UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SCOTT TRAUDT, * | |
| Plaintiff * | |
| * | |
| v. * | Docket Number: 2:34-cv-782 |
| * | **JURY TRIAL DEMANDED** |
| ARI RUBINSTEIN * | |
| Defendant * | 1st Amended Complaint |
| * | |
| GTS SECURITIES LLC * | |
| GTS EQUITY PARTNERS LLC * | |
| GTS EXECUTION SERVICES LLC * | |
| Defendant * | |
| * | |
| CHARLES W. SCHWAB AND CO. INC. * | |
| SCHWAB HOLDINGS, INC. * | |
| Defendant * | |
| * | |
| FINANCIAL INDUSTRY * | |
| REGULATORY AUTHORITY * | |
| Defendant * | |
| * | |
| GARY GENSLER * | |
| US SECURITIES AND EXCHANGE * | |
| COMMISSION * | |
| Respondent * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR A PRESERVATION ORDER

Upon consideration of Plaintiff's Motion for a Preservation Order, the Court finds that the

preservation of certain electronically stored information (ESI) and documents is

necessary to prevent the loss of evidence relevant to this litigation.

1

**IT IS HEREBY ORDERED:**

1. Preservation of Evidence

Defendant, Financial Industry Regulatory Authority (FINRA), and any related entities or individuals under their control are hereby ordered to preserve all relevant electronically stored information (ESI) and documents for the standard date range for all of the following data requests from 21 June 2021 to 8 December 2022 3:59:59PM EST unless noted otherwise pertaining to:

    a. Trading data, blue sheets, and any other electronic data or records related to MMTLP, MMAT, and CIK number 1431959, including but not limited to all records from December 5, 2022, through August 7, 2024.

    b. All communications, both internal and external, related to the trading halt of MMTLP on December 8, 2022, and any subsequent decisions or actions taken by FINRA or its representatives.

    c. All records of investigations, reports, or alarms triggered by trading irregularities in MMTLP securities, including those handled by FINRA Fraud Investigator Sam Draddy.

    d. All electronic blue sheets records for MMTLP and maintained by any and all broker-dealers or any other trading or investment entity. This includes the blue sheets that were assembled on or about December 5, 2022, by FINRA Fraud Investigator Sam Draddy et. al., as well as the final blue sheets for MMTLP on December 8, 2022, at 3:59:59 PM.

    e. Reports from DTCC member firms showing or tending to show the total shares short in MMTLP, daily position reports, CNS accounting summaries, participant daily

activity statements, consolidated trade summaries (M209 records), correspondent clearing records, universal trade capture data.

f. Consolidated Audit Trail (CAT) data for loan/borrow reports, trading records, quotes, market maker records, add/drop records and CAT tables revealing masked fields such as broker aliases.

g. FINRA data including all brokers' short interest data and Trade Reporting Facility (TRF) data with brokers market participant identifiers (MPIDS).

h. All data in TRCH subject to possible spoliation after its CUSIP number was transferred to Bitech Technologies Corporation on or about 24 April 2024.

## 2. Written litigation hold

FINRA is ordered to issue a written litigation hold to all employees, agents, or representatives who may have accessed, handled, or have knowledge of the materials described in this Order. This litigation hold must also be dispersed to any third parties who may possess or control such materials. The written litigation hold shall:

a. Clearly describe the materials and information subject to preservation.

b. Instruct all recipients to preserve the materials described and not to alter, delete, or destroy any relevant information.

c. Require recipients to confirm, in writing, their receipt of and compliance with the litigation hold.

## 3. Monitoring Compliance

Defendant shall designate a responsible individual or team to monitor compliance with this Preservation Order. This individual or team shall be responsible for:

a. Ensuring that all relevant ESI, documents, and data are properly preserved.

b. Conducting periodic checks to verify that the preservation measures are being adhered to.

c. Reporting any issues or potential non-compliance to the Court immediately.

### 4. Preservation of Backup Media

Defendant is ordered to preserve any backup media (e.g., tapes, disks, cloud storage) that may contain relevant ESI. Such media shall not be altered, overwritten, or destroyed, and must be securely stored to prevent any accidental loss of data

### 5. Prohibition Against Destruction

Defendant is prohibited from engaging in any *routine* data destruction practices, including but not limited to, the deletion of emails, the overwriting of backup tapes, and the automatic purging of documents, until further order of the Court.

### 6. Continued Preservation Obligation

This Preservation Order imposes a continuing obligation on the Defendant to preserve the above-described materials. Should any new or additional relevant evidence come into existence during the course of this litigation, the Defendant is required to take steps to preserve that evidence as well.

### 7. Duration of Preservation

The preservation of the aforementioned evidence is to remain in effect until the conclusion of this litigation or further order of the Court.

### 8. Notice and Compliance

Defendant shall provide notice of this Preservation Order to all relevant parties, including but not limited to the broker-dealers involved, and shall ensure full compliance with this Order.

## 9. Further Relief

The Court reserves the right to issue further orders as necessary to ensure the preservation of relevant evidence.

SO ORDERED.

Dated this ___ day of [Month], 2024.


United States District Judge
District of Vermont