UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITIES AND EXCHANGE<br>COMMISSION, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CASE NO. 7:24-cv-00317-DC-RCG |

**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT PSLRA DISCOVERY STAY**

Defendant Securities and Exchange Commission ("SEC" or "Commission") submits its opposition to Plaintiff's Motion to Lift PSLRA Discovery Stay, ECF 32, ("Motion").

## INTRODUCTION

Plaintiff asks the Court to partially lift the automatic stay of discovery imposed in private securities fraud cases pursuant to the Private Securities Litigation Reform Act ("PSLRA") to obtain Blue Sheet data.[1] 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff's conclusory assertions of spoliation concerns and undue prejudice do not constitute the "exceptional circumstances [that] are required to lift the stay." *Alaska Laborers Emps. Ret. Fund v. Mays Clear Channel Comm'ns, Inc.*, 2007 WL 9710527, at *4 (W.D. Tex. Feb. 14, 2007). Moreover, even absent the automatic stay provided by the PSLRA, a stay of discovery with respect to seeking discovery from the Commission would be warranted because the Commission's forthcoming motion to dismiss will rely on, among other things, sovereign immunity which "extends beyond just a defense to liability to include all aspects of civil litigation." *Nieto v. San Perlita Ind. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (until "resolution of the threshold question of the application of an immunity defense, discovery should not be allowed") (citations omitted).[2]

## BACKGROUND

This case is one of several cases (mostly in this district) in which *pro se* plaintiffs seek to

---

[1] Blue Sheets are electronic files that contain both trading and account holder information that regulatory agencies use to help identify individuals engaged in insider trading or other manipulative conduct. *See* https://www.finra.org/filing-reporting/electronic-blue-sheets-ebs; *see also, e.g., SEC v. McGinnis*, 2019 WL 13172368, at *4 (D. Vt. Feb. 19, 2019) ("SEC uses blue sheet data as part of its own insider trading investigations").

[2] It is not clear from whom Plaintiff seeks the Blue Sheet data, and we understand that Defendant Financial Industry Regulatory Authority ("FINRA") also objects to lifting the stay and producing the Blue Sheet data. However, we are objecting separately to make clear that Plaintiff also cannot seek the Blue Sheet data from the Commission.

hold the Commission, various self-regulatory organizations ("SROs"), and others responsible for frauds allegedly perpetrated by Defendants Gregory McCabe and John Brda (and social media promoters working on their behalf) leading up to corporate transactions executed by Meta Materials, Inc. in 2021 and 2022. Similar cases brought against FINRA have been dismissed by courts across the country.[3]

Plaintiff argues that the Commission is responsible for his alleged losses because of its alleged "delayed response" in suing the perpetrators of the initial 2021 fraud, Mot. at 4, and because it did not reverse a trading halt in MMTLP shares instituted by FINRA, *see, e.g.*, First Am. Compl. ("FAC"), ECF 3, ¶ 224.c. The Commission intends to file a motion to dismiss the FAC in its entirety pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1) and 12(b)(6) because Plaintiff lacks standing to bring most, if not all, of his claims, his claims are barred by sovereign immunity, and he has failed to state a claim upon which relief can be granted.

## PLAINTIFF'S MOTION

Plaintiff asks the Court to partially lift the automatic stay of discovery mandated by the PSLRA to enable him to seek Blue Sheet data for trading in Torchlight Energy Resources, Inc. ("Torchlight or "TRCH") and MMMTLP.

Plaintiff argues that he is entitled to a partial lifting of the stay because "Blue Sheets face

---

[3] *See, e.g., Park v. FINRA*, 2023 WL 11795601 (N.D. Ga. Sept. 25, 2023) (dismissing case against FINRA); *Hofman v. Fidelity Brok. Serv., LLC*, 2023 WL 3872564 (C.D. Cal. May 8, 2023) (dismissing case against FINRA and denying expedited discovery request for Blue Sheet data); *Tawil v. FINRA*, 2023 WL 4353179 (N.D. Fl. May 24, 2023) (dismissing case against FINRA); *Hensley v. TD Ameritrade, Inc.*, 2023 WL 12068975 (W.D. Wash. Oct. 2, 2023); *Traudt v. Rubinstein*, 2:24-CV-00782, ECF 103 (D. Vt. July 17, 2024) (granting FINRA motion to dismiss).

destruction risks without expedited discovery." Mot. at 4. In support of this contention, he claims that a "Vermont court ordered their [Blue Sheet] preservation from June 21, 2021, to December 8, 2022, citing spoliation concerns." *Id*. Exhibit U to the Motion is the purported District Court of Vermont order. Exhibit U, however, is the *proposed* order submitted by plaintiff in the Vermont case. The Vermont court *denied* plaintiff's motion because plaintiff "has provided no facts to support a conclusion that the evidence he seeks to be preserved is being destroyed or at risk of being destroyed" and normal preservation obligations under FRCP Rule 26(c) were adequate. *Traudt v. Rubinstein, et al.*, 2:24-cv-782, ECF 140 (D. Vt. March 13, 2025) (docket entry).[4]

Plaintiff also argues that he is unduly prejudiced by the automatic stay because "[w]ithout Blue Sheets, Plaintiff, trained to uncover [fire-related] misconduct, cannot oppose dismissal." Mot. at 4. Plaintiff does not explain why he would be unable to oppose the *legal* arguments that defendants intend to raise in their motions to dismiss without discovery.

## LEGAL STANDARD

Congress passed the PSLRA "in response to an increase in securities fraud lawsuits perceived as frivolous, including shareholder strike suits and other meritless lawsuits." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003). The rationale underlying the stay provision was to prevent the cost and disruption of discovery "until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss." *Id.* at 471. The stay also "protected defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Id.* "The PSLRA discovery stay refers to 'all discovery,' not only discovery that is

---

[4] The PSLRA also provides its own obligation to preserve records during the pendency of the automatic stay. 15 U.S.C. § 78u-4(b)(3)(C).

3

burdensome to produce." *Zapien v. Washington Mut., Inc.*, 2008 WL 11509011, at *4 (S.D. Cal. April 17, 2008) (citing 15 U.S.C. § 78u-4(b)(3)(B)).

To lift the automatic stay, a plaintiff "must prove either that the requested discovery is needed to (1) preserve evidence or (2) prevent undue prejudice." *In re Cassava Sciences, Inc.*, 2023 WL 28436, at *2 (W.D. Tex. Jan. 2023) (citations omitted). "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one" and "exceptional circumstances are required to lift the stay." *Id.* (citations omitted). "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue prejudice' because it is prejudice which is neither improper nor unfair." *Id.* (citation omitted).

Separately, because sovereign immunity "extends beyond just a defense to liability to include all aspects of civil litigation," until "resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto*, 894 F.2d at 177; *see also Williamson v. Dep't Ag.*, 815 F.2d 368, 383 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues."). "Plaintiffs bear the burden of demonstrating the necessity of discovery." *Joiner v. U.S.*, 955 F.3d 399, 407 (5th Cir. 2020) (affirming denial of discovery where "discovery was unlikely to overcome the discretionary function exception" to sovereign immunity waiver).

## ARGUMENT

### A. Plaintiff has not met his heavy burden to lift the PSLRA automatic stay.

The Motion should be denied because Plaintiff has not met his "heavy burden" to lift the PSLRA automatic stay. *In re Cassava Sciences, Inc.*, 2023 WL 28436, at *2. Plaintiff provides no factual support for his contention that "Blue Sheets face destruction risks without expedited

4

discovery." *See* Mot. at 4.[5] Nor does he explain why the preservation obligations pursuant to the FRCP and PSLRA are insufficient. Conclusory assertions of spoliation concerns are inadequate. *See Traudt*, 2:24-cv-782, ECF 140; *see also, e.g., In re CFS-Related Sec. Fraud Lit.*, 179 F. Supp. 2d 1260, 1264 (N.D. Okla. 2001) ("Other than conclusory concerns about the fading memory of witnesses, which is a problem in all litigation, Plaintiffs have not demonstrated any particular threat that evidence would be lost or destroyed if they are not permitted to engage in discovery now.").

Plaintiff's claim of undue prejudice because he "cannot oppose dismissal without discovery," Mot. at 3, is likewise deficient as shown by one of the cases *he* cites. *See SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. Of Ca.*, 189 F.3d 9009, 912 (9th Cir. 1999) (granting mandamus because "the district court [erroneously] granted plaintiffs leave to conduct discovery so that they might uncover facts sufficient to satisfy the Act's pleading requirements. This is not a permissible reason for lifting the discovery stay under the Act.").[6] If Plaintiff needs discovery to survive a motion to dismiss, the case should not have been filed. *Id.*; *see also, e.g., In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) ("Plaintiffs

---

[5] Plaintiff cites Ex. AC, a 2017 FINRA document entitled Trade Data Dissemination Service 2.0, arguing that it shows "records may be lost by January 2027." Mot. at 4. First, the document says no such thing, instead addressing technical specifications for data dissemination. Second, the Court will very likely have ruled on the Commission's motion to dismiss, which is due May 12, 2025, before January 2027.

[6] *In re Vivendi Universal, S.A. Sec. Lit.*, 381 F. Supp. 2d 129, 131 (S.D.N.Y. 2003), cited at Mot. 3, also *denied* lifting the automatic stay and *Pension Trust Fund Operating Engn. v. Mortgage Asset Sec. Trans., Inc.*, 730 F.3d 263 (3d Cir. 2013), concerns whether a statute of limitations started to run on discovery of a claim and is wholly inapposite to whether to lift a PSLRA discovery stay. *In re Bank of Am. Corp.*, 2009 WL 47961669, at *3 (S.D.N.Y. Nov. 16, 2009), did lift a stay where the documents sought had already been produced in parallel proceedings and plaintiffs needed access to assess litigation strategy given the various ongoing proceedings. Neither circumstance exists in the present case.

5

straightforwardly admit that they seek discovery in order to add factual detail to their complaint prior to this Court's resolution of the pending motion to dismiss. That is exactly the circumstance section 78u-4(b)(3)(B) is calibrated to prevent.").[7]

### B. Discovery should be stayed even absent the PSLRA automatic stay.

#### 1. Discovery should be stayed because the Commission will raise a sovereign immunity defense to Plaintiff's claims.

The Commission should not be subjected to the burden of even partial discovery before the Court rules on its motion to dismiss because the Commission will argue, among other things, that sovereign immunity bars Plaintiff's claims and sovereign immunity "shelter[s] the government from the burdens of answering a lawsuit—including those related to intrusive discovery—not just from potential monetary liability." *Freeman v. U.S.*, 556 F.3d 326, 343 (5th Cir. 2009).

Plaintiff's central contention is that the Commission did not promptly bring enforcement actions to stop the MMTLP frauds and did not act regarding FINRA's trading halt. The Commission's forthcoming motion to dismiss will argue, among other things, that sovereign immunity bars Plaintiff's claims because the Supreme Court has made clear that an agency's "decision not to take the enforcement actions requested by respondents is [] not subject to judicial review" because Congress gave agencies "not [] the courts, the decision as to whether" to institute an enforcement action. *Heckler v. Chaney*, 470 U.S. 821, 838 (1985). The Commission also has broad discretion in deciding when and how to use its regulatory authority

---

[7] Plaintiff does not appear to argue that, other than not having discovery to respond to forthcoming motions to dismiss, a delay in discovery would prejudice him. But if he could be read to raise that argument, it would clearly be deficient because such harm would, at most, "consist of disadvantage that is inherent in the stay itself." *In re Odyssey Healthcare*, 2005 WL 1539229, at * 2.

to supervise FINRA. *See, e.g., San Francisco Min. Ex. v. SEC*, 378 F.2d 162, 165 (9th Cir. 1967) (determination whether the Commission should take an action against an SRO under Section 19 of the Exchange Act "rests within the sound discretion of the agency").

### 2. A cursory review of the FAC and forthcoming motion to dismiss would show the Commission's defenses are meritorious.

Even absent the Commission's meritorious sovereign immunity defense, a cursory review of the FAC and the forthcoming motion to dismiss would show a stay of discovery is warranted. *See, e.g., Primesource Building Prod., Inc., v. Lee Group Int'l, Inc.*, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020) (staying discovery where "upon a cursory examination [of the motion to dismiss], the Court concludes [defendant's] arguments are not frivolous and merit serious consideration"). By way of example only, Count II alleges antitrust claims against the Commission. FAC ¶¶ 229-232. But the Commission is not a proper defendant under the statutes that Plaintiff cites. *See, e.g., Gonzalez v. U.S.*, 2015 WL 13344910, at *14 (W.D. Tex. Aug. 12, 2015) ("The United States, its agencies and officials, remain outside the reach of the Sherman Act."). Plaintiff's other claims are equally without merit.

## CONCLUSION

For the foregoing reasons, the Motion should be denied and the PSLRA automatic discovery stay should remain in place until the Court rules on the Commission's motion to dismiss.[8]

---

[8] Even if the Court were to permit Plaintiff to seek discovery of the Blue Sheet data, which it should not, recipients of any such discovery request should have the opportunity to object to any specific request propounded pursuant to FRCP 34(b)(2). This motion is not the proper time or place to raise any such objections, and any order granting this motion should be limited to allowing Plaintiff to propound requests for Blue Sheets, not an order requiring their production.

Respectfully Submitted,

Date: April 30, 2025

*/s/* Eric A. Reicher

Melinda Hardy *
D.C. Bar No. 431906
Eric A. Reicher**
D.C. Bar No. 490866
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-7921 (phone) (Reicher)
hardym@sec.gov
reichere@sec.gov

Jason J. Rose
Texas Bar No. 24007946
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-1408 (phone)
(817) 978-4927 (facsimile)
rosej@sec.gov

Counsel for Defendant

 * Pro Hac Vice Forthcoming
** Admitted Pro Hac Vice

8

CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of April, 2025, I filed or caused to be filed the foregoing SEC's Opposition to Plaintiff's Motion to Lift the PSLRA Discovery Stay through the CM/ECF system which will provide service to counsel of record and Plaintiff since he has been granted permission to file electronically by the Court.

                                              */s/ Eric A. Reicher*
                                              Eric A. Reicher
                                              Special Trial Counsel
                                              U.S. Securities and Exchange Commission