IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CAUSE NO. 7:24-CV-00317-DC-RCG |
| § | |
| SECURITIES AND EXCHANGE § | |
| COMMISSION *et al.*, § | |
| § | |
| *Defendants*. § | |

### DEFENDANTS GTS SECURITIES, LLC AND ARI RUBENSTEIN'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT PSLRA DISCOVERY STAY

Defendants GTS Securities, LLC and Ari Rubenstein (together, the "GTS Defendants") hereby submit their opposition to Plaintiff's Motion to Lift PSLRA Discovery Stay. Dkt. No. 32 (the "Motion").[1] As set forth in SEC's and FINRA's opposition briefs, Dkt. Nos. 36–37, Plaintiff has not and cannot show that his requested discovery is necessary to preserve evidence or to prevent undue prejudice.

The GTS Defendants submit this separate response to present certain additional arguments against the Motion. Best understood, the Motion is nothing more than a "heads I win, tails you lose" proposition. In particular, Plaintiff's Complaint seeks a finding that the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, is unconstitutional as applied. *See* Dkt. No. 3 at 58–62. Among other things, Plaintiff seeks an injunction against the PSLRA's discovery stay provision as a violation of the Due Process Clause of the Fifth Amendment. *See id.* at 70–71 ¶ 282(e); *see also id.* at 46 ¶ 224(f). In other words, according to Plaintiff's Amended Complaint, this provision of the PSLRA is void. *See E & B Enters. v. City of Univ. Park*, 449 F. Supp. 695,

---

[1] Citations to the Motion are in the following form: Mot. at __.

697 (N.D. Tex. 1977). Nonetheless, Plaintiff now moves, without qualification, invoking the PSLRA's statutory procedures for attempting to lift a discovery stay. *See* Mot. at 1 (citing 15 U.S.C. § 78u-4(b)(3)(B)). Plaintiff, however, cannot on the one hand assert that the PSLRA's stay provision violates his due process rights while attempting to benefit from the very process it provides. In other words, taken at face value, Plaintiff's positions mean that the only constitutional application of the PSLRA's stay provision is one that affords him relief. This is not the law. *Accord United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011) (noting that as-applied, due process challenges may be waived, including in a criminal context), *overruled on other grounds by N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

The Court should hesitate to consider Plaintiff's Motion before dispositive motions are filed for another reason. As the GTS Defendants intend to argue in their forthcoming dispositive motion, alongside arguments under Rules 12(b)(5) and 12(b)(6), Plaintiff lacks standing to recover against the GTS Defendants for his financial injuries.[2] This is so for at least two reasons. *First*, based on Plaintiff's own allegations, his financial damages are entirely attributable to FINRA's "unilateral" trading halt, Dkt. No. 3 at 4 ¶ 1(e), which rendered him "entirely unable to access [his] vested assets." *See id.* at 2 ¶ 1(b). Such "unilateral" or independent action breaks the chain of causation such that Plaintiff's standing here is implausible. *Second*, while the GTS Defendants respect that Plaintiff's convictions are firmly held, his injuries are "self-inflicted." At bottom, Plaintiff stood to gain more than two-fold on his investment, if he was willing to sell at market prices. *See* Dkt. No. 32-25 at 11–12 of 18 (indicating $75,984.87 value at the time of trading halt).

---

[2] The GTS Defendants acknowledge that Plaintiff may have standing to seek damages for certain non-financial injuries in connection with his emotional distress claims, Dkt. No. 3 at 53–54 ¶¶ 245–46, and will address those claims' failure on other grounds in their forthcoming dispositive motion.

Instead of liquidating his gains, Plaintiff held out for a "price[] reaching and exceeding 100 times the closing price." Dkt. No. 3 at 21 ¶ 94. But, when a plaintiff "let[s] . . . time evaporate" and declines to pursue favorable outcomes available to him, he cannot be heard to complain. *See Cameron Cty. Hous. Auth. v. City of Port Isabel*, 997 F.3d 619, 623 (5th Cir. 2021) (holding that plaintiff lacked standing where its "loss of federal funding was the combined result of third-party actions and self-inflicted harm").

For the foregoing reasons, the GTS Defendants respectfully request the entry of an Order denying the Motion or, in the alternative, deferring consideration thereof until after the Court has had the opportunity to review forthcoming motion practice concerning Plaintiff's standing.

Dated: April 30, 2025

Respectfully submitted,

**MURPHY BALL STRATTON LLP**

 */s/ Land Murphy*
Garland "Land" Murphy (TXBN 24058010)
1001 Fannin Street, Suite 720
Houston, Texas 77002
Telephone: (281) 658-9060
lmurphy@mbssmartlaw.com

**WILLIAMS BARBER & MOREL LTD.**

Christopher Barber (ILBN 6192190)
Stephen Fraser (ILBN 6327928)
233 South Wacker Drive, Suite 6800
Chicago, Illinois 60606
Telephone: (312) 443-3200
cjb@williamsbarbermorel.com
saf@williamsbarbermorel.com

**COUNSEL FOR DEFENDANTS GTS SECURITIES LLC AND ARI RUBENSTEIN**

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

**Contique Willcot**
6940 SW 10th Court
Pembroke Pines, Florida 33023
contiq9@yahoo.com

*Pro Se Plaintiff*

**Eric Aaron Reicher**
U.S. SECURITIES & EXCHANGE COMMISSION
100 F Street, NE
Washington, D.C. 20549
reichere@sec.gov

**Jason J. Rose**
U.S. SECURITIES & EXCHANGE COMMISSION
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
rosej@sec.gov

*Attorneys for Defendant U.S. Securities & Exchange Commission*

**Casidy Rae Newcomer**
**James Wesley Christian**
CHRISTIAN ATTAR
1177 West Loop S, Suite 1700
Houston, Texas 77027
cnewcomer@christianattarlaw.com
jchristian@christianattarlaw.com

*Attorneys for Defendant New Bridge Hydrocarbons, Inc.*

**Jason M. Hopkins**
**Jason S. Lewis**
**Ryan D. Lantry**
DLA PIPER LLP US
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
jason.hopkins@us.dlpiper.com
jason.lewis@us.dlapiper.com
ryan.lantry@us.dlapiper.com

*Attorneys for Defendants John Brda and Gregory McCabe*

**Jill C. Pennington**
SMITH CLARK PENNINGTON PLLC
6 Deseta Drive, Suite 333
Midland, Texas 79705
jcpennington@permian.law

*Attorney for Gregory McCabe*

                                                                       */s/ Land Murphy*
                                                                        Land Murphy