IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE<br><br>COMMISSION, et al.,<br><br>Defendant | Case No.: 7:24-CV-00317-DC-RCG<br><br>PLAINTIFF'S REPLY TO FINANCIAL INDUSTRY REGULATORY AUTHORITY'S OPPOSITION TO MOTION TO LIFT PSLRA DISCOVERY STAY |

I. INTRODUCTION

As a pro se Fire Lieutenant and Origin and Cause Fire Investigator, I respectfully reply to the Financial Industry Regulatory Authority's opposition (Dkt. No. 37) to my Motion to Lift the PSLRA Discovery Stay (15 U.S.C. § 78u-4(b)(3)(B)). My motion seeks Blue Sheets and TRCH/MMTLP data (June 21, 2021–December 12, 2022) to prove market manipulation causing my $30,000+ loss (Exs. V, W: Fidelity, TD Ameritrade statements). FINRA's procedural objections, spoliation dismissal, immunity claims, and burden arguments mischaracterize my motion and evade my extensive evidence (Exs. A, S, AA, U). Their claim that I seek discovery "to uncover

facts necessary to state a sufficient claim" (Dkt. No. 37 at 5) distorts my purpose, which is to substantiate existing allegations of manipulation (Dkt. No. 3 at 14 ¶ 46, 17 ¶ 70). FINRA's dismissal of my memorandum alleging their "contemptuous treatment" (Dkt. No. 37 at 10-11) ignores their reckless U3 halt (Dkt. No. 3 at 2 ¶ 1(b)). My investigative diligence, honed through fire analysis, meets the PSLRA's "exceptional circumstances" standard (*In re Cassava Sciences, Inc.*, 2023 WL 28436 (W.D. Tex. 2023)).

**II.     PROCEDURAL OBJECTIONS ARE INAPPLICABLE**

FINRA asserts I violated Local Rule CV-7(i) by not conferring and Rule 26(d)(1) by filing before a Rule 26(f) conference (Dkt. No. 37 at 3-4). As a pro se litigant, I merit leniency for procedural oversights (*Haines v. Kerner*, 404 U.S. 519 (1972)). PSLRA motions are case-specific, and courts permit pre-conference discovery when urgent (*In re Bank of Am. Corp.*, 2009 WL 4796169 (S.D.N.Y. 2009)). Good cause exists under *Greenthal v. Joyce*, 2016 WL 362312 (S.D. Tex. 2016), as spoliation risks (Ex. U: Vermont order; Ex. AC: 2027 deadline) and prejudice from delayed discovery (Exs. V, W) justify expedited action. My expertise in analyzing complex fire patterns parallels my evidence analysis (Exs. A, S), supporting my diligence. FINRA's claim that the PSLRA stay isn't triggered (Dkt. No. 37 at 7) is moot, as their intent to file a motion to dismiss (Dkt. No. 37 at 2) activates PSLRA consideration. My motion's timing aligns with evidence preservation needs (Dkt. No. 32 at 4).

**III.    PSLRA CRITERIA ARE SATISFIED**

### A. Evidence Preservation

FINRA denies spoliation risks, citing preservation under 17 CFR 240.17a-1 (Dkt. No. 37 at 8). This evades Ex. U, where *Traudt v. Rubinstein*, 2:24-cv-782, granted a preservation order for Blue Sheets (June 21, 2021–December 8, 2022), citing spoliation risks from defendants' data practices. Ex. AC (FINRA TDDS 2.0) specifies Blue Sheet retention may end by January 2027, necessitating expedited discovery to secure trade data critical to proving manipulation (Ex. A at 9: FTD anomalies, 13M share spike on December 8, 2022; Ex. S: GTS's role as sole order destination). FINRA's general duty doesn't address this specific risk, as Blue Sheets are uniquely detailed (Ex. AC). *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 913 (9th Cir. 1999), supports lifting the stay when evidence faces destruction. As Blue Sheet custodian, FINRA's inaction risks loss, justifying my focused request.

### B. Undue Prejudice

The stay causes undue prejudice by blocking Blue Sheets needed to substantiate manipulation, not to plead claims, risking dismissal (*In re Bank of Am. Corp.*, 2009 WL 4796169). FINRA mischaracterizes my motion as seeking facts to "state a sufficient claim" (Dkt. No. 37 at 5). My numerous exhibits (Exs. A, S, AA, U, V, W, among others) provide specific evidence of manipulation, demonstrating this is no "fishing expedition." Blue Sheets are absolutely necessary to substantiate my motion's allegations (Dkt. No. 3 at 14 ¶ 46, 17 ¶ 70), linking defendants' trade patterns to my losses (Exs. V, W), not to craft a new claim (*In re Bank of Am. Corp.*).

Ex. AA (SEC lawsuit, filed 2023, targeting TRCH executives) confirms fraud from

2019, exacerbated by FINRA's opaque U3 halt (Ex. I: FOIA emails showing inaction; Dkt. No. 3 at 2 ¶ 1(b)). Ex. S (TD Ameritrade email) and Ex. A (FTD spikes, October–December 2022) evidence trade patterns Blue Sheets will clarify. FINRA's *Cassava* reliance (Dkt. No. 37 at 9) is misplaced, as my request is particularized (*In re Vivendi Universal*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)). Their claim that Blue Sheets are irrelevant to their legal defenses (Dkt. No. 37 at 10) ignores their halt's role in enabling fraud (Ex. AA).

### IV. SRO IMMUNITY DOES NOT BAR DISCOVERY

FINRA's immunity claim (Dkt. No. 37 at 5, 10) fails, as reckless conduct voids protection (*Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)). FINRA misrepresents *Credit Suisse* as irrelevant (Dkt. No. 37 at 11); it supports misconduct exceptions. The U3 halt's opacity and FINRA's inaction (Ex. I, Ex. AA) suggest recklessness (*Alpine Sec. Corp. v. FINRA*, Ex. N). Discovery precedes immunity resolution (*Nieto v. San Perlita Ind. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990)). *DL Cap. Grp., LLC v. NASD*, 409 F.3d 93, 98 (2d Cir. 2005), is distinguishable, as your misconduct claims warrant scrutiny.

### V. FINRA'S CONTEMPT ARGUMENT IS BASELESS

FINRA dismisses my memorandum alleging their "contemptuous treatment" (Dkt. No. 32 at 11-12) as baseless (Dkt. No. 37 at 10-11). Ex. I shows inaction amid fraud, and Ex. AA confirms fraud enabled by FINRA's failures, countering their *Rolo v. SEC* tactics (Ex. Q).

## VI. BLUE SHEET BURDEN IS MINIMAL

FINRA exaggerates Blue Sheet production burden (Dkt. No. 38-1, Draddy Affidavit, ¶¶ 8-22), claiming proprietary and privacy issues. Blue Sheets are standard in regulatory probes (Ex. AC: TDDS specifications), routinely produced with redactions (Ex. AC). My 2021-2022 scope is focused, targeting specific trades (Ex. S: GTS routing; Ex. A: FTDs), minimizing effort (*In re Vivendi Universal*). Privacy concerns don't outweigh my need to prove losses (Exs. V, W).

## VII. DISCOVERY SCOPE IS FOCUSED

Fraud dates to 2019 (Ex. AA), but my 2021-2022 request targets key events (TRCH-MMAT merger, MMTLP listing, U3 halt), ensuring specificity (*In re Vivendi Universal*).

## VIII. CONCLUSION

FINRA's mischaracterizations and evasion of my evidence (Exs. A, S, AA, U) fail. As a pro se investigator, my diligence merits leniency (*Haines*). I request the Court grant my motion.

### PRAYER FOR RELIEF

1. Grant the Motion to Lift the PSLRA Stay.
2. Order expedited Blue Sheet discovery within 30 days.
3. Other just relief.

Respectfully,

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct, Pembroke Pines, FL 33023

contiq9@yahoo.com

**CERTIFICATE OF SERVICE**

On May 7, 2025, I served this reply via CM/ECF on counsel for all Defendants: SEC (reichere@sec.gov, rosej@sec.gov), FINRA (david.kent@faegredrinker.com), GTS Securities LLC (lmurphy@mbssmartlaw.com, cjb@williamsbarbermorel.com), Ari Rubenstein (545 Madison Ave, NY), Next Bridge Hydrocarbons (cnewcomer@christianattarlaw.com, jchristian@christianattarlaw.com), John Brda, and Gregory McCabe (jason.hopkins@us.dlpiper.com, jepennington@permian.law).

/s/ Contique Willcot