CASE NO.: 7:24-CV-00317-DC-RCG   MIDLAND-ODESSA DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>        Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL,<br><br>        Defendant | Case No.: 7:24-cv-00317-DC-RCG<br><br>**PLAINTIFF'S REPLY TO GTS SECURITIES LLC AND ARI RUBENSTEIN'S OPPOSITION TO MOTION TO LIFT PSLRA DISCOVERY STAY** |

## I. INTRODUCTION

As a pro se Fire Lieutenant and Origin and Cause Fire Investigator, I respectfully reply to GTS Securities LLC and Ari Rubenstein's opposition (Dkt. No. 40) to my Motion to Lift the PSLRA Discovery Stay (15 U.S.C. § 78u-4(b)(3)(B)). GTS's counsel artfully mischaracterizes my position, falsely claiming my damages are "entirely attributable" to FINRA's U3 halt (Dkt. No. 3 at 4 ¶ 1(e)), to mislead the Court. Their irrelevant Corporate Disclosure Statement (Dkt. No. 35), addressing ownership never raised, further evades my allegations of market manipulation (Exs. A, S, B, AA). My motion seeks Blue Sheets and TRCH/MMTLP data (June 21, 2021–December 12, 2022) to prove GTS's naked short selling and synthetic share creation, which caused my $30,000+ loss (Exs. V, W). GTS's arguments fail to rebut PSLRA criteria or my evidence.

PLAINTIFF'S REPLY TO GTS SECURITIES LLC AND ARI RUBENSTEIN'S OPPOSITION TO MOTION TO LIFT PSLRA DISCOVERY STAY - 1

CASE NO.: 7:24-CV-00317-DC-RCG   MIDLAND-ODESSA DIVISION

II. **GTS MISCHARACTERIZES PLAINTIFF'S CLAIMS**

GTS alleges my damages stem solely from FINRA's halt and are "self-inflicted" for not selling shares at a $75,984.87 profit (Dkt. No. 40 at 2-3; Dkt. No. 32-25). My complaint asserts GTS's naked short selling and synthetic share creation (Dkt. No. 3 at 14 ¶ 46, 17 ¶ 70; Ex. S: GTS as sole order destination; Ex. A at 9: 13M share spike, FTD anomalies) suppressed MMTLP prices, causing losses (Exs. V, W) before the halt, which exacerbated harm. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), the Supreme Court held that standing requires an injury fairly traceable to the defendant's conduct, redressable by relief. GTS's manipulation (Ex. B: spoofing; Ex. AA: SEC lawsuit confirming TRCH fraud) directly injured me, satisfying causation. My strategy to hold shares anticipated a short squeeze (Dkt. No. 3 at 21 ¶ 94), supported by Level 2 data showing orders at 100x the closing price (Ex. A). GTS's reliance on *Cameron Cty. Hous. Auth. v. City of Port Isabel*, 997 F.3d 619, 623 (5th Cir. 2021), is misplaced. In *Cameron Cty.*, the Fifth Circuit denied standing because the plaintiff's loss of federal funding resulted from its failure to meet third-party conditions, a context unrelated to GTS's securities fraud. Here, GTS's actions caused my harm, not my trading decisions.

III. **PSLRA CRITERIA ARE SATISFIED**

The PSLRA stay causes undue prejudice, preventing access to Blue Sheets critical to prove GTS's trade orders (Ex. S), risking dismissal (*In re Bank of Am. Corp.*,

CASE NO.: 7:24-CV-00317-DC-RCG   MIDLAND-ODESSA DIVISION

2009 WL 4796169 (S.D.N.Y. 2009)). Ex. AA confirms systemic fraud GTS enabled. Evidence preservation is urgent, as Ex. U (Vermont preservation order) and Ex. AC (2027 TDDS log destruction risk) demonstrate (*SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909 (9th Cir. 1999)). Evidence of fraud in TRCH, linked to MMTLP, dates to 2019 (Ex. AA), yet I conservatively request data from 2021, ensuring a focused scope.

### IV. CONSTITUTIONAL CHALLENGE IS VALID

GTS misrepresents my as-applied PSLRA challenge (Dkt. No. 3 at 59-61) as barring statutory relief. I contest its barriers to retail investors, not its procedures, consistent with *Heckler v. Mathews*, 465 U.S. 728, 740 (1984). GTS's citation of *United States v. Portillo-Munoz*, 643 F.3d 437 (5th Cir. 2011), a criminal case, is inapposite to civil discovery.

### V. CONCLUSION

GTS's calculated mischaracterization ignores my evidence (Exs. A, S, B, AA). As a pro se investigator, my diligence in identifying GTS's manipulation (Exs. A, S) merits leniency (*Haines v. Kerner*, 404 U.S. 519 (1972)). I respectfully request the Court grant my motion to ensure justice.

**PRAYER FOR RELIEF**

1. Grant the Motion to Lift the PSLRA Stay.

PLAINTIFF'S REPLY TO GTS SECURITIES LLC AND ARI RUBENSTEIN'S OPPOSITION TO MOTION TO LIFT PSLRA DISCOVERY STAY - 3

2. Order expedited Blue Sheet discovery within 30 days.

3. Other just relief.

Respectfully,

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct, Pembroke Pines, FL 33023

contiq9@yahoo.com

**CERTIFICATE OF SERVICE**

On May 7, 2025, I served this reply via CM/ECF on counsel for all Defendants: SEC (reichere@sec.gov, rosej@sec.gov), FINRA (1735 K St NW, Washington, DC), GTS Securities LLC (lmurphy@mbssmartlaw.com, cjb@williamsbarbermorel.com), Ari Rubenstein (545 Madison Ave, NY), Next Bridge Hydrocarbons (cnewcomer@christianattarlaw.com, jchristian@christianattarlaw.com), John Brda, and Gregory McCabe (jason.hopkins@us.dlpiper.com, jepennington@permian.law).

/s/ Contique Willcot

PLAINTIFF'S REPLY TO GTS SECURITIES LLC AND ARI RUBENSTEIN'S OPPOSITION TO MOTION TO LIFT PSLRA DISCOVERY STAY - 4