Case No.: 7:24-cv-00317-DC-RCG   MIDLAND-ODESSA DIVISION

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>    Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL,<br><br>    Defendant | Case No.: **7:24-cv-00317-DC-RCG**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT NEXT BRIDGE HYDROCARBONS, INC.'S MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL (ECF NO. 44)** |

## INTRODUCTION

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this response to Defendant Next Bridge Hydrocarbons, Inc.'s (NBH) Motion to Withdraw and Substitute Counsel (ECF No. 44), filed May 2, 2025. Plaintiff does not oppose the withdrawal of ChristianAttar as NBH's counsel or the substitution of Judson Paul Manning, provided the Court ensures no delay or prejudice to Plaintiff's case. However, Plaintiff requests: (1) discovery into the conflict of interest prompting ChristianAttar's withdrawal, including all communications between ChristianAttar's attorneys and NBH, John Brda, and Gregory McCabe, (2) production of Exhibit D referenced in ECF No. 44-1, and (3) a status conference to address concerns raised by ChristianAttar's conduct, particularly James W. Christian's baseless and defamatory allegations against Plaintiff, as detailed in related filings. Plaintiff, a Fire Lieutenant and Origin and Cause Fire Investigator

1

for Miami-Dade Fire Rescue, leverages his investigative expertise to present evidence supporting these requests. Plaintiff swears under oath that Scott Traudt signed an affidavit confirming the authenticity of the Jeffrey Davies 2019 email (Exhibit A). Plaintiff emphasizes that Christian's accusations naming Plaintiff and his case (Case 24-50792-hlb, Doc 1878, ¶ 5) as part of a "coordinated effort" to obstruct the Meta Materials bankruptcy are entirely baseless, as Plaintiff has never mentioned the bankruptcy or Christian in his filings, and is considering a defamation lawsuit against Christian for these harmful falsehoods, which appear designed to divert attention from his own wrongdoings and the persistent fraud at NBH, for which he has served as counsel.

I. **BACKGROUND**

On May 2, 2025, NBH moved for ChristianAttar to withdraw as counsel due to a potential conflict of interest arising from their role as special counsel for the bankruptcy trustee in In re Meta Materials Inc., Case No. 24-50792-hlb, filed August 9, 2024 (ECF No. 44, ¶ 4–5). James W. Christian's declaration (ECF No. 44-1; Case 24-50792-hlb, Doc 1878, p. 2) falsely alleges Plaintiff's lawsuit (Case No. 7:24-cv-00317-DC-RCG) is part of a "coordinated effort" to obstruct the bankruptcy estate, specifically naming Plaintiff alongside other pro se plaintiffs (ECF No. 44-1, ¶ 7; Case 24-50792-hlb, Doc 1878, ¶ 5). Plaintiff's amended complaint (ECF No. 44-1, pp. 268–300) alleges NBH, its leadership (e.g., Gregory McCabe, John Brda), and other defendants engaged in fraud, market manipulation, and negligence related to

2

MMTLP shares, violating the Securities Exchange Act, Sherman and Clayton Antitrust Acts, and fiduciary duties. Plaintiff's Motion to Lift PSLRA Discovery Stay (Case No. MO:24-CV-317, filed April 23, 2025) further details these claims, supported by evidence of manipulative trading and regulatory failures that obliterated Plaintiff's $30,000+ investment (Exs. A, S, V-W, AA). Plaintiff's evidence, including a 2019 email from Jeffrey Davies, confirmed authentic by Scott Traudt's affidavit (Traudt Affidavit, May 6, 2025), a 2021 TD Ameritrade email, and the SEC's complaint against John Brda and others (SEC v. Brda et al.), demonstrates NBH's misconduct predating the bankruptcy. Related filings, such as Matthew J. Pease's Motion to Strike (Case 24-50792-hlb, Doc 1900) and his response to ChristianAttar's withdrawal (Case 7:24-cv-00322-DC-RCG, Doc 32), highlight concerns about ChristianAttar's conduct, including defamatory statements and procedural delays. Notably, Pease's filing asserts that ChristianAttar disclosed its limited scope to NBH and Gregory McCabe early on due to potential conflicts (Doc 32, ¶ 5) but knowingly proceeded to appear in this case, filed pro hac vice motions, and participated in litigation without disclosing the conflict to the Court or opposing parties until Plaintiff exposed it (Doc 32, ¶ 6), suggesting strategic withholding for improper purposes. Plaintiff seeks all communications between ChristianAttar's attorneys (e.g., James W. Christian, Casidy R. Newcomer) and NBH, John Brda, and Gregory McCabe to investigate the conflict and NBH's involvement.

**II.     A. Plaintiff Does Not Oppose Withdrawal but Requests Safeguards**

Plaintiff does not oppose ChristianAttar's withdrawal or Manning's substitution, as NBH consents and the change purportedly will not delay proceedings (ECF No. 44, ¶ 5). However, as a pro se plaintiff managing a complex case against multiple defendants, Plaintiff requests a status conference to ensure Manning's substitution does not disrupt the case schedule or prejudice Plaintiff's preparation, especially given the PSLRA stay (15 U.S.C. § 78u-4). This request is supported by Pease's filing (Case 7:24-cv-00322-DC-RCG, Doc 32, ¶ 12), which notes confusion and wasted resources due to ChristianAttar's delayed withdrawal filing on May 2, 2025, despite a commitment to file by May 1 (Case 7:24-cv-00322-DC-RCG, Doc 32, ¶ 2). Plaintiff's Motion to Lift PSLRA Discovery Stay underscores the urgency of maintaining case momentum to access critical Blue Sheets and TRCH/MMTLP data, which are at risk of destruction (Case No. MO:24-CV-317, p. 4, Ex. U).

**B. ChristianAttar's Conflict of Interest and Communications Warrant Discovery**

ChristianAttar's withdrawal stems from their role as special counsel in the Meta Materials bankruptcy, suggesting NBH's ties to Meta Materials are relevant to Plaintiff's claims of fraud and misrepresentation (ECF No. 44, ¶ 4; ECF No. 44-1, ¶ 3–9; Case 24-50792-hlb, Doc 1878, ¶ 3). Plaintiff's complaint alleges NBH leadership misrepresented Orogrande Basin asset values and failed to address MMTLP share discrepancies (ECF No. 44-1, ¶ 227, 250). Plaintiff's Motion to Lift PSLRA Discovery Stay details manipulative trading by NBH's predecessors, confirmed by the SEC's lawsuit against TRCH executives (Case No. MO:24-CV-317, p. 2, Ex. AA),

4

and FINRA's failure to address over 10,000 daily fails-to-deliver (FTDs) in MMTLP trading (Case No. MO:24-CV-317, p. 3, Ex. A). Critically, Matthew J. Pease's filing reveals that ChristianAttar disclosed its limited scope to NBH and Gregory McCabe early on due to potential conflicts (Case 7:24-cv-00322-DC-RCG, Doc 32, ¶ 5) but knowingly proceeded to appear in this case, filed pro hac vice motions, and participated in litigation without disclosing the conflict to the Court or opposing parties until Plaintiff exposed it (Doc 32, ¶ 6). This suggests ChristianAttar was aware of the conflict from the outset but withheld disclosure for strategic purposes, potentially to prejudice pro se plaintiffs like Plaintiff. This conduct violates Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct and warrants discovery to uncover the full extent of ChristianAttar's motives and NBH's involvement. Plaintiff requests discovery, including:

1. Documents detailing NBH's relationship with Meta Materials (e.g., contracts, shared assets, or correspondence from 2019–2024).
2. All communications between ChristianAttar's attorneys (James W. Christian, Casidy R. Newcomer) and NBH, John Brda, and Gregory McCabe regarding the conflict, withdrawal, or this litigation, to assess the scope, timing, and strategic motives of the conflict's nondisclosure.
3. Blue Sheets or trading data for MMTLP shares from June 21, 2021, to December 12, 2022, to trace synthetic share creation, as alleged in Plaintiff's complaint (ECF

No. 44-1, ¶ 224–225) and Motion to Lift PSLRA Discovery Stay (Case No. MO:24-CV-317, p. 5).

This discovery is critical to overcome PSLRA pleading barriers and preserve evidence, as supported by Alpine Securities Corp. v. FINRA, No. 1:23-cv-01506 (D.C. Cir. Nov. 22, 2024), which criticized FINRA's unchecked actions (ECF No. 44-1, ¶ 270–274; Case No. MO:24-CV-317, p. 4, Ex. N). The risk of evidence destruction, highlighted by a Vermont court's preservation order (Case No. MO:24-CV-317, p. 4, Ex. U), and the documented $30,000+ loss from manipulative trading (Case No. MO:24-CV-317, pp. 1–2, Exs. V-W) bolster the need for immediate discovery. The requested communications are particularly relevant given ChristianAttar's engagement by NBH in February 2025 to address "nefarious actors" and misinformation, as announced by Chairman and CEO Gregory McCabe, indicating close coordination between ChristianAttar and NBH leadership (Next Bridge Hydrocarbons Announces Engaging Christian Attar Law Firm, PR Newswire, Feb. 18, 2025).

**C. Christian's "Coordinated Effort" Claim is Baseless and Defamatory**

Christian's allegation that Plaintiff's lawsuit is part of a "coordinated effort" to harm Meta Materials, explicitly naming Plaintiff's case (Case No. 7:24-cv-00317-DC-RCG) alongside others, is entirely baseless and defamatory (ECF No. 44-1, ¶ 7; Case 24-50792-hlb, Doc 1878, ¶ 5, 7). Plaintiff has never mentioned the Meta Materials

bankruptcy or Christian in any filings, focusing solely on NBH's misconduct related to MMTLP shares (ECF No. 44-1, pp. 268–300; Case No. MO:24-CV-317, pp. 1–12). These false accusations, made in a public filing, appear to be a deliberate attempt by Christian to divert attention from his own wrongdoings, including his failure to disclose the conflict of interest (Case 7:24-cv-00322-DC-RCG, Doc 32, ¶ 5–6), and the persistent fraud at NBH, for which he has served as counsel since at least February 2025 (PR Newswire, Feb. 18, 2025). This diversionary tactic has caused reputational harm, and Plaintiff is actively considering a defamation lawsuit against Christian for this reckless misconduct. Pease's Motion to Strike (Case 24-50792-hlb, Doc 1900, ¶ 2–3) similarly challenges Christian's defamatory accusations against him as a non-party, noting their lack of factual basis and harm to his reputation, reinforcing a pattern of unethical conduct (Case 24-50792-hlb, Doc 1900, ¶ 7; Christian v. Traudt, Case No. DC-24-02379, District Court of Dallas County, Texas). Plaintiff requests production of Christian's letter to the trustee (Exhibit D, ECF No. 44-1, ¶ 8; Case 24-50792-hlb, Doc 1878, ¶ 8) to evaluate its basis and counter prejudice to Plaintiff's credibility, especially given FINRA's similar dismissal of Plaintiff's claims as "speculative" and tied to a "social media community" in Rolo v. SEC (Case No. MO:24-CV-317, p. 11, Ex. Q).

**D. NBH's Misconduct Predates the Bankruptcy**

Plaintiff's evidence, obtained through his investigative expertise, establishes NBH's misconduct well before the Meta Materials bankruptcy:

7

1. Jeffrey Davies' 2019 Email: An email from Jeffrey Davies to a third party, dated 2019, with authenticity confirmed by Scott Traudt's affidavit (Traudt Affidavit, May 6, 2025), details fraudulent practices by Torchlight Energy (NBH's predecessor), including misleading statements about asset values by Gregory McCabe (Exhibit A). This shows NBH's leadership engaged in fraud predating the 2021 Meta Materials merger (ECF No. 44-1, ¶ 227, 250; Case No. MO:24-CV-317, p. 11, Ex. AA).

2. TD Ameritrade Email (October 2021): An email from TD Ameritrade to a third party confirms irregularities in MMTLP trading, suggesting synthetic share issues (Exhibit B). This predates the December 2022 U3 halt and supports Plaintiff's claim of NBH's negligence (ECF No. 44-1, ¶ 227; Case No. MO:24-CV-317, p. 2, Ex. S).

3. SEC v. Brda et al.: The SEC's complaint against John Brda and others, filed in connection with Meta Materials and NBH's predecessor entities, alleges violations of securities laws, including misrepresentations and manipulative trading practices that caused a 200%+ stock price surge in June 2021 (Exhibit C; Case No. MO:24-CV-317, p. 2, Ex. AA). This supports Plaintiff's claim of NBH's fraud and negligence (ECF No. 44-1, ¶ 227, 250). This evidence, combined with NBH's consent to ChristianAttar's withdrawal, suggests NBH may be distancing itself from scrutiny of its pre-bankruptcy actions.

Case No.: 7:24-cv-00317-DC-RCG   **MIDLAND-ODESSA DIVISION**

Plaintiff's Motion to Lift PSLRA Discovery Stay provides further evidence of NBH's role in the fraudulent MMTLP listing and halt, with FINRA's Threshold List showing over 10,000 FTDs and a 13 million share volume spike on December 8, 2022 (Case No. MO:24-CV-317, p. 3, Ex. A). Pease's filing (Case 7:24-cv-00322-DC-RCG, Doc 32, ¶ 10) raises concerns about ChristianAttar's financial interest in a potential $11 million recovery in the bankruptcy case, suggesting self-interested motives for the withdrawal, which communications with NBH, Brda, and McCabe may clarify.

### III. CONCLUSION

Plaintiff respectfully requests the Court: (1) grant NBH's motion to withdraw and substitute counsel, (2) order discovery into NBH's ties to Meta Materials, MMTLP trading data from June 21, 2021, to December 12, 2022, and all communications between ChristianAttar's attorneys and NBH, John Brda, and Gregory McCabe, (3) produce Exhibit D from ECF No. 44-1 and Case 24-50792-hlb, Doc 1878, and (4) schedule a status conference to prevent delays and address ChristianAttar's defamatory conduct and strategic withholding of conflict disclosure. Plaintiff's evidence, supported by related filings from Pease, Traudt's affidavit confirming the authenticity of Exhibit A, and the Motion to Lift PSLRA Discovery Stay, demonstrates NBH's longstanding misconduct, justifying these measures to ensure justice for over 65,000 MMTLP investors harmed by Defendants' actions.

Case No.: 7:24-cv-00317-DC-RCG   **MIDLAND-ODESSA DIVISION**

Dated: May 16, 2025

Respectfully submitted,

/s/ Contique Willcot, pro se

6940 SW 10th Ct

Pembroke Pines, FL 33023

Email: contiq9@yahoo.com

Phone: (954) 274-5173

CERTIFICATE OF SERVICE I certify that on May 16, 2025, I electronically filed this response with the Clerk of the Court using the CM/ECF system, which will notify all counsel of record. A copy was also emailed to James W. Christian (jchristian@christianattar.com), Casidy Newcomer (cnewcomer@christianattarlaw.com), and Judson Paul Manning (jpmanning@lubbocklawfirm.com). /s/ Contique Willcot Contique Willcot