Case No.: **7:24-cv-00317-DC-RCG**   MIDLAND-ODESSA DIVISION

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL.,<br><br>　　　　Defendant | Case No.: **7:24-cv-00317-DC-RCG**<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

**TO THE HONORABLE JUDGE DAVID COUNTS AND MAGISTRATE**

**JUDGE RONALD C. GRIFFIN:**

**INTRODUCTION:**

Plaintiff Contique Willcot, proceeding pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule CV-7, for leave to file a Second Amended Complaint (SAC) to cure deficiencies identified in the Motions to Dismiss filed by Defendants Next Bridge Hydrocarbons, Inc. (NBH) (ECF No. 49), Financial Industry Regulatory Authority (FINRA) (ECF No. 51), GTS Securities LLC and Ari Rubenstein (GTS Defendants) (ECF No. 50), and the Securities and Exchange Commission (SEC) (ECF No. 53), and to incorporate evidence and arguments from Plaintiff's replies to Defendants' oppositions to the Motion to Lift PSLRA Discovery Stay (ECF Nos. 36, 37, 40, 41, 42, 43). All exhibits referenced herein (Exs.. A, B, S, AA, U, V, W, AC, AD) are provided in Plaintiff's Motion to

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

Lift PSLRA Discovery Stay (ECF No. 32). Plaintiff requests a deadline of 30 days following the Court's ruling on ECF No. 32 to file the SAC, consistent with judicial efficiency and fairness. In support, Plaintiff states:

I.  **Procedural Background**

Plaintiff filed the First Amended Complaint (FAC) (ECF No. 3) on December 30, 2024, alleging violations of the Securities Exchange Act of 1934, Sherman and Clayton Acts, negligence, unjust enrichment, conspiracy to commit fraud, and emotional distress, stemming from the U3 trading halt of Meta Materials Preferred Shares (MMTLP) on December 9, 2022.

- On April 24, 2025, Plaintiff filed the operative Motion to Lift PSLRA Discovery Stay (ECF No. 32), supported by comprehensive evidence of spoliation risks and market manipulation.

- On April 30, 2025, Defendants SEC (ECF No. 36), FINRA (ECF No. 37), and GTS Defendants (ECF No. 40) filed oppositions to Plaintiff's PSLRA stay motion, asserting sovereign immunity, regulatory immunity, no spoliation risk, and lack of exceptional circumstances under 15 U.S.C. § 78u-4(b)(3)(B).

- On May 2, 2025, Plaintiff filed replies (ECF Nos. 41, 42, 43), reinforcing the

authoritative evidence of spoliation risks (Exs.. U, AC), undue prejudice from the stay, and market manipulation (Exs.. A, S, AA, V, W).

- On May 8, 2025, NBH (ECF No. 49) and GTS Defendants (ECF No. 50) filed Motions to Dismiss under FRCP 12(b)(1), 12(b)(5), and 12(b)(6), challenging standing, service of process, and pleading specificity under FRCP 9(b) and the Private Securities Litigation Reform Act (PSLRA).

- On May 9, 2025, FINRA filed a Motion to Dismiss (ECF No. 51) under FRCP 12(b)(2) and 12(b)(6), asserting lack of personal jurisdiction, regulatory immunity, and failure to state claims.

- On May 13, 2025, the SEC filed a Motion to Dismiss (ECF No. 53) under FRCP 12(b)(1) and 12(b)(6), arguing lack of Article III standing, sovereign immunity, and improper venue.

- The PSLRA imposes an automatic discovery stay pending resolution of the Motions to Dismiss (15 U.S.C. § 78u-4(b)(3)(B)).

II.   **Legal Standard for Leave to Amend**

Under FRCP 15(a)(2), the Court should "freely give leave [to amend] when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave is granted absent undue

delay, bad faith, prejudice to defendants, or futility. Id. Pro se plaintiffs are afforded liberal construction of pleadings and leniency to cure deficiencies through amendment. Haines v. Kerner, 404 U.S. 519, 520 (1972); McGrew v. McQueen, 415 F. Supp. 3d 646, 652 (W.D. Tex. 2019) (Counts, J.) (granting leave to amend for pro se plaintiff). Local Rule CV-7(i) encourages motions that promote judicial efficiency, aligning with this Court's preference for merits-based resolutions. See Perez v. Transp. Serv. Co., No. 7:19-cv-00143, 2020 WL 4557683, at 2 (W.D. Tex. Aug. 6, 2020) (Counts, J.).

### III.   Grounds for Leave to Amend

Plaintiff seeks to file a SAC to address all deficiencies raised in the Motions to Dismiss (ECF Nos. 49, 50, 51, 53) and incorporate authoritative evidence from replies to the PSLRA stay oppositions (ECF Nos. 41, 42, 43). The SAC will comply with FRCP 8(a)(2), 9(b), PSLRA, and Local Rule CV-10, ensuring clarity and brevity. The proposed amendments are:

**A. Service of Process (GTS Defendants)**

-Response to ECF No. 50, Pages 4-5: Plaintiff will correct any service deficiencies to comply with FRCP 4 and Texas/New York law. For GTS Securities LLC, Plaintiff served the registered agent on March 28, 2025 (ECF No. 23). For Ari Rubenstein, Plaintiff attempted service at his business address (545

Madison Ave, New York, NY) on April 1, 3, and 5, 2025, and, after due diligence under N.Y. CPLR § 308, served Mari Vidal at Rubenstein's residence (112 Palm Ave, Miami Beach, FL 33139) on April 14, 2025 (ECF No. 26). The SAC will document these efforts and ensure compliance.

**B. Article III and Statutory Standing**

-Article III Standing (All Defendants): Addressing SEC (ECF No. 53, Pages 14-19) and NBH (ECF No. 49, Pages 7-8), Plaintiff will allege: (1) concrete injury—loss of over $30,000 in MMTLP share value and market access due to the December 9-13, 2022, U3 halt (Exs.. V, W); (2) causation—FINRA's halt, NBH's misstatements, GTS's manipulation, and SEC's failure to oversee; and (3) redressability—through damages or equitable relief (e.g., market reforms). These allegations satisfy Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), and Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016). The nondelegation claim will allege particularized injury from FINRA's unaccountable structure, redressable by structural reform, per NHBPA v. Black, 53 F.4th 869, 877 (5th Cir. 2022).

-Statutory Standing (NBH, GTS): Responding to NBH's "mere holder" argument (ECF No. 49, Pages 7-8) and GTS's causation challenge (ECF No. 50, Pages 5-6), Plaintiff will clarify purchases or sales of MMTLP shares in reliance on NBH's misrepresentations (e.g., post-2021 asset valuations) or GTS's manipulation (e.g., naked short selling, Ex. A: 13M share spike; Ex. S: GTS routing). Pre-halt losses

will be tied to Defendants' actions, satisfying Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 730-31 (1975), and Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 342 (2005).

**C. Personal Jurisdiction (FINRA)**

-Response to ECF No. 51, Pages 9-14: Plaintiff will allege FINRA's purposeful availment of Texas by regulating Texas-based broker-dealers (e.g., Charles Schwab, Fidelity) executing MMTLP trades, causing economic harm to Texas residents, including Plaintiff, in Midland. FINRA's 2022 disciplinary actions against Texas brokers (e.g., Schwab) establish specific jurisdiction under Choice Healthcare v. Kaiser Found. Health Plan, 615 F.3d 364, 369 (5th Cir. 2010), and Burger King v. Rudzewicz, 471 U.S. 462, 476 (1985). Jurisdiction comports with fair play, as FINRA should expect suit in Texas where its halt harmed investors (Moncrief Oil Int'l, Inc. v. OAO Gazprom, 332 F. Supp. 3d 294, 302 (W.D. Tex. 2018)).

**D. Immunity Defenses**

-FINRA (Regulatory Immunity, ECF No. 51, Pages 9-14): Plaintiff will argue that FINRA's immunity, per Austin Mun. Secs. v. NASD, 757 F.2d 676 (5th Cir. 1985), is limited to regulatory functions and does not apply to the MMTLP halt, an ad hoc intervention lacking transparency or rulemaking, per D'Alessio v. NYSE, 258 F.3d 93, 106 (2d Cir. 2001). The SAC will allege FINRA's December

8, 2022, notice revision misstated the MMTLP corporate action, enabling short sellers, and its coordination with brokers benefited short sellers (Ex. S). Immunity is fact-dependent, and dismissal before discovery is improper (Weissman v. NASD, 500 F.3d 1293, 1299 (11th Cir. 2007)).

-SEC (Sovereign Immunity, ECF No. 53, Pages 20-26): Plaintiff will reframe claims to focus on non-discretionary SEC actions, such as failing to enforce mandatory oversight of FINRA's halt under 15 U.S.C. § 78s, waivable under APA, 5 U.S.C. § 702 (Axon Enter., Inc. v. FTC, 598 U.S. 175, 191 (2023)). The SAC will allege negligent failure to act on known TRCH/MMTLP fraud (Exs.. AA, AD), avoiding FTCA discretionary function exceptions (Molchatsky v. U.S., 713 F.3d 159, 162 (2d Cir. 2013)).

### E. FRCP 9(b) and PSLRA Specificity

-NBH (ECF No. 49, Pages 9-13): The SAC will provide non-group-pleaded allegations of material misrepresentations (e.g., NBH's post-2021 Orogrande Basin asset valuations), scienter (knowing overstatements), and loss causation (pre-halt price suppression), supported by Ex. AA (SEC lawsuit). Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007).

-GTS Defendants (ECF No. 50, Pages 8-9): Plaintiff will allege specific naked short selling acts (e.g., dates, volumes from Exs.. A, S) depressing MMTLP prices

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 7

pre-halt, with reliance and causation, countering GTS's claim that damages stem solely from FINRA's halt (Ex. AA).

-FINRA (ECF No. 51, Pages 15-24): The SAC will clarify reckless conduct in the U3 halt's opacity (Ex. I), alleging the December 8, 2022, notice revision facilitated short selling (Ex. S), voiding immunity (Credit Suisse Sec. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012)).

### F. Nondelegation and Constitutional Claims

-Response to ECF No. 53, Pages 32-37: The SAC will refine the nondelegation claim to challenge FINRA's halt execution as an unaccountable exercise of power without sufficient SEC oversight, per NHBPA v. Black, 53 F.4th 869 (5th Cir. 2022), and Consumers' Research v. CPSC, 91 F.4th 342, 351 (5th Cir. 2024). It will focus on procedural deficiencies, aligning with Axon, 598 U.S. at 191.

-PSLRA Constitutionality (ECF No. 53, Pages 30-32): Plaintiff will drop claims alleging PSLRA violations of the First, Fifth, or Fourteenth Amendments to avoid futility, focusing on securities and antitrust claims with stronger grounding.

### G. Other Claims

-Dismissal of Non-Actionable Claims: Plaintiff will dismiss claims lacking a private right of action (e.g., Section 9(a), Rule 13b2-2, FINRA Rules, 18 U.S.C.

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 8

§§ 371, 1349) and emotional distress claims, unless Blue Sheet discovery reveals extreme conduct (Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009)).

-Antitrust Claims (ECF No. 49, Pages 17-18; ECF No. 50, Pages 12-15): The SAC will define a broader OTC securities market and allege specific conspiracies (e.g., GTS's naked short selling, Ex. S; NBH's coordination, Ex. AA), or dismiss if unsupported (*MM Steel, L.P. v. JSW Steel (USA) Inc., 806 F.3d 835, 843 (5th Cir. 2015)).

-State Law Claims (ECF No. 50, Pages 17-19): Fraud and unjust enrichment claims will be supported with particularized facts (e.g., GTS's trade patterns, Ex. S) or dismissed if duplicative.

-Venue (ECF No. 53, Pages 26-27): The SAC will clarify venue under 28 U.S.C. § 1391(b)(2), as economic harm to Midland investors occurred in this district.

### IV. Benefits of Allowing 30 Days to File the SAC Post-PSLRA Ruling

Granting Plaintiff a 30-day period to file the SAC following the Court's ruling on the Motion to Lift PSLRA Discovery Stay (ECF No. 32) offers substantial strategic and procedural advantages, aligning with FRCP 15(a)(2), Local Rule CV-7, and this Court's commitment to judicial efficiency and fairness (Perez v. Transp. Serv. Co., No. 7:19-cv-00143, 2020 WL 4557683, at 2 (W.D. Tex. Aug.

6, 2020) (Counts, J.)). The comprehensive and authoritative evidence presented in ECF No. 32, including Exhibits A, B, S, AA, U, V, W, AC, and AD, underscores the necessity of this timeline to craft a robust SAC that fully addresses the Motions to Dismiss (ECF Nos. 49, 50, 51, 53). The following benefits ensure the SAC is precise, evidence-based, and responsive, while respecting the rights of all parties and the Court's docket:

**A. Integration of Discovery to Meet Stringent Pleading Standards**

A favorable ruling on ECF No. 32 would provide access to critical Blue Sheet data, FINRA's halt communications, and Meta Materials bankruptcy records (Case No. 24-50792-hlb, D. Nev.), enabling Plaintiff to satisfy the rigorous pleading requirements of FRCP 9(b) and the PSLRA. This directly addresses NBH's and GTS's specificity objections (ECF No. 49, Pages 9-13; ECF No. 50, Pages 8-9) and FINRA's failure-to-state-a-claim arguments (ECF No. 51, Pages 15-24). For instance, Blue Sheets could substantiate GTS's naked short selling (Exs.. A, S) and FINRA's reckless conduct in the U3 halt (Ex. I), bolstering claims of market manipulation and procedural deficiencies (Weissman v. NASD, 500 F.3d 1293, 1299 (11th Cir. 2007)). The compelling evidence in ECF No. 32 highlights the need for discovery to meet Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007). A 30-day period allows Plaintiff to analyze and integrate this evidence, ensuring a plausible SAC that mitigates futility concerns (McGrew v. McQueen, 415 F. Supp. 3d 646, 652 (W.D. Tex. 2019)

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 10

(Counts, J.)).

**B. Alignment with Court's Ruling to Enhance Judicial Efficiency**

A 30-day deadline ensures the SAC aligns with the Court's guidance on ECF No. 32, reducing the need for subsequent amendments or motions, thereby promoting judicial efficiency per Local Rule CV-7(i). If the stay is lifted, Plaintiff can incorporate new evidence; if denied, Plaintiff can refine allegations using the authoritative existing evidence (Exs.. A, S, AA, U, V, W). This approach prevents piecemeal litigation, respecting Judge Counts' and Magistrate Judge Griffin's preference for streamlined proceedings (Perez, 2020 WL 4557683, at 2). The 30-day period allows Plaintiff to craft a SAC that fully responds to the Court's directives, enhancing the likelihood of a merits-based resolution.

**C. Robust Challenges to Immunity Defenses**

Discovery could provide evidence to overcome FINRA's regulatory immunity (ECF no. 51, pages 9-14) and the sec's sovereign immunity (ECF no. 53, pages 20-26). Blue sheets may demonstrate that the u3 halt was an ad hoc action lacking regulatory purpose, thus outside the scope of FINRA's immunity (D'alessio v. NYSE, 258 F.3d 93, 106 (2d Cir. 2001)). Similarly, evidence of the SEC's failure to enforce mandatory oversight duties under 15 U.S.C. § 78s (Exs.. AA, AD) could support APA claims, waiving sovereign immunity (axon enter., inc. V. FTC, 598 U.S. 175, 191 (2023)). In opposing plaintiff's motion for leave to file

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 11

second amended complaint, SEC attorney Eric Reicher argued that plaintiff lacks a basis for relief under PSLRA procedures and that discovery is inappropriate while motions to dismiss (ECF No's. 49, 50, 51, 53) are pending. Plaintiff posed a question to Mr. Reicher: given the comprehensive evidence in ECF No. 32 (Exs.. A, S, AA, U, V, W, AC, AD) suggesting fraudulent activity related to TRCH and MMTLP, why does the SEC resist releasing blue sheet data that could affirm its impartiality? His vague response, "Mr. Willcot, our opposition on discovery is outlined in our opposition to lifting the PSLRA stay, ECF 36" underscores the necessity of discovery to ensure transparency and justice, supporting plaintiff's request for a 30-day period post-PSLRA ruling to file an SAC that refutes the SEC's immunity claims and meets PSLRA standards (*Tellabs*, 551 U.S. 308). The comprehensive evidence (which he again ignores) in ECF No. 32 underscores the fact-dependent nature of immunity (Weissman, 500 F.3d at 1299). A 30-day period allows Plaintiff to develop precise, evidence-based arguments, aligning with the court's expectation of thorough pleadings (Haines v. Kerner, 404 U.S. 519, 520 (1972)).

### D. Strengthened Standing and Causation Arguments

Discovery could clarify Plaintiff's MMTLP transactions, addressing NBH's claim that Plaintiff is a "mere holder" (ECF No. 49, Pages 7-8) and GTS's argument that the halt superseded causation (ECF No. 50, Pages 5-6). Blue Sheets may confirm pre-halt manipulation by GTS (Exs.. A, S, V, W), supporting statutory

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 12

standing under Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 730-31 (1975), and Article III standing (Lujan, 504 U.S. at 560). The authoritative evidence in ECF No. 32 already suggests significant pre-halt losses, which discovery could further substantiate. A 30-day window ensures the SAC includes specific transaction details, enhancing its viability and addressing the court's preference for clear standing allegations (McGrew, 415 F. Supp. 3d at 652).

### E. Safeguarding Against Evidence Spoliation

The comprehensive evidence in ECF No. 32 (Exs.. U, AC) highlights imminent spoliation risks, particularly the potential destruction of Blue Sheet data by 2027. A favorable ruling on ECF No. 32 could preserve this critical evidence, essential for proving manipulation and addressing FINRA's and GTS's specificity objections (ECF No. 51, Pages 15-24; ECF No. 50, Pages 8-9). Plaintiff's expertise as a Certified Fire and Explosion Investigator (Ex. B) underscores the urgency of preservation (Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009)). A 30-day period allows Plaintiff to integrate preserved data into the SAC, aligning with the court's sensitivity to evidence integrity in complex securities cases (In re Vivendi Universal, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)).

### F. Refinement of Nondelegation and Constitutional Claims

The PSLRA ruling could inform the nondelegation claim challenging FINRA's halt as an unaccountable exercise of power without adequate SEC oversight

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 13

(NHBPA v. Black, 53 F.4th 869 (5th Cir. 2022)). Discovery may reveal procedural deficiencies (Ex. I), strengthening arguments against the SEC's dismissal (ECF No. 53, Pages 32-37). Dropping weaker PSLRA constitutionality claims (e.g., First, Fifth, Fourteenth Amendments) post-ruling avoids futility, focusing on viable claims. A 30-day period ensures the SAC presents precise, evidence-supported constitutional arguments, appealing to Judge Counts' preference for well-grounded claims (Perez, 2020 WL 4557683, at 2).

### G. Minimized Prejudice to Defendants

A 30-day deadline reduces prejudice by ensuring the SAC is grounded in the comprehensive evidence from ECF No. 32 or new discovery, avoiding speculative allegations that burden Defendants' responses (ECF No. 51, Pages 15-24; ECF No. 53, Pages 27-37). The PSLRA stay prevents discovery burden (Foman, 371 U.S. at 182). Waiting ensures a focused SAC, limiting repetitive motions and respecting Defendants' rights, consistent with the court's commitment to fairness (Perez, 2020 WL 4557683, at 2).

### H. Maximized Pro Se Leniency

Waiting demonstrates Plaintiff's diligence, enhancing the request for pro se leniency under Haines, 404 U.S. at 520. A SAC informed by the Court's ruling and the authoritative evidence in ECF No. 32 shows good faith, increasing the likelihood of leave (McGrew, 415 F. Supp. 3d at 652). The 30-day period

leverages Plaintiff's CFEI expertise (Ex. B) to refine claims, appealing to the court's receptivity to pro se efforts (Haines, 404 U.S. at 520).

### I. Adequate Time for Meticulous Drafting

A 30-day period provides sufficient time for Plaintiff, as a pro se litigant, to draft a comprehensive SAC that addresses all deficiencies, incorporates discovery or adjusts to the ruling, and complies with FRCP 8(a)(2) and Local Rule CV-10. This ensures a polished filing, reducing procedural errors and aligning with the court's expectation of diligence (Perez, 2020 WL 4557683, at 2).

### V. Request for 30-Day Deadline Post-PSLRA Ruling

Plaintiff respectfully requests a 30-day deadline to file the SAC following the Court's ruling on ECF No. 32, as detailed in Section 4. This timeline ensures the SAC is evidence-based, responsive to the Court's guidance, and compliant with FRCP and PSLRA standards, promoting fairness and efficiency (Brewster, 587 F.3d at 768; Perez, 2020 WL 4557683, at 2). The focused 2021-2022 Blue Sheet request (Ex. AC) minimizes burden (In re Vivendi Universal, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)).

### VI. No Undue Delay, Prejudice, or Futility

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 15

-No Undue Delay: Plaintiff files this motion within the 14-day response period for the Motions to Dismiss (by May 22/23, 2025), demonstrating diligence. Local Rule CV-7(e).

-No Prejudice: The SAC clarifies existing claims without new causes of action, and the PSLRA stay prevents discovery burden. Foman, 371 U.S. at 182.

-No Futility: The amendments address all deficiencies with plausible allegations, supported by the comprehensive evidence in ECF No. 32, meeting FRCP 9(b) and PSLRA standards. McGrew, 415 F. Supp. 3d at 652 (Counts, J.).

**7. Conclusion**

Plaintiff respectfully requests leave to file a SAC to cure deficiencies, incorporate the authoritative evidence from ECF No. 32, and ensure compliance with FRCP, PSLRA, and Local Rules. A 30-day deadline post-PSLRA ruling, as detailed in Section 4, promotes fairness, respecting this Court's preference for merits-based resolutions (Perez, 2020 WL 4557683, at 2). As a pro se litigant, Plaintiff seeks leniency to present a viable complaint (Haines, 404 U.S. at 520; McGrew, 415 F. Supp. 3d at 652).

WHEREFORE, Plaintiff Contique Willcot respectfully requests that this Court:

A. Grant leave to file a Second Amended Complaint;

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 16

B. Set a deadline of 30 days following the Court's ruling on the Motion to Lift PSLRA Discovery Stay (ECF No. 32) to file the SAC;

C. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Contique Willcot, Pro Se

6940 SW 10th Court

Pembroke Pines, Florida 33023

contiq9@yahoo.com

Date: May 15, 2025

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, I served a true and correct copy of this Revised Motion for Leave to File Second Amended Complaint on all counsel of record and pro se parties via the CM/ECF system and/or certified mail, return receipt requested, to:

- Eric Aaron Reicher, SEC, 100 F Street, NE, Washington, D.C. 20549, reichere@sec.gov

- Jason J. Rose, SEC, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, rosej@sec.gov

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 17

- Judson Paul Manning, Field Manning Stone Aycock P.C., 2112 Indiana Ave., Lubbock, Texas 79410, jpmanning@lubbocklawfirm.com

- David C. Kent, Faegre Drinker Biddle & Reath LLP, 2323 Ross Avenue, Suite 1700, Dallas, Texas 75201

- Garland "Land" Murphy, Murphy Ball Stratton LLP, 1001 Fannin Street, Suite 720, Houston, Texas 77002, lmurphy@mbssmartlaw.com

- Christopher Barber, Stephen Fraser, Williams Barber & Morel Ltd., 233 South Wacker Drive, Suite 6800, Chicago, Illinois 60606, cjb@williamsbarbermorel.com, saf@williamsbarbermorel.com

- Jason M. Hopkins, Jason S. Lewis, Ryan D. Lantry, DLA Piper LLP US, 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, jason.hopkins@us.dlpiper.com, jason.lewis@us.dlapiper.com, ryan.lantry@us.dlapiper.com

- Jill C. Pennington, Smith Clark Pennington PLLC, 6 Deseta Drive, Suite 333, Midland, Texas 79705, jcpennington@permian.law


/s/ Contique Willcot

Contique Willcot, Pro Se


**EXHIBIT A**: [Proposed Second Amended Complaint – To be attached by Plaintiff]

**EXHIBIT B**: [CFEI Certificate, filed with ECF No. 32]

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 18

**EXHIBIT C**: [Additional Certifications, filed with ECF No. 32]