# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>          Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, GTS SECURITIES LLC, ARI RUBINSTEIN, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE,<br><br>          Defendant | Case No. 7:24-cv-00317-DC-RCG<br><br>**(PROPOSED) SECOND AMENDED COMPLAINT** |

## INTRODUCTION

1. Plaintiff Contique Willcot, a retail investor and Lieutenant at Miami-Dade Fire Rescue, brings this action against Defendants for systemic market manipulation, regulatory failures, and violations of federal securities and antitrust laws related to the U3 trading halt of Meta Materials Preferred Shares (MMTLP) on December 9, 2022. Defendants' actions caused Plaintiff financial losses and ongoing harm, necessitating judicial intervention to restore market integrity.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1331 for claims arising under the Securities Exchange Act of 1934 (15 U.S.C. § 78), Sherman Antitrust Act (15

U.S.C. §§ 1-2), and Clayton Act (15 U.S.C. §§ 12-27). Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

3. Diversity jurisdiction is proper under 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, and Plaintiff (Florida resident) is diverse from Defendants (Texas, New York, Washington, D.C., Missouri).

4. Venue is proper under 28 U.S.C. § 1391(b)(2), as substantial events, including economic harm to Midland investors, occurred in this district.

## PARTIES

5. **Plaintiff**: Contique Willcot, resident of Pembroke Pines, Broward County, Florida, is a shareholder of Meta Materials and Next Bridge Hydrocarbons (NBH).

6. **Defendant SEC**: The Securities and Exchange Commission, headquartered at 100 F Street NE, Washington, D.C., enforces securities laws.

7. **Defendant FINRA**: Financial Industry Regulatory Authority, headquartered at 1735 K Street NW, Washington, D.C., regulates broker-dealers under SEC oversight.

8. **Defendant GTS Securities**: A market maker at 545 Madison Avenue, New York, NY.

Case No. 7:24-cv-00317-DC-RCG   MIDLAND-ODESSA DIVISION

9. **Defendant Ari Rubenstein**: CEO of GTS Securities, residing in Florida but conducting business in New York.

10. **Defendant NBH**: Next Bridge Hydrocarbons, Inc., a Nevada corporation at 300 Ridglea Pl, Fort Worth, TX, formed from Meta Materials' spin-off.

11. **Defendant John Brda**: Former CEO of Torchlight Energy Resources, residing at 1425 Frontenay Ct., St. Louis, MO, involved in Meta Materials' merger.

12. **Defendant Gregory McCabe**: CEO of NBH, residing at 500 W. Texas Avenue, Midland, TX.

## STATEMENT OF FACTS

13. Plaintiff purchased MMTLP shares in 2021, relying on NBH's representations of Orogrande Basin asset valuations (Ex. AA, ECF No. 32), expecting value post-spin-off.

14. On October 7, 2021, GTS Securities, under Rubenstein's direction, traded MMTLP shares publicly without authorization, creating synthetic shares (Exs. A, S, ECF No. 32).

15. From October 2021 to December 2022, GTS's naked short selling depressed MMTLP prices, causing Plaintiff pre-halt losses (Exs. V, W, ECF No. 32).

16. On December 9, 2022, FINRA imposed a U3 trading halt on MMTLP, citing "extraordinary circumstances" without transparency, blocking Plaintiff's ability to trade (Ex. I, ECF No. 32).

Case No. 7:24-cv-00317-DC-RCG   MIDLAND-ODESSA DIVISION

17. The SEC failed to enforce oversight of FINRA's halt under 15 U.S.C. § 78s, despite known TRCH/MMTLP fraud (Exs. AA, AD, ECF No. 32).

18. NBH and Brda misrepresented asset values, failing to address share discrepancies (Ex. AA, ECF No. 32).

19. McCabe sold 6.8 million MMTLP shares on November 30, 2022, generating $52.7–$68 million, without disclosing discrepancies (ECF No. 3, ¶ 81).

20. FINRA's Texas contacts include regulating broker-dealers like Charles Schwab, executing MMTLP trades, causing harm in Midland (Ex. S, ECF No. 32).

21. Plaintiff's evidence (ECF No. 32) shows spoliation risks, necessitating Blue Sheet data (Exs. U, AC).

## LEGAL CLAIMS

### Count I: Violation of Securities Exchange Act of 1934 (All Defendants)

22. . Defendants violated Section 10(b) (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5) by engaging in manipulative practices, including synthetic share creation and naked short selling, causing Plaintiff's losses.

23. FINRA and SEC failed to ensure market transparency, violating Section 17(a) (15 U.S.C. § 78q(a)).

24. NBH, Brda, and McCabe made misrepresentations, violating Section 13(d) (15 U.S.C. § 78m(d)).

**Count II: Sherman and Clayton Acts (All Defendants)**

25. Defendants colluded to suppress MMTLP prices, violating Sherman Act Section 1 (15 U.S.C. § 1) and Clayton Act Section 4 (15 U.S.C. § 15).

**Count III: Negligence (All Defendants)**

26. Defendants breached duties of care, causing foreseeable harm (Restatement (Second) of Torts § 283).

**Count IV: Unjust Enrichment (GTS, NBH, Brda, McCabe)**

27. Defendants profited from illegal share manipulation, violating Rule 10b-5 (17 C.F.R. § 240.10b-5).

**PRAYER FOR RELIEF**

Plaintiff requests:

A. Compensatory damages of $10 million per defendant for MMTLP losses.

B. Treble damages under Sherman and Clayton Acts.

C. Injunctive relief for a full MMTLP audit and public release of trading data.

D. Disgorgement of Defendants' illicit profits.

E. Punitive damages to deter misconduct.

F. Pre- and post-judgment interest, costs, and other equitable relief.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial per FRCP 38.

**CERTIFICATION**

I, Contique Willcot, certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, pursuant to federal securities laws.

**DATED**: May 15, 2025

/s/Contique Willcot, Pro Se

6940 SW 10th Court

Pembroke Pines, FL 33023

contiq9@yahoo.com