**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **CONTIQUE WILLCOT,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO. 7:24-cv-00317-DC-RCG** |
| ) | |
| ) | |
| **SECURITIES AND EXCHANGE** ) | |
| **COMMISSION, et al.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Securities and Exchange Commission ("SEC" or "Commission") opposes Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF 60 ("Motion"), because the Motion is procedurally deficient and Plaintiff's proposed amendment would be futile and would prejudice the Commission by requiring it to expend additional time and resources on moving to dismiss meritless claims.

## PROCEDURAL POSTURE AND PROPOSED AMENDMENTS

Plaintiff filed his Complaint on December 6, 2024. ECF 1. He filed an Amended Complaint on December 30, 2024. ECF 3 ("FAC"). Throughout May 2025, various defendants, including the Commission, have filed motions to dismiss. ECF 49, 50, 51, 53. Defendants Gregory McCabe and John Brda have until June 16, 2025 to respond to the FAC.

Plaintiff filed the Motion on May 22, 2025. ECF 60. As required by Local Rule 7(b), Plaintiff filed a proposed Second Amended Complaint ("PSAC") as an attachment to the Motion. ECF 60-1. However, the PSAC does not appear to be the amended complaint Plaintiff would actually file as the PSAC does not have details the Motion indicates Plaintiff would add,[1] and Plaintiff also asks the Court for a "30-day deadline to file the SAC following the ruling on ECF No. 32," Plaintiff's Motion to Lift the Private Securities Litigation Reform Act of 1995 ("PSLRA") Discovery Stay ("PSLRA Motion"). Mot. at 1-2. It appears that Plaintiff intends to use the documents he hopes to obtain in discovery to file an augmented amended complaint and that the PSAC is merely a placeholder. *See id.* at 2 ("Plaintiff requests a 30-day period * * * to integrate potential discovery, such as Blue Sheet data.").

---

[1] For example, the Motion (at 5) states that the amended complaint would "focus[] on non-discretionary SEC failures to oversee FINRA's halt," but the PSAC does not identify any duties beyond a general cite to 15 U.S.C. ¶ 78s, without pointing to any specific duty in that statute, let alone a non-discretionary duty.

The PSAC has one, and only one, factual claim concerning the Commission. ¶ 17 ("The SEC failed to enforce oversight of FINRA's halt under 15 U.S.C. § 78s, despite known TRCH/MMTLP fraud (Exs. AA, AD, ECF No. 32)." Despite there being only a single, conclusory factual allegation relating to the Commission, Plaintiff asserts three Counts against the Commission: I (Violation of the Securities Exchange Act of 1934 ("Exchange Act")), II (Violation of Sherman Antitrust and Clayton Acts), and III (Negligence).

## LEGAL STANDARD

Courts consider five factors to determine whether to grant a party leave to amend: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *See, e.g., Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Futility alone can be sufficient to deny the motion. *See, e.g., Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."); *Rose v. Grappler Pressure Pumping, LLC*, 721 F. Supp. 3d 510, 520 (W.D. Tex. 2024) (denying motion because "Plaintiff's leave to amend would be futile") (Counts, J.).[2]

Although pro se plaintiffs are afforded some latitude, courts routinely deny them leave to amend when amendment would be futile. *See, e.g., Bruning v. Attmore*, No. 19-CV00060-DC, 2020 WL 10227666, at *4 (W.D. Tex. Feb. 2, 2020) ("The Fifth Circuit recognizes that amendment rules are liberal, however, they do not require that courts indulge in futile gestures";

---

[2] *See also, e.g., DOH Oil Co. v. QEP Resources, Inc.*, No. 18-CV-00152-DC, 2020 WL 7635921, at *4 (W.D. Tex. Sept. 11, 2020) ("Because the Court may deny a motion for leave to amend on the basis that the amendment would be futile, it need not consider the undue delay argument raised by DOH.") (Counts, J.); *Butler v. Hinkle*, No. 19-CV-00252-DC, 2020 WL 9815860, *7 (W.D. Tex. Aug. 25, 2020) ("the Court finds granting Plaintiff's Motion for Leave to Amend would be futile and denies said motion") (Counts, J.).

2

rejecting *pro se* plaintiff's motion for leave to amend) (citation omitted) (Counts, J.); *Mapes v. Texas*, No. 18-CV-0170-DC, 2018 WL 9786073, at *6, n.6 (W.D. Tex. Oct. 1, 2018) (dismissing *pro se* plaintiff's motion for leave to amend because of futility and collecting cases) (Counts, J.); *Daniels v. Saucedo*, No. 21-CV-101-DC, 2021 WL 6495244, at *4 (W.D. Tex. Nov. 17, 2021) (granting motion to dismiss without giving *pro se* plaintiff leave to amend because "any potential amendment would be futile") (Counts, J.).

In particular, courts deny leave to amend when a plaintiff would be unable to overcome an immunity defense. *See, e.g., Edmiston v. Louisiana Small Bus. Dev. Cntr.*, 931 F.3d 403, 408 (5th Cir. 2019) (affirming denial of *pro se* plaintiff's motion for leave to amend because sovereign immunity barred the claim); *Patterson v. Office of Atty. Gen. Child Support Div.*, No. 23:CV-209-DC-RCG, 2024 WL 3448489, at *4 (W.D. Tex. June 25, 2024) (denying *pro se* plaintiff leave to amend because "no further amendment can overcome the sovereign immunity bar") (Griffin, M.J.), *adopted by* 2020 WL 3447533 (July 17, 2024) (Counts, J.).

## ARGUMENT

### I. The Motion should be dismissed for failure to follow Local Rule 7(b).

Local Rule 7(b) states that "[w]hen a motion for leave to file a pleading * * * is required, an executed copy of the proposed pleading * * * shall be filed as an exhibit to the motion for leave." Although Plaintiff filed the PSAC as an attachment to the Motion, it appears that the attached PSAC is only a placeholder that Plaintiff will add to after the Court rules on the PSLRA Motion. To the extent that the PSAC is merely a placeholder, the Motion is procedurally improper and should be denied. *See, e.g., Paul v. Sabban*, No. 22-51113, 2023 WL 4704117, at *2 (5th Cir. July 24, 2023) (district court did not abuse discretion in denying leave to amend where plaintiffs "did not attach a proposed amended complaint setting forth any facts suggesting

3

amendment would be anything other than futile") (collecting Fifth Circuit cases); *Doe v. Midland Cnty.*, No. 23-cv-00091-DC-RCG, 2024 WL 697681, at *7 (W.D. Tex. Feb. 1, 2024) (failure to "attach a second amended complaint" is among reasons to deny leave) (Griffin, M.J.), *adopted by* 2024 WL 697078 (Feb. 20, 204) (Counts, J.).

    **II.**    **Leave to file the PSAC should be denied.**

To the extent that the PSAC is considered the operative document that Plaintiff seeks leave to file as his second amended complaint, his request should be denied.

First, the PSAC contains no new factual allegations or legal claims against the Commission. As noted above, the only factual allegation in the PSAC regarding the SEC is that "[t]he SEC failed to enforce oversight of FINRA's halt under 15 U.S.C. § 78s, despite known TRCH/MMTLP fraud (Exs. AA, AD, ECF No. 32)." PSAC ¶ 17. The FAC already alleges that the "SEC neglected its oversight duties by failing to investigate or address systematic market irregularities," FAC ¶ 253.b.1, the "SEC allowed FINRA's U3 halt to persist indefinitely without transparency or resolution, violating its statutory responsibilities under Section 15A and 17A of the Securities Exchange Act," *id.* ¶ 253.b.ii, the SEC "undermined market transparency and fairness," *id.* ¶ 224.q, and individuals at the SEC "were aware of fraudulent activities affecting the trading of MMAT and MMTLP shares," *id.* ¶ 83. Allowing Plaintiff to rephrase these allegations in an amended complaint would do nothing more than require an additional, pointless round of briefing where the Commission would make the same arguments it made in moving to dismiss the FAC. *See, e.g., Walls v. JPMorgan Chase Bank, NA*, No. 4:13-cv-402, 2013 WL 5782999, at *4 (E.D. Tex. Oct. 25, 2013) ("Plaintiff's response merely repeats the same arguments and facts contained in her petition. Thus, Plaintiff offers the Court nothing new that could be alleged to make a claim plausible, and the request to amend is denied."). Such

4

additional briefing would prejudice the Commission by requiring it to spend additional time and resources when Plaintiff has provided nothing that would address the deficiencies the Commission has already briefed.

Second, the PSAC is facially deficient because it does not allege a waiver of sovereign immunity or allege any facts that would establish either the causation or redressability prongs of standing.

Third, even if Plaintiff could show this Court had jurisdiction over his claims, he does not provide any factual allegations that would support his claims,[3] and his claims fail as a matter of law. Count I, in which Plaintiff claims the "SEC failed to ensure market transparency, violating Section 17(a) (15 U.S.C. 78q(a))," fails because there is no private right of action. *See, e.g., Copeland v. E\*Trade Cap. Mgmt., LLC*, No. 24-10658, 2025 WL 66732 (5th Cir. Jan. 10, 2025) (holding that the books and records provisions of 15 U.S.C. § 78q(a)(1) do not provide a private right of action).[4] With respect to Count II, the Commission is not a proper defendant under the antitrust statutes. *See, e.g., Cole v. Alaska Island Comm. Serv., Inc.*, No. 1:18-cv-00011, 2019 WL 13211822, at \*9 (D. Alaska Oct. 11, 2019) (dismissing claims under the Sherman Antitrust

---

[3] His reference to two exhibits attached to the PSLRA Motion do not provide any basis for claims against the Commission. Exhibit AA is the Commission's lawsuit related to the fraud surrounding the 2021 merger, so it has nothing to do with FINRA's December 2022 trading halt. Also, the Commission *filing a lawsuit* against alleged violators of the federal securities laws does not support claims of regulatory inaction. Exhibit AD is a response to a Freedom of Information Act request stating that, as of September 29, 2023, nine months after the trading halt, the Commission had received 246 complaints about the FINRA trading halt, but the fact that people raised complaints is not relevant to any of the bases for dismissal that the Commission identified in its motion to dismiss (ECF 53).

[4] To the extent the claims in Count I concerning alleged violations of Section 10(b) of the Exchange Act are brought against the Commission, they fail because Plaintiff does not allege that the Commission bought or sold any securities or that it made any statements in connection with the buying or selling of securities, nor does he allege facts supporting reliance, proximate cause, or scienter. *See, e.g., Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th 2009) (laying out basic elements of a claim under Section 10(b)).

5

and Clayton Acts because "[i]t is well established that the United States and its agencies cannot be an antitrust defendant"). In Count III, Plaintiff's conclusory allegations of negligence are insufficient to state a claim. *See, e.g., Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) ("conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true") (cleaned up).

### III. The Motion does not identify any factual or legal bases for allowing a second amended complaint.

Even if Plaintiff were not required to file a copy of his proposed pleading, none of the arguments in the Motion justify granting Plaintiff leave to file an amended complaint.

Plaintiff asserts that he will cure the standing deficiencies identified in the Commission's Motion to Dismiss (ECF 53) by alleging that the FINRA trading halt and the Commission's failure to oversee FINRA caused him to lose over $30,000 and that his losses could be redressed by damages or injunctive relief.[5] Motion at 4. This information does not add to what was alleged in the FAC. The FAC alleges Plaintiff incurred "documented financial losses exceeding $35,000," FAC ¶ 284.e.iii, caused by FINRA's halt, *id.* ¶ 284.e.ii, and/or "the SEC for failing to oversee FINRA," *id.* ¶ 214. The FAC also seeks damages and injunctive relief. *Id.* ¶ 284.e-i. The Commission's Motion to Dismiss explains why none of these claims are sufficient to provide standing. *See* ECF 53 at 14-19.

Plaintiff's attempt to overcome the Commission's sovereign immunity defense further illustrates the futility of amendment. The Motion says nothing relating to the fact that sovereign immunity bars monetary damages, as explained in the Commission's Motion to Dismiss. *See*

---

[5] Plaintiff states that Blue Sheet data "may confirm Plaintiff's MMTLP transactions," which he asserts would support standing. Mot. at 7. The Commission, however, accepts as true, as it must at this stage of the proceeding, that Plaintiff was an MMTLP shareholder at the time of the trading halt.

6

ECF 53 at 21-22. With respect to equitable relief, Plaintiff asserts that the SAC will "focus[] on non-discretionary SEC failures to oversee FINRA's halt under 15 U.S.C. § 78s * * * and allege[d] negligence in addressing TRCH/MMTLP fraud (Exs. AA, AD)." Mot. at 5. Plaintiff, however, does not identify any non-discretionary duties—or duties of any kind—that he would add, and the FAC already alleges SEC negligence in addressing fraud. *See, e.g.,* ¶¶ 214 (SEC "fail[ed] to oversee FINRA and regulate brokers effectively), 253.b.iii ("Neglect of investor protection responsibilities: Despite knowledge of investor harm caused by synthetic/counterfeit shares, the SEC failed to act in a manner consistent with its mission to protect retain investors."), 83 (individuals at the SEC "were aware of fraudulent activities affecting the trading of MMAT and MMTLP shares"). In addition, as explained in the Commission's Motion to Dismiss (ECF 53 at 22-26), the APA does not waive sovereign immunity for a claim that the SEC failed to oversee FINRA. First, the APA's waiver does not apply to matters committed to agency discretion by law, *see* 5 U.S.C. 701(a)(2), and the Commission has discretion in its oversight of FINRA, *see* 15 U.S.C. § 78s(h) (the Commission "is authorized [to take various sanctions against self-regulatory organizations like FINRA] if in *its opinion* such action is necessary or appropriate in the public interest") (emphasis added). Second, the APA's waiver applies only if a plaintiff identifies an "agency action," 5 U.S.C. 702, and Plaintiff cannot satisfy that requirement because he has not identified a failure to take an agency action as defined by the APA, 5 U.S.C. 551(13).

      Plaintiff does not argue that his proposed amendments will address any other deficiencies the Commission identified in its Motion to Dismiss, including a failure to state a claim upon which relief can be granted. *See* ECF 53 at 27-37. Plaintiff, however, argues that, if the Court grants the PSLRA Motion, he could "meet FRCP 9(b) and PSLRA standards." Mot. at 7. However, the explicit purpose of those heightened pleading standards is to require plaintiffs to

7

meet them *before* subjecting defendants to the burdens of discovery. *See, e.g., Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003) ("The rationale underlying the stay was to prevent costly extensive discovery and disruption of normal business activities until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss.") (citation omitted); *In re Odyssey Healthcare, Inc.*, No. Civ.A.3:04-CV-0844, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) ("Plaintiffs straightforwardly admit that they seek discovery in order to add factual detail to their complaint prior to this Court's resolution of the pending motion to dismiss. That is exactly the circumstance section 78u-4(b)(3)(B) is calibrated to prevent.").[6]

## CONCLUSION

For the forgoing reasons, the Motion should be denied with prejudice.

---

[6] While not directly related to whether the Court should grant leave to file an amended complaint, Plaintiff continues to argue, as he did in the PSLRA Motion, that discovery is necessary to address spoliation concerns. Mot. at 2, 3, 7. In its opposition to the PSLRA Motion (ECF 36 at 3), the Commission explained that a document that Plaintiff relied on to support spoliation concerns (Ex. U to the PSLRA Motion) was a *proposed* order submitted in a separate case pending in the District of Vermont, and that court *denied* the motion the proposed order was submitted with because the court found that there were no spoliation concerns.

                                                    Respectfully Submitted,

Date: May 28, 2025                                               /s/ Eric A. Reicher

                                                    Melinda Hardy *
D.C. Bar No. 431906
Eric A. Reicher**
D.C. Bar No. 490866
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-7921 (phone) (Reicher)
hardym@sec.gov
reichere@sec.gov

Jason J. Rose
Texas Bar No. 24007946
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-1408 (phone)
(817) 978-4927 (facsimile)
rosej@sec.gov

Counsel for Defendant

  * Pro Hac Vice Forthcoming
* *Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

      I hereby certify that on this 28th of May, 2025, I filed or caused to be filed the foregoing SEC Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint via the CM/ECF system which will provide service to counsels of record and Plaintiff since he has been granted permission to file electronically by the Court.

      */s/ Eric A. Reicher*
      Eric A. Reicher
      Special Trial Counsel
      U.S. Securities and Exchange Commission