CASE NO.: 7:24-CV-00317-DC-RCG   MIDLAND-ODESSA DIVISION

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL.,<br><br>Defendant | CASE NO.: 7:24-CV-00317-DC-RCG<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT FINRA'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

**TO THE HONORABLE JUDGE DAVID COUNTS AND MAGISTRATE JUDGE**

**RONALD C. GRIFFIN:**

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this response to Defendant Financial Industry Regulatory Authority, Inc.'s (FINRA) Opposition (ECF 64) to Plaintiff's Motion for Leave to File Second Amended Complaint (SAC) (ECF 60). Plaintiff acknowledges mistakenly calling the SAC a "base" in an email (ECF 64, Ex. A) due to inexperience as a pro se litigant with no legal training. FINRA exploits this error to block amendment, ignoring striking evidence of fraud harming approximately 65,000 investors, including Plaintiff. For the sake of justice, this evidence justifies discovery, a 30-day filing period, and the Court's jurisdiction. Plaintiff requests leave to file the SAC (ECF 60-1), pursuant to FRCP 15(a)(2) and Local Rule CV-7.

**I. INTRODUCTION**

Plaintiff, a retail investor and Miami-Dade Fire Rescue Lieutenant, seeks to amend the First Amended Complaint (FAC) to address deficiencies in Defendants' Motions to Dismiss (ECF 49, 50, 51, 53) and incorporate evidence of market manipulation and regulatory failures (ECF 32, Exs. A, S, U, V, W, AA, AC, AD; ECF 62, Exs. A-G). FINRA's opposition—alleging procedural defects, prematurity, futility, and improper discovery—relies on Plaintiff's inexperience to obscure evidence that approximately 65,000 investors suffered losses due to FINRA's failure to prevent fraud in the MMTLP U3 halt on December 9, 2022. The SAC (ECF 60-1) is viable, and leave is warranted under *Foman v. Davis*, 371 U.S. 178, 182 (1962), with leniency for Plaintiff's pro se status (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II. ARGUMENT

### A. The Motion Complies with Local Rule CV-7(B)

FINRA argues that Plaintiff's motion violates Local Rule CV-7(B) because the SAC (ECF 60-1) is a "base" (ECF 64, Ex. A). Plaintiff clarifies that this was a misstatement due to inexperience. Exhibit A is the complete, executed SAC, alleging specific misconduct (¶¶ 13-27) supported by evidence (ECF 32, 62). This satisfies CV-7(B)'s requirement for an executed pleading.

FINRA exploits Plaintiff's error to avoid addressing evidence of fraud, such as FINRA's opaque U3 halt (Ex. I) and fails-to-deliver (FTDs) (Exs. S, U, V, W), which harmed 65,000 investors. The 30-day period (ECF 60, p. 1) is a precautionary request to incorporate discovery (e.g., Blue Sheet data) if the

PSLRA stay is lifted (ECF 32), not an admission of incompleteness. The supplemental filing (ECF 62) reinforces the SAC's sufficiency. Pro se leniency applies (*McGrew v. McQueen*, 415 F. Supp. 3d 646, 652 (W.D. Tex. 2019)), and no prejudice exists, as Defendants have the SAC to evaluate (*Perez v. Transp. Serv. Co.*, 2020 WL 4557683, at *2 (W.D. Tex. Aug. 6, 2020)).

### B. The Motion Is Not Premature or Speculative

FINRA claims the motion is premature, relying on speculative discovery. The SAC is fully drafted, alleging FINRA's reckless halt (¶ 16) and notice revision enabling short selling (¶ 23), supported by evidence (Exs. I, S, U, V, W; ECF 62, Exs. A, S). It meets FRCP 8(a)(2) and 9(b) standards and addresses FINRA's Motion to Dismiss (ECF 51).

The 30-day period seeks to enhance specificity, not create claims. Evidence of FTDs (ECF 62, p. 5, ¶ 8) and spoliation risks (Exs. U, AC) shows fraud affecting 65,000 investors, justifying discovery (ECF 32). Plaintiff's timely filing (Local Rule CV-7(e)) and supplemental evidence (ECF 62) show diligence, not speculation. The Court's commitment to efficiency supports leave (*Perez*, 2020 WL 4557683, at *2).

### C. The SAC Is Not Futile

FINRA argues futility due to lack of personal jurisdiction, regulatory immunity, and no private right of action. The SAC overcomes these, and justice for 65,000 investors supports amendment.

1. **Personal Jurisdiction**: The SAC (¶ 20) alleges FINRA's regulation of Texas broker-dealers (e.g., Charles Schwab) executing MMTLP trades, causing harm in

Midland. FINRA's 2022 Texas disciplinary actions (ECF 60, p. 4) and trade reporting (ECF 62, p. 3, ¶ 7) establish jurisdiction under *Choice Healthcare v. Kaiser Found. Health Plan*, 615 F.3d 364, 369 (5th Cir. 2010). For the sake of justice, this Court has authority to address harm to Texas investors. If unclear, Plaintiff requests leave to amend (*McGrew*, 415 F. Supp. 3d at 652).

2. **Regulatory Immunity**: The SAC (¶¶ 16, 23) alleges FINRA's U3 halt lacked transparency (Ex. I) and enabled short selling (Ex. S), suggesting non-regulatory conduct, per *D'Alessio v. NYSE*, 258 F.3d 93, 106 (2d Cir. 2001). FTD data (Exs. S, U, V, W) and Brda's SEC complaint (Ex. AA) show fraud FINRA failed to prevent, raising fact-dependent immunity issues (*Weissman v. NASD*, 500 F.3d 1293, 1299 (11th Cir. 2007)). Discovery is needed (ECF 32).

3. **Private Right of Action**: The SAC alleges non-regulatory misconduct under Section 10(b) and Rule 10b-5 (¶¶ 22-23), per *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012). Antitrust claims (¶ 25) address collusion (Exs. S, AA), not regulatory acts. The SAC meets *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

4. **Pleading Specificity**: The SAC's allegations, supported by evidence (Exs. I, S, U, V, W, AA; ECF 62, Exs. A-G), are not conclusory. FINRA ignores this evidence, relying on Plaintiff's inexperience. Any defects can be cured (*Foman*, 371 U.S. at 182).

**D. Discovery Is Not Improper**

FINRA argues Plaintiff seeks discovery to "fish" for claims. The SAC relies on existing evidence (ECF 32, 62), not future discovery. Evidence of fraud (Exs. S,

U, V, W, AA) and spoliation (Exs. U, AC) affecting 65,000 investors gives the Court authority to permit discovery (ECF 32; *In re Vivendi Universal*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)). Blue Sheet data would enhance specificity, not create claims. Plaintiff's inexperience caused overemphasis on discovery, but leniency applies (*Haines*, 404 U.S. at 520).

### III. JUSTICE FOR 65,000 INVESTORS

FINRA's opposition sidesteps evidence of fraud—FTDs (Exs. S, U, V, W), Brda's manipulation (Ex. AA), and GTS's synthetic shares (Exs. A, S)—harming 65,000 investors. FINRA had ample opportunity to prevent this through transparent regulation but failed. Denying leave would reward FINRA's exploitation of Plaintiff's inexperience and deny justice. The Court's authority to grant discovery and the 30-day period ensures a merits-based resolution (*Perez*, 2020 WL 4557683, at *2).

### IV. CONCLUSION

Plaintiff requests the Court grant leave to file the SAC (ECF 60-1), with a 30-day period post-ECF 32 ruling. The SAC complies with CV-7(B), is not premature or futile, and does not misuse discovery. Plaintiff's pro se status, evidence of fraud, and harm to 65,000 investors support leave under *Foman*, 371 U.S. at 182, and *Haines*, 404 U.S. at 520.

**WHEREFORE**, Plaintiff requests:

A. Grant leave to file the SAC.

B. Allow 30 days to file the SAC post-ECF 32 ruling.

C. Grant other relief as the Court deems just.

**Respectfully submitted,**

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Court

Pembroke Pines, FL 33023

contiq9@yahoo.com

Date: June 4, 2025

**CERTIFICATE OF SERVICE**

On June 4, 2025, I served this response via CM/ECF and/or certified mail to:

- Eric Aaron Reicher, SEC, reichere@sec.gov
- Jason J. Rose, SEC, rosej@sec.gov
- Judson Paul Manning, jpmanning@lubbocklawfirm.com
- David C. Kent, david.kent@faegredrinker.com
- Garland "Land" Murphy, lmurphy@mbssmartlaw.com
- Christopher Barber, cjb@williamsbarbermorel.com
- Stephen Fraser, saf@williamsbarbermorel.com
- Jason M. Hopkins, jason.hopkins@us.dlpiper.com
- Jason S. Lewis, jason.lewis@us.dlpiper.com
- Ryan D. Lantry, ryan.lantry@us.dlpiper.com

PLAINTIFF'S RESPONSE TO DEFENDANT FINRA'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 6

- Jill C. Pennington, jcpennington@permian.law

/s/ Contique Willcot

**CERTIFICATE OF CONFERENCE**

On June 3, 2025, I emailed FINRA's counsel, David C. Kent, to confer. FINRA opposes the motion (ECF 64). Plaintiff believes the SAC and evidence of fraud harming 65,000 investors justify leave and requests the Court's determination.

/s/ Contique Willcot