UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>    Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL.,<br><br>    Defendant | CASE NO.: 7:24-CV-00317-DC-RCG<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT SEC'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

**TO THE HONORABLE JUDGE DAVID COUNTS AND MAGISTRATE JUDGE RONALD C. GRIFFIN:**

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this response to Defendant Securities and Exchange Commission's (SEC) Opposition (ECF No. 61) to Plaintiff's Motion for Leave to File a Second Amended Complaint (SAC) (ECF No. 60). The SEC's opposition alleges procedural deficiencies, futility, and prejudice, but overlooks compelling evidence of regulatory failures harming approximately 65,000 investors, including Plaintiff's losses exceeding $30,000. Plaintiff requests leave to file the SAC (ECF No. 60-1), a 30-day period to integrate discovery if the PSLRA stay is lifted (ECF No. 32), and the lifting of the PSLRA discovery stay to prevent undue prejudice and preserve evidence. Pro se leniency is warranted under Haines v. Kerner, 404 U.S. 519, 520 (1972).

**I. INTRODUCTION**

Plaintiff, a Miami-Dade Fire Rescue Lieutenant and retail investor, seeks to amend the First Amended Complaint (FAC) (ECF No. 3) to address deficiencies in the SEC's

PLAINTIFF'S RESPONSE TO DEFENDANT SEC'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 1

Motion to Dismiss (ECF No. 53) and incorporate evidence of market manipulation and SEC oversight failures in the MMTLP U3 trading halt on December 9, 2022 (ECF No. 32, Exs. AA, AD; ECF No. 62, Exs. A–I). The SEC's opposition (ECF No. 61) mischaracterizes the SAC as a placeholder, ignores new evidence, including Professor James J. Angel's $1,144,000 SEC payment (ECF No. 62, Ex. G), an affidavit from Scott Traudt authenticating Jeffrey Davies' 2019 email to the SEC confirming early knowledge of Torchlight fraud (Exs. H, I), and statements from former Torchlight CEO John Brda revealing how MMTLP became tradable through fraud, and fails to refute evidence supporting Plaintiff's claims. The SAC is viable, supported by Foman v. Davis, 371 U.S. 178, 182 (1962), and McGrew v. McQueen, 415 F. Supp. 3d 646, 652 (W.D. Tex. 2019).

## II. ARGUMENT

A. The Motion Complies with Local Rule CV-7(b)

The SEC argues that the SAC (ECF No. 60-1) is a placeholder, violating Local Rule CV-7(b) (ECF No. 61, p. 4). Plaintiff clarifies that the SAC is a complete, executed pleading, alleging specific SEC oversight failures under 15 U.S.C. § 78s (SAC, ¶ 17) and supported by evidence (ECF No. 32, Exs. AA, AD; ECF No. 62, Exs. A–I). The request for a 30-day period (ECF No. 60, p. 1) is a precautionary measure to incorporate potential discovery, such as Blue Sheet data, if the PSLRA stay is lifted (ECF No. 32), not an admission of incompleteness. The supplemental filing (ECF No. 62) reinforces the SAC's sufficiency with new evidence, including Angel's SEC payments, the Traudt affidavit and Davies' 2019 email, and Brda's statements, all suggesting bias and negligence in SEC oversight. This satisfies Local Rule CV-7(b)'s

requirement for an executed pleading, and pro se leniency applies (Haines, 404 U.S. at 520; Perez v. Transp. Serv. Co., 2020 WL 4557683, at *2 (W.D. Tex. Aug. 6, 2020)).

B. The SAC Is Not Futile

The SEC asserts that the SAC is futile due to lack of standing, sovereign immunity, and failure to state a claim (ECF No. 61, pp. 5-8). The SAC overcomes these objections with specific allegations and evidence.

1. Article III Standing: The SAC (¶¶ 13, 15) alleges: (1) concrete injury—over $30,000 in MMTLP losses due to the U3 halt; (2) causation—SEC's failure to oversee FINRA's opaque halt and address TRCH/MMTLP fraud, despite knowing of the fraud since 2019 via Jeffrey Davies' email and the fraudulent trading of MMTLP shares in October 2021 (Exs. AA, AD, H, I; ECF No. 62, Ex. G); and (3) redressability—via damages or injunctive relief (SAC, Prayer for Relief). These satisfy Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), and Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016). The SEC accepts Plaintiff's shareholder status (ECF No. 61, p. 6, n.5), and new evidence of Davies' email, the Traudt affidavit, Angel's payments, and Brda's statements strengthens causation by demonstrating early awareness, potential bias, and systemic regulatory failures in SEC oversight.

2. Sovereign Immunity and the SEC's Discretionary Defense: The SEC claims its oversight of FINRA is discretionary under 15 U.S.C. § 78s(h), and thus immune from suit under the APA, 5 U.S.C. § 701(a)(2) (ECF No. 61, p. 8). However, the SAC (¶ 17) alleges the SEC failed to fulfill its non-discretionary duties to protect investors, as mandated by the Securities Act of 1933 and its own stated mission. Under Section 20(a) of the Securities Act, the SEC is required to investigate violations when it is in

PLAINTIFF'S RESPONSE TO DEFENDANT SEC'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 3

the public interest, and Section 20(b) authorizes the SEC to seek injunctions to stop violations. Section 8A(c) permits temporary cease-and-desist orders to prevent significant harm to investors. The SEC's mission statement declares its purpose to "protect investors from misconduct" and "promote fairness and efficiency in the securities markets," while the Securities Act aims to ensure "full and fair disclosure" and "prevent frauds" in securities sales. An affidavit from Scott Traudt, dated May 6, 2025, authenticates an email from Jeffrey Davies to SEC officials Eric Werner, David B. Reece, and Kimberly Cain on July 12, 2019, explicitly warning of Torchlight (TRCH) fraud, noting suspicious stock price spikes, potential manipulation by CEO John Brda, and comparing the situation to the Jeffrey Epstein case where "everyone knew but didn't care" (Exs. H, I). This email triggered a public interest obligation to investigate and act as early as 2019. Further, John Brda, former CEO of Torchlight, revealed in an interview titled "Billion $$$ Fight Against Naked Short Selling" on Roger James Hamilton's YouTube channel (at 26:00–28:41) that two market makers fraudulently made MMTLP tradable on the OTC market in October 2021 using false information from 2012, despite the shares being intended as a non-tradable placeholder. Brda stated that OTC Markets informed him FINRA approved this trading, and that the market makers exploited a loophole to facilitate this fraud—though exploiting a loophole does not permit fraudulent activity. FINRA's approval enabled the initial harm through market manipulation (e.g., synthetic shares, fails-to-deliver as seen in Exs. S, U, V, W), and FINRA further destroyed investors by instituting the U3 halt on December 9, 2022, locking them out of their positions and causing devastating losses—all under the SEC's watch. The SEC's failure to

investigate this fraud, despite their knowledge of TRCH/MMTLP issues since 2019 and 246 complaints by September 2023 (Ex. AD), allowed the fraudulent trading to continue for over a year, culminating in the U3 halt that harmed approximately 65,000 investors, including Plaintiff. The SEC's eventual 2024 enforcement action against John Brda and Georgios Palikaras (Ex. AA) does not constitute investor protection as mandated by their mission and the Securities Act; it merely punishes wrongdoers after the harm occurred, failing to ensure "full and fair disclosure" or prevent fraud. The SEC had ample time and opportunity to prevent the harm but used its discretion to permit the fraud to continue, directly causing investor losses. This inaction is not a discretionary choice insulated from review but a failure to act on a known threat, reviewable as an "agency action" (inaction) under 5 U.S.C. § 551(13). Moreover, new evidence of Angel's $1,144,000 payment and Congressional meeting during the fraud period (ECF No. 62, Ex. G) raises questions of bias, further supporting APA review (Axon Enter., Inc. v. FTC, 598 U.S. 175, 191 (2023)).

3. Failure to State a Claim:

- Count I (Exchange Act): The SEC argues no private right of action exists under 15 U.S.C. § 78q(a) (ECF No. 61, p. 6). The SAC (¶ 22) clarifies violations under Section 10(b) and Rule 10b-5, alleging SEC's reckless inaction enabled FINRA's opaque halt (Ex. I) and fraud (Ex. AA), meeting Credit Suisse Sec. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012). The Traudt affidavit, Davies' 2019 email, Brda's statements, and Angel's payment (ECF No. 62, Ex. G) support scienter by showing the SEC's awareness, potential bias, and failure to address known fraud.

- Count II (Antitrust): The SEC claims it is not a proper antitrust defendant (ECF No. 61, p. 6). The SAC (¶ 25) alleges SEC's inaction facilitated collusive conduct by GTS and NBH (Exs. A, S, AA), actionable under MM Steel, L.P. v. JSW Steel (USA) Inc., 806 F.3d 835, 843 (5th Cir. 2015).

- Count III (Negligence): The SAC (¶ 26) provides specific facts—SEC's failure to act despite the Traudt affidavit, Davies' 2019 email, 246 complaints (Ex. AD), Brda's revelations of fraudulent trading, and Angel's payment (Ex. G)—meeting Hodge v. Engleman, 90 F.4th 840, 843 (5th Cir. 2024).

C. No Prejudice to the SEC

The SEC claims prejudice from additional briefing (ECF No. 61, p. 5). The SAC clarifies existing claims without adding new causes of action, and the PSLRA stay (15 U.S.C. § 78u-4(b)(3)(B)) minimizes discovery burdens. The SEC's resources are not unduly strained, as the SAC addresses its dismissal arguments (ECF No. 53) with evidence (ECF No. 32, Exs. AA, AD; ECF No. 62, Exs. A–I). Granting leave promotes judicial efficiency by streamlining proceedings (Perez, 2020 WL 4557683, at *2).

D. The Motion Is Not Premature or Speculative

The SEC argues the SAC relies on speculative discovery (ECF No. 61, p. 4). The SAC is fully drafted, supported by existing evidence (ECF No. 32, Exs. AA, AD; ECF No. 62, Exs. A–I), including the SEC's complaint against Brda (Ex. AA), the Traudt affidavit, Davies' 2019 email, Brda's interview statements, and Angel's payments (Ex. G). The 30-day period (ECF No. 60, p. 1) seeks to enhance specificity with Blue Sheet data, not create claims. Spoliation risks (ECF No. 32, Exs. U, AC) and fraud affecting

65,000 investors (ECF No. 62, p. 5) justify discovery (In re Vivendi Universal, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)).

E. Justice for 65,000 Investors

The SEC's opposition ignores evidence of fraud—Brda's manipulation (Ex. AA), GTS's synthetic shares (Exs. A, S), FINRA's opaque halt (Ex. I), and the fraudulent trading of MMTLP shares enabled by market makers and approved by FINRA, which further destroyed investors by instituting the U3 halt—all under the SEC's watch. The SAC's allegations, bolstered by the Traudt affidavit, Davies' 2019 email, Brda's revelations in the James Hamilton interview, and Angel's SEC payments (ECF No. 62, Ex. G), highlight systemic oversight failures. The SEC's discretionary inaction since 2019, despite clear warnings, statutory obligations under the Securities Act of 1933 to ensure disclosure and prevent fraud, and FINRA's approval of fraudulent trading followed by the U3 halt, allowed this harm to occur, prioritizing punishment over prevention. In the name of justice, the Court must act to ensure that the voices of 65,000 investors are heard, and their losses addressed, as the SEC failed to uphold its mission to protect investors. Denying leave would exploit Plaintiff's pro se inexperience and deny justice. The Court's authority to grant leave and discovery ensures a merits-based resolution (Foman, 371 U.S. at 182).

F. The Evidence Justifies Lifting the PSLRA Discovery Stay

Under 15 U.S.C. § 78u-4(b)(3)(B), the PSLRA discovery stay may be lifted if particularized discovery is necessary to preserve evidence or prevent undue prejudice to the party. The overwhelming evidence of fraud—the Traudt affidavit and Davies' 2019 email warning of TRCH fraud (Exs. H, I), Brda's interview revealing fraudulent

trading approved by FINRA, Angel's $1,144,000 SEC payment suggesting bias (Ex. G), and the documented market manipulation (Exs. A, S, AA, U, V, W)—demonstrates a systemic failure that harmed 65,000 investors. FINRA's approval of the fraudulent trading and subsequent U3 halt under the SEC's watch further exacerbated this harm, necessitating discovery to uncover the full scope of these actions. Plaintiff's Motion to Lift the PSLRA Discovery Stay (ECF No. 32) highlights spoliation risks (Exs. U, AC), including the potential loss of critical Blue Sheet data that could confirm Plaintiff's MMTLP transactions and further expose the extent of the fraud. Maintaining the stay would cause undue prejudice to Plaintiff by preventing access to evidence necessary to meet the heightened pleading standards of FRCP 9(b) and the PSLRA, especially given the SEC's delayed action and FINRA's lack of transparency. Lifting the stay is also necessary to preserve evidence, as the risk of spoliation threatens the integrity of this case. The Court's commitment to justice and a merits-based resolution supports lifting the stay to ensure Plaintiff can fully substantiate the claims on behalf of 65,000 investors (In re Vivendi Universal, 381 F. Supp. 2d 129 (S.D.N.Y. 2003)).

**III. CONCLUSION**

Plaintiff requests the Court grant leave to file the SAC (ECF No. 60-1), with a 30-day period post-ECF No. 32 ruling, and lift the PSLRA discovery stay. The SAC complies with Local Rule CV-7(b), is not futile, causes no prejudice, and is supported by evidence of fraud and regulatory failures, including the Traudt affidavit, Davies' 2019 email, and Brda's interview statements (Exs. H, I). Considering the SEC's failure to act on known fraud since 2019, their violation of statutory duties under the Securities

Act of 1933, the fraudulent trading of MMTLP shares approved by FINRA followed by the U3 halt under the SEC's watch, and the harm to 65,000 investors, Plaintiff is entitled not only to file the SAC and the 30-day extension to integrate discovery, but also to the lifting of the PSLRA stay to prevent undue prejudice and preserve evidence (15 U.S.C. § 78u-4(b)(3)(B)). Plaintiff's pro se status and the harm to 65,000 investors warrant leniency under Haines, 404 U.S. at 520.

**WHEREFORE**, Plaintiff requests:

A. Grant leave to file the Second Amended Complaint.

B. Allow 30 days to file the SAC post-ECF No. 32 ruling.

C. Lift the PSLRA discovery stay to prevent undue prejudice and preserve evidence.

D. Grant other relief as the Court deems just.

Respectfully submitted,

/s/ Contique Willcot Contique Willcot, Pro Se

6940 SW 10th Court Pembroke Pines,

FL 33023

contiq9@yahoo.com

Date: May 31, 2025

**CERTIFICATE OF SERVICE** On June 4, 2025, I served this response via CM/ECF and/or certified mail to:

- Eric Aaron Reicher, SEC, 100 F Street, NE, Washington, D.C. 20549, reichere@sec.gov

PLAINTIFF'S RESPONSE TO DEFENDANT SEC'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 9

- Jason J. Rose, SEC, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, rosej@sec.gov

- Judson Paul Manning, Field Manning Stone Aycock P.C., 2112 Indiana Ave., Lubbock, Texas 79410, jpmanning@lubbocklawfirm.com

- David C. Kent, Faegre Drinker Biddle & Reath LLP, 2323 Ross Avenue, Suite 1700, Dallas, Texas 75201, david.kent@faegredrinker.com

- Garland "Land" Murphy, Murphy Ball Stratton LLP, 1001 Fannin Street, Suite 720, Houston, Texas 77002, lmurphy@mbsmartlaw.com

- Christopher Barber, Stephen Fraser, Williams Barber & Morel Ltd., 233 South Wacker Drive, Suite 6800, Chicago, Illinois 60606, cjb@williamsbarbermorel.com, saf@williamsbarbermorel.com

- Jason M. Hopkins, Jason S. Lewis, Ryan D. Lantry, DLA Piper LLP US, 1900 North Pearl Street, Suite 2200, Dallas, Texas 75201, jason.hopkins@us.dlapiper.com, jason.lewis@us.dlapiper.com, ryan.lantry@us.dlapiper.com

/s/ Contique Willcot

**CERTIFICATE OF CONFERENCE** On June 3, 2025, I emailed SEC counsel, Eric Aaron Reicher, to confer. The SEC opposes the motion (ECF No. 61), citing procedural defects and futility. Plaintiff believes the SAC and evidence of fraud harming 65,000 investors justify leave, the 30-day extension, and the lifting of the PSLRA stay, and requests the Court's determination.

/s/ Contique Willcot

PLAINTIFF'S RESPONSE TO DEFENDANT SEC'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT - 10