IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CONTIQUE WILLCOT,<br>　　　*Plaintiff*, | § § § | |
| v. | § § | MO:24-CV-00317-DC-RCG |
| SECURITIES & EXCHANGE COMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, CHARLES SCHWAB & CO. INC., GTS SECURITIES LLC, EQUINITI TRUST COMPANY, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE, FIDELITY INVESTMENTS, and ARI RUBINSTEIN,<br>　　　*Defendants*. | § § § § § § § § § § § § § § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

BEFORE THE COURT is Plaintiff Contique Willcot's ("Plaintiff") Motion for Leave to File Second Amended Complaint. (Doc. 60). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **GRANTS** Plaintiff's Motion. (Doc. 60).

On December 6, 2024, Plaintiff, a *pro se* litigant, filed his original Complaint. (Doc. 1). Plaintiff (close to) timely filed his First Amended Complaint on December 30, 2024. (Doc. 3). Following four Defendants' Motions to Dismiss, Plaintiff filed the instant opposed Motion on May 22, 2025. (Doc. 60). Plaintiff seeks leave to file his Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). *Id.*

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Although the Court "should freely give leave when justice so requires," FED. R. CIV.

P. 15(a)(2), leave to amend is not automatic. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co*., 898 F.3d 461, 477 (5th Cir. 2018). The decision to grant or deny a motion to amend is within the sound discretion of the trial court, though Rule 15 "evinces a bias in favor of granting leave to amend" and "a district court needs a substantial reason to deny a party's request for leave to amend." *Id.* (internal quotations omitted). In exercising its discretion, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Id*.

Based on Plaintiff's Motion and Defendants' Responses, it appears the Second Amended Complaint is not yet completed, as he requests 30 days to file it. *Id*. The Court therefore reminds Plaintiff that "[a]ll litigants, even those proceeding *pro se*, are expected to adhere to the local rules and the [Federal Rules of Civil Procedure]." *Merkle v. Pilgrim REO, LLC*, No. 5-18-CV-588, 2019 WL 4447189, at *2 (W.D. Tex. Sept. 16, 2019). Here, the local rules provide, "If the filing of a document requires leave of Court, the Filing User must include for the Court's review the document as a PDF attachment to the motion requesting leave to file." Local Court Rule § 4(d). Because *pro se* parties are held to less stringent standards, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint and **ORDERS** Plaintiff to file his Second Amended Complaint within **30 days of this Order**. (Doc. 60).

It is so **ORDERED**.

SIGNED this 3rd day of June, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE