UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br>    Plaintiff,<br><br>    v.<br><br>SECURITIES AND EXCHANGE<br>COMMISSION, et al.,<br>    Defendants. | )<br>)<br>)<br>)  CASE NO. 24-cv-00317-DC-RCG<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT NEXT BRIDGE HYDROCARBONS INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Next Bridge Hydrocarbons, Inc. files this Answer to the Second Amended Complaint of Plaintiff Contique Willcot (Doc. 72) (hereinafter "SAC"), subject to Defendant NBH's pending Motion to Dismiss for failure to state a claim, and respectfully shows as follows

### A. OBJECTIONS

Defendant NBH objects to Plaintiff's Second Amended Complaint to the extent that it seeks to "incorporate evidence from Plaintiff's Motion to Lift PSLRA Discovery Stay and Supplemental to SAC." As such an incorporation is not valid and fails to give the parties notice of the claims and allegations. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Defendant NBH further objects to Plaintiff's Second Amended Complaint to the extent that it attempts to improperly cite to previously filed Complaints and exhibits thereto without properly incorporating the same. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

## B. ADMISSIONS AND DENIALS

1. Defendant NBH denies that it made any fraudulent misrepresentations, and lacks information sufficient to admit or deny Plaintiff's claims in Paragraph 1, and therefore they are denied.

2. Defendant denies that Plaintiff's Second Amended Complaint addresses the deficiencies raised in various defendants motions to dismiss, and denies that Plaintif has standing to seek justice for "approximately 65,000 investors."

3. Defendant lacks information sufficient to admit or deny Paragraph 3, and therefore it is denied.

4. Defendant lacks information sufficient to admit or deny Paragraph 4, and therefore it is denied.

5. Defendant lacks information sufficient to admit or deny Paragraph 5, and therefore it is denied.

6. Defendant lacks information sufficient to admit or deny Paragraph 6, and therefore it is denied.

7. Defendant lacks information sufficient to admit or deny Paragraph 7, and therefore it is denied.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant denies that Brda orchestrated any fraudulent schemes involving TRCH and MMTLP.

10. Defendant denies that McCabe misrepresented NBH's asset valuations.

11. Defendant denies that there is any amount in controversy in excess of $75,000.

12. Defendant does not dispute that venue is proper in this District Court.

13. Defendant lacks information sufficient to admit or deny that Plaintiff has "CEFI expertise in investigating complex fraud," but admits that Plaintiff purchased TRCH and MMTLP.

14. Defendant denies that any shares were valued at $2,500-$5,000 each, or that it engaged in any misconduct.

15. Defendant objects to Plaintiff's citation to Exhibit AA, which purports to be a "SEC Complaint Against Brda."

16. Defendant NBH admits that MMTLP was a Series A Preferred Share that was not intended to be traded. Defendant objects to Plaintiff's citation to "ECF No. 62. P. 6).

17. Defendant lacks information sufficient to admit or deny any of the allegations contained in paragraph 17, and therefore the allegations are denied.

17.1 Defendant denies that any shares were sold or purchased at $100,000 per share or at $200,000 per share, or that Plaintiff's shares are valued between $65,250,000 and $130,500,000. Defendant further denies any misconduct by NBH, and objects to Plaintiff's exhibits AE, D.

19. Defendant denies any fraud regarding "the TRCH/MMTLP fraud" and further denies that Plaintiff was harmed. Defendant lacks information sufficient to admit or deny the remainder of Paragraph 19, and therefore it is denies.

20. Defendant NBH denies the allegations in Paragraph 20.

21. NBH denies the allegations in Paragraph 21.

22. Paragraph 22 is unintelligible as written, but Defendant denies any allegations contained in Paragraph 22.

23. Defendant denies any misconduct and denies the allegations in Paragraph 23.

24. Defendant restates its admissions and denials contained in paragraphs 1-23.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

26.1 Defendant denies the allegations contained in Paragraph 26.1.

27. Defendant restates its admissions and denials contained in paragraphs 1-27.

28. Defendant denies the allegations in Paragraph 28.

28.1 Defendant denies the allegations contained in Paragraph 28.1

29. Defendant restates its admissions and denials contained in paragraphs 1-29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant restates its admissions and denials contained in paragraphs 1-33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant restates its admissions and denials contained in paragraphs 1-34.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant restates its admissions and denials contained in paragraphs 1-36.

38. To the extent that Paragraph 38 asserts allegations, those allegations are denied.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies that Plaintiff is entitled to compensatory damages, or that he is entitled to "proportional damages for 65,000 investors harmed," or that he is entitled to treble damages, punitive damages, or any injunctive relief. Defendant further denies that Plaintiff is entitled to any "disgorgement of unjust profits", costs and expenses, or any declaratory relief.

## C. AFFIRMATIVE DEFENSES

1. Defendant would show that Plaintiff's claims are barred, in whole or in part, because of an assumption of the risk.

2. Defendant would show that Plaintiff's claims are barred, in whole or in part, because of lack of falsity.

3. Defendant would show that Plaintiff's claims are barred, in whole or in part, because of waiver and estoppel, as Plaintiff only desired to sell shares if there was a "short squeeze," and not on the basis of truth or falsity of information provided by Defendant.

4. In the alternative, Defendant NBH would show that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages in anticipation of a potential short squeeze.

5. In the alternative, in the event that Plaintiff proves Defendant NBH made misrepresentations, which are expressly denied, Defendant would show that any alleged misstatements were not the principal cause for any decline in the value of the security.

6. In the alternative, in the event that Plaintiff proves Defendant NBH made misrepresentations, which are expressly denied, Defendant would show that any alleged misstatements were not material and Plaintiff would have purchased such securities even absent such an alleged misstatement due to the potential for a "short squeeze."

7. In the alternative, Defendant would show that Plaintiff's claims are barred, in whole or in part, because it acted in good faith.

8. In the alternative, Defendant would show that Plaintiff's claims are barred, in whole or in part, because his own negligence caused or contributed to his alleged injuries.

9. In the alternative, Defendant would show that there were new and independent causes that intervened and broke any causal connection between any alleged negligence of Defendant NBH and Plaintiff's injuries.

10. Defendant reserves the right to assert such other and further defenses that become available through discovery in this case.

Respectfully submitted,

BY: */S/ J. Paul Manning*
J. PAUL MANNING
  State Bar No. 24002521
  jpmanning@lubbocklawfirm.com
JOSHUA D. FROST
  State Bar No. 24097711
  jfrost@lubbocklawfirm.com
**FIELD MANNING STONE AYCOCK P.C.**
2112 Indiana Avenue
Lubbock, Texas 79410-1499
806/792-0810 (Telephone)
806/792-9148 (Facsimile)

ATTORNEYS FOR DEFENDANT **NEXT BRIDGE HYDROCARBONS, INC**.

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on July 2, 2025
.

*/s/ Joshua D. Frost*

Joshua D. Frost