Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS**

**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| CONTIQUE WILLCOT, | Case No. 7:24-CV-00317-DC-RCG |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO** |
| vs. | **DEFENDANTS JOHN BRDA AND** |
| | **GREGORY MCCABE'S MOTION TO** |
| SECURITIES AND EXCHANGE | **DISMISS THE SECOND AMENDED** |
| COMMISSION ET AL, | **COMPLAINT** |
| Defendant | |

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this Opposition to

Defendants John Brda and Gregory McCabe's Motion to Dismiss the Second Amended

Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 92,

hereinafter "MTD"). For the reasons set forth below, the Court should deny the MTD in

its entirety. Plaintiff's SAC states plausible claims for relief under the applicable legal

standards, including the heightened pleading requirements of Rule 9(b) and the Private

Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4. The SAC is supported

by robust evidence, including public filings, brokerage statements, and regulatory

admissions, which demonstrate Defendants' central roles in a fraudulent scheme that

caused catastrophic harm to Plaintiff and approximately 65,000 investors.


This Opposition also addresses how the arguments herein encapsulate claims against

Next Bridge Hydrocarbons, Inc. ("NBH"), as McCabe serves as NBH's CEO and

Chairman, and Brda's actions are inextricably linked to NBH's post-spin-off conduct. NBH's recent response to Plaintiff's opposition to its own MTD (Doc. 91, hereinafter "NBH Reply") underscores the interconnected nature of these Defendants' misconduct, including NBH's admissions of valuation errors and deficient disclosures that implicate Brda and McCabe. By denying this MTD, the Court will advance the truth-seeking process, allowing discovery to uncover the full extent of the scheme involving all three entities.

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ........................................................................................... 3

A. The TRCH/MMAT Merger and MMTLP Creation ....................................................... 3

B. Defendants' Misrepresentations and the Unauthorized Trading of MMTLP ................. 4

C. FINRA's U3 Halt and the Resulting Harm ..................................................................... 6

D. NBH's Admissions and the Interconnection with Brda and McCabe ............................. 7

III. LEGAL STANDARDS ..................................................................................................

9

A. Rule 12(b)(6) Standard .................................................................................................. 9

B. Rule 9(b) and PSLRA Standards ................................................................................. 10

IV. ARGUMENT ...................................................................................................................

11

A. Plaintiff Has Statutory Standing Under Section 10(b) ................................................ 11

B. Plaintiff Adequately States a Section 10(b) and Rule 10b-5 Claim (Count I) ............... 14

    1.  Plaintiff Alleges Purchases and Sales of MMTLP Shares ....................................... 14

2.   Plaintiff Adequately Alleges Scienter as to Brda and McCabe .............................. 16

3.   Plaintiff Adequately Alleges Loss Causation ........................................................ 20

C. Plaintiff's Derivative and Secondary Claims Are Well-Pled ........................................... 23

1.   Plaintiff States a Claim Under the Sherman and Clayton Acts (Count II) ............... 23

2.   Plaintiff States a Claim for Negligence (Count III) ................................................ 28

3.   Plaintiff States a Claim for Unjust Enrichment (Count V) ...................................... 30

V. THE INTERCONNECTION WITH NBH AND RESPONSE TO NBH'S

POSITION ................ 32

VI. CONCLUSION AND PRAYER FOR RELIEF .......................................................................

34

CERTIFICATE OF SERVICE ........................................................................................................

35

# I. INTRODUCTION

Defendants John Brda and Gregory McCabe's MTD is a transparent attempt to evade

accountability for their central roles in a sophisticated securities fraud scheme that

devastated Plaintiff and tens of thousands of investors. As former CEO of Torchlight

Energy Resources, Inc. ("TRCH") and advisor to Meta Materials, Inc. ("MMAT"), Brda

orchestrated misrepresentations about TRCH's asset valuations and the purpose of the

Series A Preferred Shares ("MMTLP"), inducing investors like Plaintiff to purchase

shares in reliance on false promises of value. McCabe, as former TRCH Chairman and

current CEO and Chairman of NBH—the entity spun off from MMAT—perpetuated

these misrepresentations, including through deficient disclosures that facilitated

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

unauthorized trading and the Financial Industry Regulatory Authority's ("FINRA")
unprecedented U3 trading halt on December 9, 2022. This halt locked Plaintiff out of a
short squeeze, preventing sales at $100,000–$200,000 per share and causing losses of
$65,250,000–$130,500,000 on his 26,100 MMTLP shares.

The SAC (Doc. 73) meticulously details these allegations, supported by brokerage
statements (Exs. V, W, AE), E*Trade sell orders (Ex. D), FINRA's Threshold Security
List showing persistent fails-to-deliver ("FTDs") (Exs. S, U), and the U.S. Securities and
Exchange Commission's ("SEC") complaint against Brda confirming his manipulative
scheme (Ex. AA). NBH's own Form 8-K filed March 21, 2025 (hereinafter "NBH 8-K"),
admits errors in valuing the Orogrande Project assets—TRCH's core holdings—and
reversing a 100% impairment, directly corroborating Plaintiff's claims of overstated
valuations that induced reliance. NBH's December 20, 2022 press release omits any
mention of the U3 halt, further evidencing a pattern of deceptive omissions under
McCabe's leadership.

These facts not only defeat Brda and McCabe's MTD but encapsulate claims against
NBH. McCabe's dual roles tie NBH's post-spin-off conduct (e.g., deficient corporate
action notices under FINRA Rule 6490) to the earlier fraud, while Brda's scheme laid the
foundation for NBH's existence. NBH's Reply (Doc. 91) underscores the interconnected
nature of these Defendants' misconduct, including NBH's admissions of valuation errors
and deficient disclosures that implicate Brda and McCabe. NBH's objections to evidence
(e.g., SEC links) are meritless, as the Court may take judicial notice of public records,

and attachments in prior filings (e.g., Doc. 87 Exs.) cure any issues. NBH's adoption of Brda/McCabe's arguments further highlights interconnection. By denying this MTD, the Court will advance the truth-seeking process, allowing discovery to uncover the full extent of the scheme involving all three entities.


## II. FACTUAL BACKGROUND

The SAC incorporates detailed factual allegations, supported by exhibits, which the Court must accept as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Judicial notice is requested for public SEC filings, press releases, and regulatory documents cited herein, as they are verifiable and central to the claims. Fed. R. Evid. 201(b)(2); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). NBH's objections to links (NBH Reply at 1-2) are unavailing; prior attachments (Doc. 87 Exs. A-D) provide the documents, and the Court may notice SEC filings independently.


### A. The TRCH/MMAT Merger and MMTLP Creation

In June 2021, TRCH merged with MMAT, executing a 1-for-2 reverse split and distributing MMTLP as a non-tradable placeholder for NBH shares (SAC ¶ 15). Brda, as TRCH CEO, and McCabe, as Chairman, repeatedly disclosed MMTLP's non-tradable intent in proxy statements, warning of no market development and potential dilution (MTD at 2; SAC ¶ 16, Ex. AA). However, these disclosures were misleading, as Brda's scheme—confirmed by the SEC's June 25, 2024 complaint—involved manipulating TRCH stock via a short squeeze and MMTLP dividend, raising $137.5 million through an ATM offering (SAC ¶ 20, Ex. AA at 1-9, 36-37). Brda earned a $1.5 million bonus for

this misconduct (id. at 37).

McCabe, holding a 4.5% overriding royalty interest ("ORRI") in Orogrande pre-2014, facilitated asset swaps that undervalued TRCH holdings (SAC ¶ 10; Opposition Ex. D). Public X posts criticize these swaps as self-dealing, e.g., McCabe exchanging 22.6% Orogrande interest for 56 million NBH shares in 2023, amid suspicions of insider knowledge (Opposition Ex. K; Opposition Ex. L; Opposition Ex. M; Opposition Ex. O). The proxy hyped Orogrande as containing 3.2 billion barrels, despite dry wells and non-viable oil (SAC ¶ 15; Opposition Ex. E; Opposition Ex. F; Opposition Ex. I).

Plaintiff, relying on these representations, received 1,182 MMTLP shares from the merger and purchased an additional 24,918 shares between January and December 2022, holding 26,100 by the halt (SAC ¶ 14, Exs. V, W, AE).

**B. Defendants' Misrepresentations and the Unauthorized Trading of MMTLP**

FINRA enabled GTS's illegal trading by approving outdated 2012 TRCH data, despite MMTLP's non-tradable intent (SAC ¶ 17, Exs. B, C). GTS, as sole market maker, created synthetic shares and enabled naked short selling from October 7, 2021, inflating prices during Plaintiff's purchases (SAC ¶ 17, Exs. A, S; TD Ameritrade email, Oct. 14, 2021). FINRA's Threshold List showed over 10,000 daily FTDs, peaking at 215,238, but reported zero on December 12, 2022, suggesting falsification (SAC ¶ 17, Exs. S, U, V, W).

Brda and McCabe's misrepresentations induced reliance: Brda's January 20, 2023

statement confirmed MMTLP's non-tradable intent (SAC ¶ 16), yet his 2020-2021 scheme hyped assets (Ex. AA). McCabe, as NBH CEO, oversaw the prospectus lacking key dates, causing confusion (SAC ¶ 21, Ex. M). NBH's 8-K admits improper fair value adjustments and impairments for Orogrande post-spin-off, reverting to historical basis and reversing 100% impairment (NBH 8-K at Item 4.02). This confirms overstated pre-spin-off valuations under Brda/McCabe's watch. NBH's Reply (at 3-4) claims no tie to purchases, but the SAC links misreps in 2020-2021 ATM/proxy (pre-purchase) to induced buys, with post-docs evidencing ongoing fraud.

The SEC knew of TRCH fraud since July 12, 2019, via complaints (SAC ¶ 19, Exs. H, I, AD), but failed to act, enabling harm. Payments to Professor James J. Angel ($1,144,000) suggest bias (SAC ¶ 19, Ex. G).

### C. FINRA's U3 Halt and the Resulting Harm

On December 9, 2022, FINRA imposed an opaque U3 halt citing "settlement uncertainty," violating SEC Rule 10b-17's notice requirement (SAC ¶ 17, Ex. I). This blocked a short squeeze, with E*Trade orders at $100,000–$200,000 per share (SAC ¶ 17.1, Exs. AE, D). On December 13, 2022, MMTLP exchanged 1:1 for NBH shares valued "NA," erasing value (SAC ¶ 21, Ex. W). NBH's Reply (at 5-6) claims harm from halt alone, not misreps, but SAC ¶ 26.1 ties misreps to inflation/causation.

Plaintiff's losses: 26,100 shares at $2,500–$5,000 each absent misconduct, totaling $65,250,000–$130,500,000 over 912 days (SAC ¶¶ 14, 17.1). This harm extends to

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

65,000 investors (SAC ¶ 1, Ex. I).

### D. NBH's Admissions and the Interconnection with Brda and McCabe

NBH's 8-K (March 21, 2025) admits valuation errors tied to the spin-off, implicating Brda (former TRCH CEO) and McCabe (NBH CEO). The Orogrande lease termination by UL (expiring Dec. 31, 2024) was due to non-development, missed royalties ($1,144,780.09 plus interest), and failure to drill five wells (Opposition Ex. B; Opposition Ex. C; Opposition Ex. E; Opposition Ex. F; Opposition Ex. G; Opposition Ex. H; Opposition Ex. I; Opposition Ex. J). McCabe offered to pay royalties and increase them tenfold to $1,340,000 annually, but UL rejected, suggesting external influence (Opposition Ex. N; Opposition Ex. E; Opposition Ex. B).

X posts reveal insider suspicions: McCabe "made the most selling MMTLP" then "never paid rent," losing assets (Opposition Ex. H; Opposition Ex. I; Opposition Ex. J; Opposition Ex. M; Opposition Ex. O; Opposition Ex. P). His swaps (e.g., 22.6% Orogrande for 56M NBH shares) are called self-dealing, trapping shareholders without a CUSIP (Opposition Ex. K; Opposition Ex. L; Opposition Ex. M; Opposition Ex. O). Broader sentiment labels NBH a "scam from Day One" (no oil, missed payments), tying to false valuations (Opposition Ex. I; Opposition Ex. O; Opposition Ex. P; Opposition Ex. Q). Additional X posts question McCabe's motives in keeping NBH alive amid evidence concealment (Opposition Ex. V).

NBH's Reply (Doc. 91) underscores the interconnected nature of these Defendants'

misconduct, including NBH's admissions of valuation errors and deficient disclosures

that implicate Brda and McCabe. NBH's objections to evidence are baseless, as prior

attachments cure issues, and it adopts Brda/McCabe's arguments, highlighting ties.

University Lands records confirm the lease structure and board oversight, further

evidencing regulatory context for the alleged breaches (Opposition Ex. W).


### III. LEGAL STANDARDS

**A. Rule 12(b)(6) Standard**

To survive dismissal, the complaint must allege facts that, accepted as true, state a

plausible claim. Iqbal, 556 U.S. at 678. Plausibility requires "more than a sheer

possibility" of misconduct but not detailed evidence. Id. Courts disregard conclusory

allegations but draw reasonable inferences for the plaintiff. Twombly, 550 U.S. at 555-

56. Pro se pleadings are liberally construed. Erickson, 551 U.S. at 94. Judicial notice of

public records is appropriate without converting to summary judgment. Collins, 224 F.3d

at 498-99. NBH's Reply objections (at 1-2) ignore this; Court may notice independently.


**B. Rule 9(b) and PSLRA Standards**

Fraud claims require particularity: who, what, when, where, and how. Dorsey v. Portfolio

Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). The PSLRA demands specification of

misleading statements, reasons why, and facts supporting scienter as a "strong inference."

15 U.S.C. § 78u-4(b)(1)-(2); Southland Sec. Corp. v. INSpire Ins. Sols., Inc., 365 F.3d

353, 364 (5th Cir. 2004). Scienter is intent to deceive or severe recklessness. Alaska Elec.

Pension Fund v. Flotek Indus., Inc., 915 F.3d 975, 981 (5th Cir. 2019). Group pleading is

disallowed; allegations must distinguish defendants. Owens v. Jastrow, 789 F.3d 529, 537

(5th Cir. 2015). NBH's Reply (at 4) claims group pleading, but SAC distinguishes roles.


## IV. ARGUMENT

### A. Plaintiff Has Statutory Standing Under Section 10(b)

Defendants' standing argument fails. Section 10(b) requires a "purchase or sale" of

securities. 15 U.S.C. § 78j(b); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723,

731 (1975). The SAC demonstrates Plaintiff purchased 24,918 MMTLP shares between

January and December 2022 (SAC ¶ 14, Exs. V, W, AE: Fidelity—22,920 purchased

Jan.-Mar. 2022, 2,625 Apr.-Dec.; TD Ameritrade—687 purchased Apr.-Sep.), plus 1,182

from the merger, totaling 26,100. These are actual purchases, not "mere retention."

Contra Krim v. BancTexas Grp., Inc., 989 F.2d 1435, 1443 n.7 (5th Cir. 1993).


Defendants mischaracterize Plaintiff as a "holder" (MTD at 5-6), ignoring documented

buys. E*Trade orders at $100,000–$200,000 per share (Ex. D: 1,000 shares at $100,000

on Dec. 9; 1,000 at $200,000 on Dec. 11) show intent to sell blocked by the halt, but

purchases alone confer standing. Amorosa v. AOL Time Warner Inc., 409 F. App'x 412,

417 (2d Cir. 2011) (intent insufficient without transaction, but here purchases exist).


Misrepresentations induced purchases: Brda's scheme hyped TRCH assets (Ex. AA);

McCabe's role in Orogrande swaps overstated value (SAC ¶ 10; Opposition Ex. D;

Opposition Exs. K, L, M, O). NBH's 8-K admits errors, confirming reliance (Opposition

Ex. A). NBH's Reply (at 2-3) claims post-purchase docs irrelevant, but misreps in 2020-

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

2021 ATM/proxy (pre-purchase) induced buys; later docs evidence pattern. This interconnection implicates NBH via McCabe's leadership.

Standing is established; dismissal would be error.

### B. Plaintiff Adequately States a Section 10(b) and Rule 10b-5 Claim (Count I)

The SAC pleads misstatement/omission, materiality, scienter, reliance, and causation. Southland, 365 F.3d at 362.

### 1. Plaintiff Alleges Purchases and Sales of MMTLP Shares

Defendants claim no "connection with the purchase or sale" (MTD at 6-7), but ignore SAC ¶¶ 14, 26.1 (purchases induced by misrepresentations). Brda/McCabe's proxy statements warned of non-tradability but hyped Orogrande (SAC ¶ 16), while Brda's scheme inflated prices (Ex. AA). McCabe's swaps and NBH disclosures under his watch perpetuated fraud (Opposition Exs. K, L, M, O).

Particularity met: Who (Brda/McCabe); What (misrepresented valuations, non-tradable intent); When (2020-2021 ATM, proxy); Where (SEC filings, press releases); How (induced purchases via hype, leading to synthetic shares/FTDs). Dorsey, 540 F.3d at 339. NBH's Reply (at 3-4) claims no tie, but SAC links pre-purchase misreps; post-docs confirm ongoing fraud.

NBH's Reply claims insufficient tie, but McCabe's role links NBH.

### 2. Plaintiff Adequately Alleges Scienter as to Brda and McCabe

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN BRDA AND GREGORY MCCABE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 11

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

Scienter is pled with particularity, creating a "strong inference" as compelling as non-fraudulent alternatives. Tellabs, 551 U.S. at 324.

For Brda: SEC complaint details 2020-2021 scheme manipulating TRCH via short squeeze/MMTLP, raising $137.5M and $1.5M bonus (Ex. AA at 1-9, 36-37). Brda's January 20, 2023 statement admits non-tradability (SAC ¶ 16), yet enabled trading. Wells Notice (MMAT 8-K) and SEC awareness since 2019 (Exs. H, I) show recklessness. Inference: Brda intended deception for personal gain.

For McCabe: As TRCH Chairman during scheme and NBH CEO, oversaw Orogrande hype despite dry wells (Opposition Exs. E, F, I). NBH 8-K admits impairments/reversals under his watch. Swaps (22.6% Orogrande for 56M NBH shares) amid lease issues suggest self-dealing (Opposition Exs. K, L, M, O, P). Missed royalties ($1.144M) and UL rejection despite 10x offer indicate insider knowledge (Opposition Ex. N; Opposition Exs. B, C). X posts accuse "scam from Day One" (Opposition Exs. I, O, P, Q). Inference: McCabe recklessly disregarded risks for benefit.

No group pleading: SAC distinguishes Brda (scheme orchestration) and McCabe (asset misreps, disclosures) (SAC ¶¶ 9-10, 25-26). Owens, 789 F.3d at 537. NBH's Reply (at 4-5) claims group pleading/no scienter, but SAC specifies roles; admissions show recklessness.

NBH's admissions tie to McCabe, encapsulating claims.

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

**3. Plaintiff Adequately Alleges Loss Causation**

Loss causation requires a causal link between misrepresentations and loss. Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342 (2005). SAC ¶¶ 17.1, 26.1 allege misrepresentations inflated prices, halt prevented squeeze, causing $65M-$130M loss (Exs. AE, D: high orders).

Brda/McCabe's hype induced purchases; halt—facilitated by deficient notices under McCabe—erased value (SAC ¶ 21, Ex. W "NA"). NBH 8-K confirms overstatements led to impairments. FTDs peaked at 215,238 (Ex. S), but zero reported post-halt, suggesting cover-up.

Proximate cause: Misreps "touched upon" loss, Dura at 343; Lormand v. US Unwired, Inc., 565 F.3d 228, 258 (5th Cir. 2009). Independent of halt, antitrust injury from collusion (SAC ¶ 28). NBH's Reply (at 5-6) claims halt superseding cause, but SAC ties misreps to inflation/enablement; Egervary v. Young, 366 F.3d 238 (3d Cir. 2004) inapposite as halt flowed from deficiencies.

NBH's Reply asserts no loss causation from misreps, reinforcing interconnection.

**C. Plaintiff's Derivative and Secondary Claims Are Well-Pled**

**1. Plaintiff States a Claim Under the Sherman and Clayton Acts (Count II)**

Antitrust claims require agreement restraining trade or monopolization, market definition, and injury. 15 U.S.C. §§ 1-2; MM Steel, L.P. v. JSW Steel (USA) Inc., 806 F.3d 835, 843 (5th Cir. 2015). SAC ¶¶ 27-28.1 plead collusion in U.S. OTC energy securities market

Case No. 7:24-CV-00317-DC-RCG **MIDLAND/ODESSA DIVISION**

(OOTC/OTCBB platforms, high barriers via FINRA oversight), with peers like Abraxas Petroleum (Ex. B). NBH's Reply (at 6-8) claims no market/agreement/injury, but SAC defines market with barriers (¶ 28); collusion via misreps/synthetics (¶ 28.1); injury from inflation/halt (independent, ¶ 28).

Agreement: Brda/McCabe colluded with GTS/NBH via misreps enabling synthetic shares, inflating prices 200% (Ex. S). McCabe's swaps amid lease failures suggest coordination (Opposition Exs. K, L, M). NBH 8-K admits errors facilitating manipulation. Not limited to non-competitors; vertical collusion actionable if restraining trade. New Orleans Ass'n of Cemetery Tour Guides & Co. v. New Orleans Archdiocesan Cemeteries, 56 F.4th 1026, 1035 (5th Cir. 2023).

Market Power: GTS exclusive trading (Ex. A); Brda/McCabe controlled hype/valuations. Market share inferred from MMTLP dominance, barriers (compliance costs). Apani Sw., Inc. v. Coca-Cola Enters., Inc., 300 F.3d 620, 625 (5th Cir. 2002) inapposite; SAC pleads dominance.

Injury: Independent of halt, losses from inflated purchases (SAC ¶ 28). Treble damages under Clayton Act (15 U.S.C. § 15). Not "expected gain loss"; causation from misreps/inflation. Oklahoma Firefighters Pension & Ret. Sys. v. Deutsche Bank Aktiengesellschaft, 2024 WL 420268 (S.D.N.Y. Sept. 13, 2024) distinguishable; SAC ties to trades.

NBH's involvement via McCabe encapsulates claims; Reply denies but admissions

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN BRDA AND GREGORY MCCABE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 14

Case No. 7:24-CV-00317-DC-RCG   **MIDLAND/ODESSA DIVISION**

confirm.

### 2. Plaintiff States a Claim for Negligence (Count III)

Negligence requires duty, breach, causation, damages. Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 1998). Duty to act reasonably in securities (Restatement (Second) of Torts § 283). Brda/McCabe breached via misreps (SAC ¶ 31); NBH 8-K confirms. Causation: Induced purchases, halt losses (SAC ¶ 32). NBH's Reply (at 9-10) claims no duty/breach/causation; but Duperier v. Texas State Bank, 28 S.W.3d 740 (Tex. App.—Corpus Christi 2000) supports securities duty; halt not superseding (flowed from deficiencies); Camp v. Qualcomm Inc., 2020 WL 1157192 (S.D. Cal. Mar. 10, 2020) inapposite.

Not duplicative of fraud; alternative theory. Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976) bars negligence for 10(b), but state claim stands. Supplemental jurisdiction warranted; federal claims survive. 28 U.S.C. § 1367.

NBH tied via McCabe.

### 3. Plaintiff States a Claim for Unjust Enrichment (Count V)

Unjust enrichment requires benefit at Plaintiff's expense. SAC ¶ 36: Brda's $1.5M bonus (Ex. AA); McCabe's swaps (Opposition Ex. K). Though not independent under Texas law, Denicus v. Bosacker, 2021 WL 2715998, at *8 (W.D. Tex. Jan. 26, 2021), pursue as remedy (disgorgement). NBH's Reply (at 9) claims no benefit; but 8-K errors under McCabe show enrichment from inflation/misreps.

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

NBH's errors under McCabe show enrichment.

## V. THE INTERCONNECTION WITH NBH AND RESPONSE TO NBH'S POSITION

Arguments against Brda/McCabe encapsulate NBH: McCabe's CEO role links NBH's 8-K admissions and lease failures to fraud. Brda's scheme birthed NBH. NBH's Reply (Doc. 91) underscores the interconnected nature of these Defendants' misconduct, including NBH's admissions of valuation errors and deficient disclosures that implicate Brda and McCabe. NBH's objections to evidence are baseless, as prior attachments cure issues, and it adopts Brda/McCabe's arguments, highlighting ties. Discovery will reveal full ties, including Blue Sheets (SAC ¶ 23). Recent announcements, such as NBH's Letter of Intent to Acquire Louisiana Heritage Play (Opposition Ex. R), demonstrate McCabe's continued efforts to expand assets amid prior losses, further evidencing the ongoing nature of the scheme and potential for misleading investors about NBH's viability.

## VI. CONCLUSION AND PRAYER FOR RELIEF

The Court should deny the MTD. Plaintiff prays for denial, jurisdictional discovery if needed, costs, and such other relief as just.

DATED: July 16, 2025

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct

Pembroke Pines, FL 33023

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN BRDA AND GREGORY MCCABE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 16

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

(954) 274-5173

contiq9@yahoo.com

### CERTIFICATE OF SERVICE

Served via CM/ECF on July 16, 2025, to all counsel.

/s/ Contique Willcot

### *TABLE OF EXHIBITS*

| Exhibit | Description | How it Bolsters the Opposition |
|---|---|---|
| Opposition Ex. A | Next Bridge Hydrocarbons, Inc. Form 8-K, filed March 21, 2025 (Item 4.02 Non-Reliance on Previously Issued Financial Statements, admitting valuation errors and reversing impairment for Orogrande Project) | Corroborates Plaintiff's claims of overstated asset valuations and impairments, directly supporting allegations of misrepresentations and fraud under Section 10(b), scienter, and loss causation by evidencing ongoing deceptive practices tied to Brda and McCabe. (See Item 4.02, approx. lines 85-110) |
| Opposition Ex. B | Press Release "Next Bridge Hydrocarbons Announces Texas University Lands System Decision," PRNewswire, October 8, 2024 | Demonstrates the official announcement of the Orogrande lease termination, bolstering claims of asset mismanagement and non-development under McCabe's leadership, which ties into self-dealing and negligence |

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

| Exhibit | Description | How it Bolsters the Opposition |
|---------|-------------|-------------------------------|
| | | arguments. |
| Opposition Ex. C | Next Bridge Hydrocarbons, Inc. Form 10-Q, filed 2024, mentioning triggering event for potential expiration of Orogrande Project lease on December 31, 2024 | Provides regulatory documentation of lease expiration risks, supporting evidence of deficient disclosures and valuation errors that induced investor reliance and contributed to losses. (See Notes to Condensed Consolidated Financial Statements, page 17) |
| Opposition Ex. D | Next Bridge Hydrocarbons Announces Receiving Further SEC Comments, Dennard Lascar Associates, LLC, February 21, 2025 (regarding SEC comments on impairment for Orogrande) | Highlights SEC scrutiny on asset impairments, reinforcing claims of fraudulent valuations and scienter by showing regulatory awareness of issues linked to Brda and McCabe's conduct. |
| Opposition Ex. E | Next Bridge Hydrocarbons, Inc. Form 10-K, filed 2024, mentioning potential expiration of Orogrande Project lease on December 31, 2024 | Documents potential lease loss in annual report, bolstering arguments for misrepresentation of asset viability and supporting loss causation from the halt and value erasure. (See Part I, Items 1 and 2. Business and Properties, pages 5-6; also explanatory note before page 1) |

Case No. 7:24-CV-00317-DC-RCG    **MIDLAND/ODESSA DIVISION**

| Exhibit | Description | How it Bolsters the Opposition |
|---|---|---|
| Opposition Ex. F | Next Bridge Hydrocarbons, Inc. Form 10-Q, filed November 13, 2024, mentioning expiration of Orogrande Project lease | Further evidences lease expiration in quarterly filings, underscoring pattern of omissions and mismanagement that facilitated the fraudulent scheme. (See Note 4 - Oil & Natural Gas Properties, pages 17-19) |
| Opposition Ex. G | Reddit post "$MMTLP Next Bridge loses the Orogrande oil and gas assets after University Lands...," r/MMTLP_, October 9, 2024 | Reflects public investor discourse on asset losses, supporting broader harm to investors and tying into unjust enrichment and antitrust claims through evidence of scheme's impact. |
| Opposition Ex. H | X Post by @RareDealsHere (ID: 1843864765409702404), October 9, 2024, discussing Greg McCabe investing millions in Orogrande but losing assets | Illustrates suspicions of insider knowledge and mismanagement, bolstering scienter allegations against McCabe by showing public criticism of his role in asset devaluation. |
| Opposition Ex. I | X Post by @RedHeelzz (ID: 1888239101914022363), February 8, 2025, about McCabe offering to increase royalties tenfold but rejected by University Lands | Provides evidence of McCabe's failed attempts to salvage the lease, supporting claims of self-dealing and external influences that contributed to investor entrapment and losses. |

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN BRDA AND GREGORY MCCABE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 19

Case No. 7:24-CV-00317-DC-RCG   **MIDLAND/ODESSA DIVISION**

| Exhibit | Description | How it Bolsters the Opposition |
|---|---|---|
| Opposition Ex. J | X Post by @RedHeelzz (ID: 1874144952604631311), December 31, 2024, about trapped shorts contacting University Lands to undermine NBH | Suggests external interference in lease decisions, bolstering antitrust and collusion claims by linking short sellers to events that exacerbated harm from the U3 halt. |
| Opposition Ex. K | X Post by @JunkSavvy (ID: 1874150311759118683), December 31, 2024, about emails revealing efforts to preserve Orogrande leases and trapped actors contacting University Lands | Reveals communications on lease preservation amid suspicions, supporting scienter and fraud claims by evidencing awareness of risks and potential manipulative influences. |
| Opposition Ex. L | X Post by @MikeQfishing (ID: 1943076669490663590), July 9, 2025, defending CEOs and focusing on criminals involved | Highlights public debate on insider misconduct, bolstering the opposition by showing community recognition of criminal elements, tying to overall fraud scheme allegations. |
| Opposition Ex. M | X Post by @KarmaCollects (ID: 1874162437672624641), December 31, 2024, praising McCabe's efforts to salvage the University Lands lease | Contrasts praise with failures, underscoring McCabe's central role in asset management, supporting negligence and unjust enrichment claims through evidence of failed oversight. |

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN BRDA AND GREGORY MCCABE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 20

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

| Exhibit | Description | How it Bolsters the Opposition |
|---|---|---|
| Opposition Ex. N | X Post by @PaulusGreatus (ID: 1943401781364453639), July 10, 2025, holding McCabe responsible for losing Orogrande as CEO | Directly accuses McCabe of responsibility for asset loss, bolstering scienter and negligence by providing public testimony to his reckless disregard for investor interests. |
| Opposition Ex. O | X Post by @Greenhills303 (ID: 1844361737631347018), October 10, 2024, demanding answers from McCabe on lease loss and risks to shareholders | Demands accountability for lease loss impacts, supporting loss causation and standing by showing direct harm to shareholders from misrepresentations and halt. |
| Opposition Ex. P | X Post by @Paidcommercials (ID: 1943065407633658327), July 9, 2025, labeling NBH a scam and accusing Brda and McCabe of taking investors' money | Labels the entity a scam, bolstering fraud and unjust enrichment claims by evidencing public perception of deceptive practices and personal gains by defendants. |
| Opposition Ex. Q | X Post by @XxXBaylieeXxX (ID: 1944868950439027124), July 14, 2025, stating assets were a scam and McCabe sold the most MMTLP shares | Accuses of scam assets and insider selling, supporting scienter and self-dealing through evidence of McCabe profiting while investors suffered losses. |
| Opposition | Press Release "Next Bridge | Demonstrates McCabe's ongoing efforts to |

| Exhibit | Description | How it Bolsters the Opposition |
|---|---|---|
| Ex. R | Hydrocarbons Announces Letter of Intent to Acquire Louisiana Heritage Play," dated July 2025 | expand NBH's portfolio with new high-risk exploration prospects amid prior asset losses, bolstering claims of continued misrepresentations about company viability and potential unjust enrichment through hyped reserves (e.g., multiple TCF potential), tying into the pattern of fraud and scienter. (See page 2 for details on prospects and McCabe's statement) |
| Opposition Ex. S | Next Bridge Hydrocarbons, Inc. Form S-1 Registration Statement, filed August 27, 2024 | Provides detailed disclosures on NBH's operations, risks, and financials, including admissions of uncertainties in asset valuations and development challenges in Orogrande, supporting claims of ongoing misrepresentations, scienter, and loss causation by highlighting persistent issues under McCabe's leadership. (See Risk Factors section, pages 9-22) |
| Opposition Ex. T | Press Release "Next Bridge Hydrocarbons, Inc. Acquires Remaining Working Interest in | Evidences McCabe's consolidation of control over Orogrande through acquisition of remaining interests via stock issuance, |

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

| Exhibit | Description | How it Bolsters the Opposition |
|---|---|---|
| | Orogrande Project," dated March 16, 2023 | bolstering allegations of self-dealing and unjust enrichment as it shows personal gains tied to inflated valuations and investor harm. (See page 1 for transaction details and McCabe's statement) |
| Opposition Ex. U | Drilling and Development Unit Agreement 2837 between State of Texas and Founders Oil & Gas Operating, LLC et al., effective March 27, 2017 | Outlines foundational obligations for the Orogrande Project, including drilling schedules and royalty payments, supporting claims of breaches in development duties and deficient disclosures that contributed to the fraudulent scheme and halt-related losses. (See Articles 4 and 5 for drilling requirements and compliance provisions) |
| Opposition Ex. V | Collection of X Posts criticizing McCabe's actions, including from @ggkoul (Kostas), Tony Twits, and Trading Secrets discussions, dated various 2025 | Reinforces investor suspicions of McCabe's shady dealings and evidence concealment in NBH, bolstering scienter and fraud claims by showing public scrutiny of his motives in maintaining NBH amid the MMTLP scheme. (See page 1 for post content) |
| Opposition | University Lands webpages on Oil and | Provides official context on lease |

PLAINTIFF'S OPPOSITION TO DEFENDANTS JOHN BRDA AND GREGORY MCCABE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 23

Case No. 7:24-CV-00317-DC-RCG  **MIDLAND/ODESSA DIVISION**

| Exhibit | Description | How it Bolsters the Opposition |
|---------|-------------|-------------------------------|
| Ex. W | Gas Development and Board For Lease of University Lands, accessed July 16, 2025 | management and oversight for Orogrande, supporting allegations of non-compliance with development obligations and tying into deficient disclosures under McCabe's leadership. (See pages 1-2 for office contacts and state links) |