UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT, § § § *Plaintiff*, § § vs. § § Case No. 7:24-CV-317-DC-RCG § SECURITIES & EXCHANGE § COMMISSION, GTS SECURITIES LLC, § ARI RUBINSTEIN, NEXT BRIDGE § HYDROCARBONS, INC., JOHN BRDA, § GREGORY MCCABE, FINANCIAL § INDUSTRY REGULATORY AUTHORITY, § § *Defendants*. § | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants John Brda and Gregory McCabe file this reply brief in support of their Motion to Dismiss the Second Amended Complaint (Doc. 92 ("Motion")) brought by Plaintiff Contique Willcot, and they respectfully state as follows:[1]

## INTRODUCTION

Plaintiff' opposition brief (Doc. 97 ("Opposition")) does not address the numerous failures that warrant dismissal of the Second Amended Complaint. The Opposition ignores the Motion's arguments;[2] concedes key facts; attempts to revise the Second Amended Complaint; expressly abandons causes of action; fails to mention (let alone distinguish) the Motion's authorities highlighting the Second Amended Complaint's deficiencies; and conflates defendants, as

---

[1] Capitalized terms having the meanings set forth in the Motion and any references to page numbers are to the ECF stamped filing page numbers. Brda and McCabe adopt the arguments made by the other defendants in connection with their motions to dismiss the Second Amended Complaint to the extent that they are applicable.

[2] *In re Dallas Roadster, Ltd.*, 846 F.3d 112, 125 (5th Cir. 2017) (plaintiff "abandoned the claim by failing to include any argument about the claim in response to [defendant's] motion to dismiss").

demonstrated by it repeated reference to "NBH's Reply" with the Motion filed by Brda and McCabe.

The Opposition is indecipherable. It contains conclusory thoughts, shortform abbreviations, and incomplete sentences. It reflects a fundamental misunderstanding of the Motion's arguments for dismissal. For example, the Opposition concludes "Discovery will reveal . . . blue sheets" and "Plaintiff prays for denial, jurisdictional discovery if needed." Opp. at 16. But Brda and McCabe do not have blue sheets.[3] Nor did they move for dismissal on jurisdictional grounds. Rather, the Motion seeks dismissal for failure to state a claim under Rule 12(b)(6).

Finally, Plaintiff attaches 345 pages of exhibits to his Opposition with the tagline: "How it Bolsters the Opposition." Opp. at 17–24. But all of these documents (except Exhibit U, a 2017 drilling agreement with the State of Texas) post-date Plaintiff's alleged purchase of Torchlight or MMTLP shares, and some even post-date the filing of the Complaint. *See generally id.* Indeed, rather than bolstering the Opposition, Plaintiff's exhibits further support the Motion's argument that "Mr. Brda and Mr. McCabe share Plaintiff's frustration with the unprecedented U3 trading halt implemented by FINRA without any legal authority to stop legitimate trading of preferred shares of" MMTLP." Mot. at 7. For example, Plaintiffs' exhibits provide:

- "The bottom line is someone not CEO'S started this crap and hijacked my dividend by trading it against the company's wishes!" Doc. 97-12.
- "@SECGov, @FINRA, @GaryGensler, @The_DTCC all played a role in the #MMTLPfiasco." Doc. 97-10.
- "Even crazier there are non-shareholders continuing to make up stories or throwing mud on a preferred shared dividend that was never meant to trade and has remain [sic] in a unsettled state for over 700 days. Why do they care about something they never purchase?" Doc. 97-22.

---

[3] "Electronic Blue Sheet (EBS) data files, which contain both trading and account holder information, provide regulatory agencies with the ability to analyze a firm's trading activity." FINRA, *Electronic Blue Sheets*, available at https://www.finra.org/filing-reporting/electronic-blue-sheets-ebs (last visited July 23, 2025).

## **ARGUMENTS & AUTHORITIES**

Even with all doubts resolved in favor of a *pro se* plaintiff, the federal securities claims against Brda and McCabe should be dismissed for two reasons. *First*, Plaintiff fails to establish statutory standing for his securities claims. *Second*, Plaintiff fails to plead cognizable fraud-based claims under the heightened standards of Rule 9(b) and the PSLRA. Plaintiff's tagalong secondary and state-law claims also fail to meet basic pleading standards and should be dismissed.

### I.   PLAINTIFF LACKS STATUTORY STANDING.

Brda and McCabe's primary argument is "Plaintiff's securities claims fail because he alleges no purchase or sale of securities, much less any false statement or omission made by Brda or McCabe **in connection with** any such purchase or sale." Mot. at 13 (emphasis added). A purchase made independent of a specific misrepresentation is insufficient to create standing and "[i]t is well established that mere retention of securities in reliance on material misrepresentations or omissions does not form the basis for a § 10(b) or Rule 10b–5 claim." *Id.* (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 n.7 (5th Cir. 1993)).

The Opposition attempts to cure this fundamental defect by asserting "Plaintiff, relying on these representations, received 1,182 MMTLP shares from the merger and purchased an additional 24,918 shares between January and December 2022, holding 26,100 by the halt." Opp. at 6. It is unclear what specific representations Plaintiff is referring to because they are not alleged in the Complaint. And after the halt, Plaintiff alleges in contradiction to his "holding" statement that "[o]n December 13, 2022, MMTLP shares were exchanged 1:1 for NBH shares." SAC ¶ 21.

As a result, in attempting to evade dismissal, the Opposition further underscores Plaintiff's incognizable theory. His *receipt* of shares after the merger (through the dividend) and the *exchange* of shares (from the spin-off) after the halt do not constitute a purchase or sale of securities. *See Isquith v. Caremark Int'l, Inc.*, 136 F.3d 531, 534 (7th Cir. 1998) (Posner, J.); *see*

*also Targgart v. Next Bridge Hydrocarbons, Inc.*, --- F.Supp.3d ----, 2025 WL 1831590, at *4 (N.D. Tex. July 3, 2025) ("receiving shares in a distribution does not confer standing"; dismissing Securities Act of 1933 claims against Brda and McCabe with prejudice for allegations that "Defendants made false or misleading statements leading up to the spinoff of Next Bridge from Meta Materials, Inc.").

As such, Plaintiff fails to allege he bought or sold securities in reliance on any alleged misrepresentation of Brda and McCabe; Plaintiff therefore lacks statutory standing to pursue these claims against them.

## II.    PLAINTIFF FAILS TO STATE A SECTION 10(B) OR RULE 10B-5 CLAIM (COUNT I).

### A.    *Plaintiff Fails to Allege That He Purchased or Sold MMTLP Shares in Reliance on a Statement by Brda or McCabe.*

Plaintiff's securities claims fail because he alleges no purchase or sale of securities, much less any false statement or omission made by Brda or McCabe in connection with any such purchase or sale. Plaintiff's generalized complaints are not tied to any purchase or sale of any security. He complains that "Brda's scheme hyped TRCH assets [and] McCabe's role in Orogrande swaps overstated values," Opp at 10, but he fails to allege in the Second Amended Complaint that he bought or sold shares in reliance on those portrayals.

In conclusory fashion, the Opposition asserts that "[m]isrepresentations induced purchases," Opp. at 10 (citing SAC, Ex. AA; SAC ¶ 10; Opp. Exs. D, K, L, M, O), "purchases induced by misrepresentations," Opp. at 11 (citing SAC ¶¶ 14, 26.1), and "SAC links pre-purchase mis-reps." *Id.* None of these citations relate to Plaintiff's reliance on any statement or omission by Brda or McCabe in connection with the purchase or sale of a security (let alone one that satisfies Rule 9(b)):

- SAC, Ex. AA (SEC's complaint that makes no reference to Plaintiff or Plaintiff's alleged purchase);[4]

- SAC ¶ 10 (jurisdictional description and address of McCabe);

- SAC ¶ 14 (describing how "Plaintiff held 26,100 MMTLP shares by December 2022"; does not mention Brda or McCabe);

- SAC ¶ 26.1 (without any level of specificity, "NBH, Brda, and McCabe's misrepresentations induced reliance"); and

- Opp. Exs. D, K, L, M, O (statements from late 2024 to 2025, all of which post-date Plaintiff's alleged purchase).

Whether because he fails to plead statutory standing or because he fails to invoke the federal securities laws, Plaintiff's failure to plead any connection to the purchase or sale of securities with an alleged misrepresentation made by Brda and McCabe is fatal to Plaintiff's claims. *Accord Targgart*, 2025 WL 1831590, at *5 ("Plaintiffs do not plead they purchased shares of Next Bridge—the shares they allege were issued under a misleading prospectus—although they do try to retroactively reframe their pleadings in their response to Brda's motion to dismiss.").

B.   *Plaintiff Fails to Allege Scienter as to Brda or McCabe.*

The Motion argues that Plaintiff "fails to plead the requisite fraudulent intent." Mot. at 12. Instead of identifying an allegation in the Second Amended Complaint that could constitute scienter, Plaintiff attaches 345 pages as exhibits to his Opposition in support of an unpled scienter theory. "[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion

---

[4] Plaintiff fails to respond to the Motion's argument that "the SEC's complaint is just unproven allegations and proof of nothing." Mot. at 7 n.1.

to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504 (S.D. Tex. 2011).

Plaintiff has not pleaded scienter and exhibits attached to the Opposition cannot cure the live pleading. Absent an allegation of scienter on the part of Brda and McCabe, backed by particularized facts that satisfy Rule 9(b), Plaintiff's securities fraud claim against them cannot stand as pled. *See Dawes v. Imperial Sugar Co.*, 975 F.Supp.2d 666, 700 (S.D. Tex. 2013) (dismissing securities fraud claim for failure to allege scienter).

### C. Plaintiff Does Not Adequately Allege Loss Causation.

The Motion argues that "Plaintiff's claims should be dismissed because he fails to plead loss causation, or 'a causal connection between the material misrepresentation and the loss.'" Mot. at 15 (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005)). Without any details, Plaintiff argues "halt prevented squeeze, causing $65M-$130M loss" and "SAC ties misreps to inflation/enablement." Opp. at 13. Plaintiff asserts, without any explanation or analysis, that the Motion's authority is "inapposite as halt flowed from deficiencies." *Id.*

But Plaintiff does not dispute that "it was FINRA's halt, not any statement from Brda or McCabe, that resulted in the cancellation of Plaintiff's sell orders." Mot. at 16. Nor does Plaintiff dispute that his alleged losses are actually "unrealized gains." *Id.* Again, Plaintiff concedes "Brda, as TRCH CEO, and McCabe, as Chairman, repeatedly disclosed MMTLP's non-tradable intent in proxy statements." Opp. at 5. Finally, Plaintiff does not identify any misstatement from Brda or McCabe that caused his purported loss.

For any or all of the foregoing reasons, Plaintiff's securities claims should be dismissed.

### III. PLAINTIFF'S DERIVATIVE AND SECONDARY CLAIMS FAIL.

**A.** *Plaintiff Fails to State A Claim for the Sherman Act or Clayton Act (Count II).*

Plaintiff also cannot rehabilitate his fatally flawed antitrust claims. He concedes, as he must, that "[a]ntitrust claims require agreement restraining trade or monopolization, market definition, and injury." Opp. at 13. He does not allege an agreement, as required, and is left with "collusion via misreps/synthetics." *Id.* at 14. (citing SAC ¶ 28.1). Rather than describing any agreement or collusion, paragraph 28.1 describes "MMTLP trading . . . which coordinated to inflate prices by over 200% in June 2021." But, MMTLP was not even trading at the time, so it is unclear how it relates, if at all, to the market that Plaintiff alleges. *See* Mot. at 8 ("MMTLP Shares began trading on the OTC market on October 7, 2021").

Plaintiff's arguments as to market power and market definition are similarly unavailing. Without any citation, the Opposition states "SAC pleads dominance" and "[m]arket share inferred from MMTLP dominance, barriers (compliance costs)." Opp. at 14. Plaintiff does not meaningfully challenge the Motion's cited authority but summarily concludes "inapposite" and "distinguishable." *Id.*

Finally, Plaintiff confusingly concludes "Reply denies but admissions confirm." Opp. at 14–15. It is unclear what Plaintiff is referring to, but in any event, he fails to state an antitrust claim against Brda or McCabe as a matter of law.

**B.** *Plaintiff Fails to State a Claim for Negligence (Count III).*

Despite its conclusory and circular allegations, Plaintiff concedes "[n]egligence requires duty, breach, causation, damages." Opp. at 15. Plaintiff does not meaningfully respond to the Motion's arguments.

In his Opposition, Plaintiff does not raise any grounds to support the existence of a duty that Brda or McCabe owed to Plaintiff under Texas law. Plaintiff relies on *Duperier*, but that case

does not deal with Texas common law negligence and instead deals with the Texas Securities Act and is not applicable. *Duperier v. Texas State Bank*, 28 S.W.3d 740, 745 (Tex. App.—Corpus Christi 2000, pet. dism'd by agr.).

    C.    *Plaintiff Fails to State a Claim for Unjust Enrichment (Count IV).*

Plaintiff concedes that unjust enrichment is "not independent under Texas law" as a standalone claim. Opp. at 15. Thus, dismissal is warranted.

## CONCLUSION

Defendants Brda and McCabe respectfully request that this Court dismiss Plaintiff's Second Amended Complaint with prejudice for failure to state a claim upon which relief can be granted, as well as grant such other and further relief as this Court deems just and proper.

[*signature page follows*]

Respectfully submitted,

*/s/ Jason S. Lewis*
Jason S. Lewis
  Texas Bar No. 24007551
  jason.lewis@us.dlapiper.com
Jason M. Hopkins
  Texas Bar No. 24059969
  jason.hopkins@us.dlapiper.com
Ryan D. Lantry
  Texas Bar No. 24125130
  ryan.lantry@us.dlapiper.com
**DLA PIPER LLP**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: 214.743.4546
Facsimile: 214.743.4545

**ATTORNEYS FOR DEFENDANTS JOHN BRDA & GREGORY MCCABE**

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on July 23, 2025.

                                          */s/ Jason S. Lewis*
                                            Jason S. Lewis