UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON ROLO,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 3:24-cv-02053-VDO |
| ) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, et al.  ) | |
| ) | |
| Defendants.  ) | |

**SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THE SEC'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**INTRODUCTION**

The Securities and Exchange Commission ("SEC" or "Commission") hereby opposes Plaintiff's motion for leave to file a sur-reply in opposition to the Commission's motion to dismiss ("Motion"), ECF 69. Plaintiff's contention that the Commission raised new arguments in its reply brief ("Reply"), ECF 67, is without merit because the Commission merely responded to arguments raised in Plaintiff's opposition to the Commission's motion to dismiss ("Opposition"), ECF 64. Plaintiff's reliance on purportedly new evidence is similarly unavailing because the evidence is irrelevant to the *legal* issues presented in the Commission's motion to dismiss ("MTD"), ECF 63. Because Plaintiff cannot meet the exceptional circumstances that might warrant leave to file a sur-reply, the Motion should be denied and the proposed sur-reply Plaintiff filed with the Motion ("Proposed Sur-Reply"), ECF 69-4, should be stricken.

**I.  Plaintiff's motion**

Plaintiff argues that he should be permitted to file a sur-reply for two reasons. First, he asserts that "the SEC raised arguments and factual assertions not presented in its original motion to dismiss" in the Reply. Mot. ¶ 3. Specifically, Plaintiff claims that the SEC asserted for the first time in the Reply that: (a) "Plaintiff introduced 'new claims' in his opposition not raised in the First Amended Complaint" ("FAC"); (b) the Commission "lacked notice of responsibility regarding the December 2022 MMTLP trading halt"; (c) "Plaintiff's alleged harm is not redressable due to the private nature of Next Bridge Hydrocarbons" ("NBH"); and (d) "the SEC newly argued that FINRA's invocation of Rule 6440 did not require filing under Rule 19b-4 or SEC oversight." *Id.*

Second, Plaintiff argues that "newly discovered evidence not available at the time of his opposition" justifies granting the Motion. *Id.* ¶ 5. Plaintiff claims two productions allegedly

made by the Commission pursuant to the Freedom of Information Act ("FOIA") (each more than 150 pages) include emails dated December 19 through 23, 2022 that show senior Commission officials discussing (among themselves and with FINRA) FINRA's December 9, 2022 trading halt. *Id.* ¶ 5.a.[1] Plaintiff also claims the FOIA productions contain a draft Commission response to Congress that shows the Commission's knowledge of the alleged harmful effects of FINRA's trading halt. *Id.* ¶ 5.b.[2] Finally, Plaintiff asserts that a whistleblower tip allegedly received by the Commission in July 2021 shows the Commission was aware of fraud with TRCH/MMTLP shares and yet failed to act. *Id.* ¶ 5.c.

## II. Plaintiff's Motion should be denied.

"Sur-replies are appropriate only in the exceptional though rare case where a party demonstrates to the court that papers to which it seeks to file a reply raise new issues which are material to the disposition of the question before the court." *Cunningham v. Lupis*, No. 3:21-cv-00273, 2024 WL 811849, at *6 (D. Conn. Feb. 26, 2024) (denying *pro se* plaintiff's motion for leave to file a sur-reply) (citation omitted); *see also, e.g., AA Medical P.C. v. Almansoori*, No. 20-cv-03852, 2023 WL 4073772, at *2 (E.D.N.Y. June 19, 2023) ("granting leave to a litigant to file such sur-replies is indeed rare").[3] In addition to being the "exception, not the rule, [sur-replies] are not a mechanism for shoring up arguments previously made with evidence not

---

[1] Commission counsel could not locate any emails in the December 19 to 23, 2022 timeframe in Plaintiff's exhibits (ECFs 69-1, 69-2), nor is counsel sure which emails Plaintiff contends show Commission/FINRA communication during the period shortly after the halt. But even accepting Plaintiff's description of such emails as true, Plaintiff's claims fail for reasons outlined below.
[2] It is again not entirely clear to what document Plaintiff is referring, but the exhibits do show that the Commission received complaints from investors about MMTLP and inquiries from various members of Congress.
[3] Despite sur-replies being limited to rare cases raising exceptional circumstances, Plaintiff also has moved for leave to file a sur-reply in response to both other defendants' motions to dismiss. ECFs 59, 60.

2

previously submitted." *Polidoro v. Law Firm of Jonathan D'Agostino, P.C.*, No. 19-cv-1290, 2022 WL 20596709, at *4 (S.D.N.Y. May 19, 2022).

Because the Commission did not raise new issues in the Reply, and the purported new evidence is not material to the legal issues before the Court, the Motion should be denied.

**A. The Commission did not raise new arguments in its Reply.**

First, the Commission's "new" arguments simply respond to arguments and claims made for the first time in Plaintiff's Opposition. That does not warrant a sur-reply. *See, e.g., SEC v. Ahmed*, No. 3:15-cv-675, 2021 WL 5815716, at *2 n.3 (D. Conn. Dec. 7, 2021) (rejecting *pro se* party leave to file a sur-reply because a "statement [that] responds to arguments raised by the Relief Defendants in their opposition [] does not require a sur-reply briefing"); *DT v. Somers Cent. Sch. Dist.*, No. 06-cv-2674, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009) (rejecting sur-reply because purportedly new evidence "responded to matters that were raised for the first time in plaintiff's response papers").

For example, Plaintiff's Opposition repeatedly argued that FINRA's U3 halt was improper because it "was implemented without a Rule 19b-4 filing." ECF 64 at 3; *see also id.* at 1, 11, 16, 18, 20-22, 26, 34, and 38. That the Commission's Reply responded to one of the arguments in the Opposition does not entitle Plaintiff to a sur-reply. *See, e.g., HWY Dealership JV v. Depositors Ins. Co.*, No. 3:22-cv-00784, 2024 WL 5166651, at *3 (N.D. Tex. March 15, 2024) ("Because Plaintiff's Reply Brief and related evidence are responsive to arguments raised by Defendant in its Response Brief, this is not a situation in which a new issue was raised for the first time in a reply that would require the Court to give Defendant an opportunity" to file a sur-reply).[4] This is particularly true where the FAC does not allege that it was improper to issue the

---

[4] *See also, e.g., Liberty Legal Found. V. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp.2d

3

halt without a Rule 19b-4 filing, and Plaintiff raised this issue for the first time in the Opposition. Plaintiff similarly asserted for the first time in the Opposition that the Commission should have overturned FINRA's trading halt, effectively seeking to amend the FAC. It is improper for a plaintiff to "amend his complaint to add new factual allegations in his memorandum in opposition to a motion to dismiss," *Harnage v. Wu*, No. 3:16-cv-675, 2018 WL 1709550, at *3 (D. Conn. April 9, 2018), and the Commission responding to those newly raised claims in the Reply does not entitle Plaintiff to file a sur-reply.

Second, Plaintiff's contention that the SEC raised for the first time in its Reply that "Plaintiff's harm is not redressable due to the private nature of Next Bridge Hydrocarbons" is without merit.[5] In its Reply, the Commission argued that Plaintiff lacks standing and explained that (among other reasons) Plaintiff's alleged injuries could not be redressed because a ruling in his favor "would have no impact on his ability to trade NBH shares or have MMTLP shares reinstated." ECF 67 at 2. The Commission further explained that Plaintiff would not be able to trade NBH shares because the issuer chose not to make NBH shares DTC-eligible. *Id.* The Commission made this precise argument in the MTD. ECF 63-2 at 15 (arguing Plaintiff's claims were not redressable and explaining that a ruling in his favor "would have no impact on Plaintiff's ability to trade or reconcile his position in MMTLP or NBH because the MMTLP shares would still be canceled and the NBH shares would still not be DTC-eligible—both pursuant to decisions made by the issuers"). Because this argument was not newly raised in the

---

791, 797-98 (W.D. Tenn. 2012) (denying leave to file a sur-reply because the "Court finds that this argument is not a new argument but rather a counterpoint in response to Plaintiffs' theory of competitive standing. This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief.").

[5] Plaintiff somewhat misstates the Commission's argument, but for present purposes, the important consideration is that the Commission made the same argument in the MTD as it did in the Reply.

Reply, Plaintiff is not entitled to a sur-reply.

### B. Plaintiff's newly discovered evidence and new argument are irrelevant to the legal defenses raised in the Commission's Motion to Dismiss.

#### 1. The newly discovered evidence is irrelevant to the legal defenses raised in the Commission's motion to dismiss.

Plaintiff points to three pieces of evidence: a whistleblower tip, purported emails from December 19 through 23, 2022, and draft Commission responses to Congressional inquiries. None of this evidence is relevant to the arguments raised in the Commission's MTD.

Plaintiff argues that the whistleblower tip supports his claim that "the SEC disregarded prior warnings and failed to supervise and abrogate conduct that later caused investor injury." ECF 69-4 at 3. Even if that is true, what prior warnings the SEC had and what it did in response to them is not before the Court on the Commission's MTD. The Commission's MTD is based on jurisdictional defenses that depend on, among other things, the fact that relevant laws give the Commission discretion on when and how to investigate and enforce the federal securities laws. *See, e.g., Molchatsky v. U.S.*, 713 F.3d 159, 162 (2d Cir. 2013) (plaintiffs' claims that the Commission's negligence caused losses from a fraud perpetrated by Bernard Madoff were barred by sovereign immunity due to the discretionary function exception); *see also* ECF 63-2 at 19-20, 23-24.

Plaintiff also attaches over 300 pages of documents apparently obtained via a FOIA request. ECFs 69-1, 69-2. He contends that emails from December 19 through 23, 2022 and a draft response to congressional inquiries show that the Commission was aware of FINRA's trading halt and its impacts on MMTLP investors and yet failed to act. ECF 69-4 at 2-3. Even if that is true, these facts are also irrelevant to the issues now before the Court because they do not relate to the issue of whether this Court has jurisdiction to determine when and how the

5

Commission supervises FINRA. *See San Francisco Min. Ex. v. SEC*, 378 F.2d 162, 165 (9th Cir. 1967) (determination whether the Commission should take an action against an SRO under Section 19 of the Exchange Act "rests within the sound discretion of the agency");[6] *In re Application of John Boone Kincaid III for Review of Action Taken by FINRA*, Exchange Act Release No. 87384, 2019 WL 5445514, at *5 (Oct. 22, 2019) (the Commission has discretion under *Heckler v. Cheney*, 470 U.S. 821 (1985) whether to "take[] action against FINRA").

The Commission's alleged awareness of the alleged harms suffered by MMTLP investors is similarly irrelevant to the issue of whether a court has jurisdiction to determine that the Commission must "take the enforcement actions requested by respondents." *Heckler*, 470 U.S. at 821 (holding courts lack jurisdiction because of agency discretion to investigate and institute enforcement proceedings). Therefore, the new evidence Plaintiff discusses in the Proposed Sur-Reply has no bearing on the Commission's legal defenses that mandate dismissal.

### 2. Plaintiff's argument about FINRA Rule 19b-4 is irrelevant to the jurisdictional defenses raised in the Commission's MTD.

Plaintiff contends in the Proposed Sur-Reply that FINRA "Rule 6440 does not include emergency authority comparable to Rule 4300B[7] and does not provide FINRA with independent

---

[6] *See also Alpine Sec. Corp. v. NSCC*, No. 2:23-cv-00782, 2025 WL 901847, at *2 (D. Utah Mar. 25, 2025) (the "SEC *may* limit a clearing agency's activities and operations or suspend or revoke its registration 'if in [the SEC's] *opinion* such action is necessary or appropriate in the public interest") (citing 15 U.S.C. § 78s(h)(1)) (emphasis added), *appeal docketed*, No. 25-4050 (10th Cir. April 28, 2025); *Opulent Fund v. Nasdaq Stock Mkt., Inc.*, 2007 WL 3010573, at *6 (N.D. Cal. Oct. 12, 2007) (stating that § 78s(h)(1) "*permit[s]* the SEC to suspend, censure or impose other limits on an SRO for violating the Exchange Act, rules or regulations thereunder, or the SRO's own rules") (emphasis added).

[7] It is not clear what Plaintiff is referring to with respect to "Rule 4300B" because there does not appear to be a FINRA Rule 4300B. *See* https://www.finra.org/rules-guidance/rulebooks/finra-rules/4000. Regardless, what any other rule may say has no bearing on the interpretation of Rule 6440 which expressly provides FINRA authority to issue a halt when an "extraordinary event has occurred".

statutory power to suspend trading without SEC review." ECF 69-4 at 1. Therefore, Plaintiff argues that the Commission had an obligation to overturn FINRA's trading halt pursuant to 15 U.S.C. § 78s(c) because the trading halt constituted a rule change and was issued without a filing under Rule 19b-4 (17 C.F.R. § 240.19b-4), *see* ECF 64 at 20-21. Even if Plaintiff were correct that FINRA lacked authority to issue a trading suspension[8] or that a Rule 19b-4 filing were necessary prior to institution of the trading halt,[9] it would be irrelevant to the Commission's sovereign immunity defense.

Section 78s(c) expressly gives the Commission discretion when to amend or abrogate SRO rules because the Commission "may" act "as the Commission deems necessary or appropriate." 15 U.S.C. § 78s(c); *see also Standard Inv. Chartered v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 116 (2d Cir. 2011) ("the SEC retains discretion to amend the rules of any SRO"). Because the Commission's "action is committed to agency discretion by law," 5 U.S.C. § 701(a)(2), sovereign immunity bars Plaintiff's claim; *see also supra* II.B.1 (discussing the Commission's discretion in how it supervises FINRA).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied and the Proposed Sur-Reply should be stricken.

---

[8] Rule 6440(3) expressly permits FINRA to issue a trading halt when "*FINRA determines* that an extraordinary event has occurred or is ongoing * * *." (emphasis added).

[9] Rule 19b-4 governs proposed rule changes by self-regulatory organizations like FINRA. FINRA's trading halt was an action based on an *existing* FINRA rule, Rule 6440; it was not an attempt by FINRA to *change* Rule 6440, or any other rule. *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209 (9th Cir. 1998), the only authority Plaintiff cites for his dubious proposition that the trading halt constituted a rule change, holds that NASD (FINRA's predecessor) is immune from suits based on *its* decision to issue a trading halt, and does not support Plaintiff's claim. Therefore, Rule 19b-4 is irrelevant.

7

Respectfully Submitted,

Date: July 28, 2025 　　　　　　　　　　　　　/s/ Eric A. Reicher

Melinda Hardy
D.C. Bar No. 431906
Eric A. Reicher
D.C. Bar No. 490866
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-7921 (phone) (Reicher)
hardym@sec.gov
reichere@sec.gov

Counsel for Defendant SEC

8

CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of July, 2025, I filed or caused to be filed the foregoing Opposition to Plaintiff's Motion for Leave to File a Sur-Reply through the CM/ECF system which will provide service to counsels of record and to Plaintiff since he has been granted permission to file electronically by the Court.

                                        */s/ Eric A. Reicher*
                                        Eric A. Reicher
                                        Special Trial Counsel
                                        U.S. Securities and Exchange Commission