IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>                                  Plaintiff,<br><br>     v.<br><br>SECURITIES & EXCHANGE COMMISSION, GTS SECURITIES LLC, ARI RUBINSTEIN, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE, and FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>                                  Defendants. | Case No.: 7:24-CV-317-RCG-DC |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT
PLAINTIFF'S OPPOSITION TO FINRA'S MOTION TO DISMISS**

FINRA submits this Response in Opposition to Plaintiff Contique Willcot's Motion For Leave To Supplement Plaintiff's Opposition To FINRA's Motion To Dismiss (the "Motion to Supplement") [ECF No. 105].

**A. Willcot's Motion to Supplement is Procedurally Improper**

FINRA filed its Motion to Dismiss the Second Amended Complaint (the "FINRA MTD") [ECF No. 96] on July 15. Just two days later, on July 17, Willcot filed his 19-page response in opposition (the "Opposition") [ECF No. 98]. FINRA's Reply in Support of the MTD is not due until August 22. [July 24 Text Order]. Willcot now requests leave to supplement his Opposition before FINRA's Reply in Support is even due. Further, the proposed Supplemental Opposition

(the "Supplemental Opposition") [ECF No. 105-1] includes another seven (7) pages of argument, which is related to immaterial statements the Securities and Exchange Commission ("SEC") recently made in a separate case pending in another jurisdiction (*Rolo v. SEC*, Civil Action No. Case 3:24-cv-02053-VDO (D. Conn.)).

If Willcot is granted leave to file the Supplemental Opposition, his opposition will exceed the 20-page page limit imposed by Local Civil Rule CV-7(d)(3). Further, even if the Court were inclined to allow Willcot to exceed the page limits, the timing and nature of this submission contravenes the Court's briefing schedule. Moreover, FINRA has not yet filed its reply brief, which it is currently preparing. Willcot does not articulate any standard for the relief sought, nor does he assert any good cause for why this out-of-sequence filing should be permitted. Indeed, there is no provision in the Local Rules or the Federal Rules of Civil Procedure for supplementing an opposition to a dispositive motion before a reply is filed. Willcot seems to rely on his status as a *pro se* litigant. However, "status as a pro se litigant doesn't relieve [Willcot] of the obligation to comply with [Local] Rules…." *Alvarez v. Brokers Logistics, Ltd.*, No. EP-23-CV-00148-DCG, 2024 U.S. Dist. LEXIS 65423, at *3 (W.D. Tex. Apr. 9, 2024) (citing *Luken v. Collins*, 3 F.3d 437 (5th Cir. 1993)("Pro se litigants must adhere to the Local Rules of Court.")). Because it is procedurally improper, and because Willcot fails to establish good cause, the Court should deny the Motion to Supplement.

B.  **There Are No Grounds for the Irrelevant Supplemental Opposition**

Willcot fails to establish any cause for the relief sought. Further, the argument Willcot seeks to add [ECF No. 105-1], and the SEC filing in *Rolo* [ECF No. 105-3], are both irrelevant to the FINRA MTD.

Willcot claims that the proposed Supplemental Opposition "strengthens Plaintiff's arguments that FINRA acted *ultra vires* several times including in issuing the MMTLP halt, piercing FINRA's immunity defense." Motion to Supplement, p. 1 (citing *D'Alessio v. NYSE*, 258 F.3d 93 (2d Cir. 2001)). However, there are no specific allegations in Willcot's Second Amended Complaint, the Opposition, or the Supplemental Opposition, of *ultra vires* conduct. Rather, Willcot makes only conclusory, self-serving statements related to conduct that falls squarely within FINRA's regulatory duties under the Exchange Act. Further, the *D'Alessio* case that Willcot cites does not support his position that his allegations are actionable. Allowing Willcot to add to his arguments with his confusing Supplemental Opposition would therefore be futile.

Much like Willcot in this case, the plaintiff in *D'Alessio* argued that absolute immunity was not applicable because "the misconduct alleged…includes improper interpretations of federal securities laws and allegedly duplicitous conduct in connection with providing information about plaintiffs to the [SEC] and the U.S. Attorney's Office." *D'Alessio*, 258 F.3d at 104 (citation omitted). The Second Circuit rejected the plaintiff's argument, recognizing that in asserting an immunity claim, courts are required to look "not at the manner in which [the plaintiff] casts his claims…but rather to the alleged misconduct of the [SRO] as detailed in the complaint." *D'Alessio*, 258 F.3d at 105-06. As a result, the court found that absolute immunity applied to bar the plaintiff's claims which were "predicated on the [SRO's] improper performance of its interpretive, enforcement and referral functions." *Id*. at 106.[1]

---

[1] Willcot also separately misstates the outcome in *D'Alessio*, claiming "immunity [was] denied for bad-faith/non-regulatory acts." ECF No. 105-1 p. 6. Nothing in the *D'Alessio* case could reasonably be interpreted as the court denying immunity. FINRA can only assume that this misstatement of the court's holding is the result of Willcot's use of artificial intelligence without proper review.

In this case, Willcot's Motion to Supplement contains similar arguments to those in *D'Alessio*. Willcot's allegations all arise from complaints about how FINRA performed its regulatory activities and interpreted applicable rules, whether FINRA violated applicable rules and regulations when engaging in regulatory activities, and whether FINRA acted in bad faith when performing regulatory activities. *See, e.g.*, ECF No. 105 p. 1 (arguing he should be entitled to supplement in order to strengthen his argument "that FINRA acted *ultra vires* several times including in issuing the [trading halt at issue]."); ECF No. 105-1 p. 4 (admitting that his claims arise out of complaints about how "FINRA applied Rule 6440 to MMTLP…" and "FINRA acted in bad faith by enabling trading of MMTLP…"); *id.* at p. 5 (claiming FINRA "bypassed procedures like Rule 6490" and "SEC Rules"). Accordingly, all of Willcot's claims are barred by FINRA's absolute immunity.

Likewise, no matter how the SEC's arguments in *Rolo* are interpreted, those arguments also relate to FINRA's performance of regulatory activities for which FINRA has absolute immunity. *See generally* ECF No. 105-3.[2] Willcot has not and cannot allege any purported misconduct that falls outside the scope of FINRA's regulatory functions. Simply labeling conduct as "*ultra vires*" does not permit a plaintiff to circumvent absolute immunity. *See, e.g.*, *Empire Fin. Grp. v. Fin. Indus. Regulatory Auth.*, Inc., No. 08-80534-CIV, 2009 U.S. Dist. LEXIS 133643, at *17 (S.D. Fla. Jan. 15, 2009) (rejecting an *ultra vires* argument and applying immunity to bar claims where the "putative claims against FINRA arise exclusively from FINRA's exercise of its regulatory functions"). The immunity afforded to FINRA is absolute, and it applies to all of

---

[2] The Supplemental Opposition is confusing, with Willcot attempting to interpret a hypothetical argument the SEC made in *Rolo* and apply it in this case to argue that that the SEC is admitting that FINRA's conduct here may have not been in compliance with FINRA and/or or SEC Rules.

FINRA's regulatory activities regardless of any purported motive. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1215 (9th Cir. 1998) (holding that even if the NASD had suspended trading of a security in a capricious bad-faith manner, the NASD's conduct was still regulatory in nature and protected from liability), *abrogated on other grounds* by *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 136 S. Ct. 1562, 194 L. Ed. 2d 671 (2016); *see also Gallagher v. Fin. Indus. Regul. Auth., Inc.*, No. 21-13605, 2022 U.S. App. LEXIS 15309, at *4 (11th Cir. June 3, 2022) ("The test [for whether SRO conduct is protected by regulatory immunity] does not turn on 'an SRO's subjective intent or motivation,' but rather the 'function being performed.'"). As such, there are no legal grounds to support permitting the filing of Willcot's Supplemental Opposition.

### C. The SEC's Arguments in a Filing in Another Case Cannot Properly Be Used Against FINRA

Willcot's assertion that the SEC's arguments in the *Rolo* action somehow clarify "FINRA's overreach using co-defendant admissions" is misplaced. ECF No. 105 p. 1. The SEC made no admissions in its filing. Instead, the SEC advanced a hypothetical that Willcot attempts to construe in his favor with a convoluted argument about the perceived implications of that hypothetical. In addition, "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions are made." *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 329 (5th Cir. 2001).

In sum, the Supplemental Opposition is both procedurally improper and substantively irrelevant to the Court's analysis of the FINRA MTD. FINRA respectfully requests that the Court deny Willcot's Motion to Supplement.

Respectfully submitted,

*David C. Kent*

David C. Kent
State Bar No. 11316400
david.kent@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

*Attorneys for Defendant*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on all *pro se* parties and counsel of record through the CM/ECF system on August 6, 2025.

*David C. Kent*

David C. Kent