UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT, )<br> )<br> )<br> **Plaintiff,** )<br> )<br> v. )<br> )<br> )<br>**SECURITIES AND EXCHANGE** )<br>**COMMISSION, et al.** )<br> )<br> )<br> **Defendants.** )<br> ) | **CASE NO. 7:24-cv-00317-DC-RCG** |

**SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. PLAINTIFF LACKS STANDING. .................................................................................................. 1

   A. PLAINTIFF LACKS STANDING BECAUSE HE CANNOT SHOW THE COMMISSION CAUSED ANY ALLEGED INJURIES. ............................................................................................................ 1

   B. PLAINTIFF LACKS STANDING BECAUSE HIS CLAIMS CANNOT BE REDRESSED BY THIS LAWSUIT. ............................................................................................................................. 2

II. SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS. ................................................................ 3

   A. THE APA DOES NOT WAIVE SOVEREIGN IMMUNITY. ........................................................ 3

      1. PLAINTIFF'S CLAIMS FALL WITHIN THE SECTION 701(A)(2) EXCEPTION. ......................... 4

      2. SECTION 706 OF THE APA DOES NOT WAIVE SOVEREIGN IMMUNITY. ............................. 6

   B. THE FTCA DOES NOT WAIVE SOVEREIGN IMMUNITY. ...................................................... 7

III. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ...................... 8

   A. PLAINTIFF DOES NOT STATE A SECURITIES FRAUD CLAIM AGAINST THE COMMISSION. .......... 8

   B. PLAINTIFF DOES NOT STATE A NEGLIGENCE CLAIM AGAINST THE COMMISSION. .................. 9

   C. PLAINTIFF DOES NOT STATE A CLAIM FOR DECLARATORY RELIEF. .................................... 10

CONCLUSION .............................................................................................................................. 10

Plaintiff's opposition to the Commission's motion to dismiss the second amended complaint ("Opposition"), ECF 103, relies on incorrect pronouncements of the law, inapposite case citations, and alleged facts (many raised for the first time in the Opposition) that are irrelevant to the *legal* defenses the Commission asserted in its motion to dismiss ("MTD"), ECF 93. The Court lacks subject-matter jurisdiction because Plaintiff lacks standing, his claims are barred by sovereign immunity, and even if the Court had jurisdiction, Plaintiff fails to state a claim upon which relief can be granted. Therefore, the Court should dismiss the second amended complaint ("SAC"), ECF 73, with prejudice.

### I. Plaintiff lacks standing.

#### A. Plaintiff lacks standing because he cannot show the Commission caused any alleged injuries.

In the MTD, the Commission demonstrated that any link between the Commission's alleged failure to investigate the alleged fraud in July 2019 and Plaintiff's alleged injuries in December 2022—three-and-a-half years later—was attenuated and speculative. ECF 93 at 9. In response, Plaintiff contends his injuries are "[d]irectly traceable [because] the SEC's inaction on [the] 2019 tip (known TRCH fraud by Brda/McCabe) allowed manipulation to escalate, enabling FINRA's halt," which ultimately caused Plaintiff's alleged $65 million in damages.[1] ECF 103 at 9.

Plaintiff's claims fail because numerous independent steps by various parties would have still had to occur to stop Plaintiff's alleged harm, even if the Commission investigated immediately after receiving the 2019 tip as Plaintiff contends it should have. The Commission's

---

[1] Although Plaintiff's damage calculation is not directly relevant to the MTD, it is worth noting again that he assumes a share price of $2,500, even though in the month before FINRA's trading halt, MMTLP traded between approximately $2.89-$12.26. ECF 93 at 5 n.8.

investigation would have had to have led to an enforcement action. The enforcement action would have needed to be resolved in the Commission's favor. And the court would have needed to enjoin the fraud. Because it is not "sufficiently predictable how third parties [or even the Plaintiff] would react to government action or cause downstream injury to plaintiffs," Plaintiff cannot establish causation. *FDA v. All. for Hippocratic Med.*. 602 U.S. 367, 383 (2024).[2]

### B. Plaintiff lacks standing because his claims cannot be redressed by this lawsuit.

Plaintiff argues that his alleged injuries can be redressed by money damages, a declaration that the SEC's inaction breached its non-discretionary duty to protect investors, and (unspecified) "injunctions [to] prevent future harm." ECF 103 at 10. These assertions are meritless.

First, money damages are unavailable to Plaintiff for reasons discussed in Section II.B.

Second, a declaration that the Commission breached its alleged duties would provide no remedy to Plaintiff. *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (declaratory relief "cannot conceivably remedy any past wrong"). The requested declaration would not undo events that have already occurred, and Plaintiff does not explain how the declaration he seeks could remedy his financial damages.[3]

---

[2] Plaintiff's citation to "*Texas v. [EO case]* (Feb. 2025)," ECF 103 at 4, 9, is unavailing. First, *Texas v. Trump*, 127 F.4th 606 (5th Cir. Feb. 4, 2025), which appears to be the case Plaintiff references, was vacated in a subsequent order, *see Texas v. Trump*, 2025 WL 968277 (5th Cir. March 28, 2025). Even if the original opinion remained good law, it is of no moment because the case concerned the legality of an executive order that required federal contractors to pay a federally set minimum wage and is irrelevant to this case.

[3] Plaintiff's citation to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 568 (1992), in support of his redressability argument is misplaced. In *Lujan*, the Court held the plaintiffs' injuries were not redressable because, while the Court could order the agency Secretary to revise his regulations, this would not remedy the plaintiffs' alleged injuries, which related to actions by third parties who were not bound by the Secretary's regulations. *Lujan* also rejected standing on causation grounds, noting the difficulty in establishing standing "when the plaintiff is not himself the

Third, the only injunctive relief Plaintiff seeks is an order providing him access to Blue Sheet trading data. ECF 73 at 16. Obtaining this trading data would not remedy his alleged injuries. Plaintiff has argued "Blue sheets [are] critical to proving [his] claims," but proving his claims would not remedy his alleged damages because Plaintiff would still need to bring a case against a party that could be required to pay monetary damages and succeed in that litigation. ECF 32 at 2.[4] To the extent Plaintiff is arguing that an injunction ordering the Commission not to breach its duty to protect investors would provide a future benefit, Plaintiff does not allege that he owns any other assets subject to Commission regulation or that he faces an imminent threat without such an injunction. *See Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023) ("Allegations of only a 'possible' future injury similarly will not suffice.").[5]

## II. Sovereign immunity bars Plaintiff's claims.

### A. The APA does not waive sovereign immunity.

Plaintiff argues that the Administrative Procedures Act ("APA") waives sovereign immunity for his non-monetary claims. He argues that 5 U.S.C. § 701(a)(2), which states sovereign immunity is not waived for agency action (or inaction) that "is committed to agency discretion by law," is inapplicable because the SEC had a mandatory duty to investigate alleged fraud pursuant to Section 20(a) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77t(a)) and Section 21(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C.

---

object of the government action or inaction he challenges." *Id.* at 562.

[4] ECF 32 is Plaintiff's Motion to Lift PSLRA Discovery Stay ("PSLRA Motion"). Despite this motion being fully briefed, Plaintiff improperly argues in the Opposition that the discovery stay should be lifted. ECF 103 at 13. The Commission stands by its opposition to the PSLRA Motion, ECF 36.

[5] Plaintiff also did not seek any such injunction in the SAC and cannot expand his claims in the Opposition. *See, e.g., Weeks v. Equifax Info. Serv., LLC*, No. 8-21-cv-2384, 2022 WL 685665, at *5 (M.D. Fla. March 8, 2022) ("it is improper for a plaintiff to attempt to amend the allegations in his complaint through a brief in opposition").

3

§ 78u(a)). ECF 103 at 10. Plaintiff also contends that the Commission's failure to act sooner on the fraud constitutes "agency action unlawfully withheld or unreasonably delayed" and he, therefore, can proceed under 5 U.S.C. § 706(1). *Id.* at 10-11. Neither assertion has merit.

### 1. Plaintiff's claims fall within the Section 701(a)(2) exception.

Plaintiff's argument regarding Section 701(a)(2) of the APA fails because both statutes he cites *expressly* commit the decision whether to investigate to agency discretion. *See* Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a) (the Commission "*may, in its discretion* * * * investigate" potential violations of the Securities Act) (emphasis added); Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a) ("[t]he Commission may, *in its discretion*, make such investigations as it deems necessary" to determine whether a violation of the securities laws exists) (emphasis added).

In an attempt to get around the plain language of the statute, Plaintiff asserts that Section 20(a) "mandates investigation 'in public interest' on known fraud (tip evidence)." ECF 103 at 10. The statutory text that Plaintiff omits illustrates the Commission's discretion, however. Section 20(a) states that if the Commission receives a complaint indicating that the Securities Act has been or is being violated, "it may, in its discretion, either require or permit such person to file with it a statement in writing, under oath, or otherwise, as to all the facts and circumstances concerning the subject matter *which it believes* to be in the public interest to investigate, and *may* investigate such facts." 15 U.S.C. § 77t(a) (emphasis added). Congress gave the Commission, not Plaintiff or the courts, the discretion to determine when "it believes" an investigation is in the public interest and, in such circumstances, the Commission "may," not must, investigate.[6]

---

[6] Plaintiff argues Section 21(a) "requires probes for violations (Rule 202.5: 'prompt' on credible info)." ECF 103 at 10. Neither Section 21(a) nor Rule 202.5 (17 C.F.R. § 202.5) states anything about a requirement to act promptly on credible information. Plaintiff's apparent citation to *SEC*

4

Plaintiff also argues that the "SEC's pattern of swift intervention in fraud cases post-awareness (tips/complaints) underscores their non-discretionary duty under § 20(a) to act 'in the public interest.'" ECF 103 at 13. This is wrong. It is a logical fallacy that, because the Commission allegedly acted soon after receiving tips in other cases, it had a *duty* to do so in this case. *See generally Citro-Rey S. de R.L de C.V. v. L&M Co., Inc.*, No. M-07-154, 2009 WL 10692862, at *2 (S.D. Tex. Oct. 13, 2009) (it "would be a logical fallacy" to conclude that a district court was required to determine damages without a hearing because the Fifth Circuit affirmed determinations of damages without a hearing in other cases).[7]

Because the Commission has discretion if, when, and how to investigate and enforce potential violations of the federal securities laws, the APA does not waive sovereign immunity as to Plaintiff's claims. 5 U.S.C. § 701(a)(2); *see also, e.g., Molchatsky v. U.S.*, 713 F.3d 159, 162 (2d Cir. 2013) (plaintiffs' claims that the Commission's negligence caused losses from a fraud were barred by sovereign immunity due to the discretionary function exception).[8]

---

*v. Jarkesy*, 603 U.S. 109 (2024), and *Nat'l Cntr. for Pub. Policy Research v. SEC*, 2025 WL 1392160 (5th Cir. May 14, 2025), for the proposition that these cases "limit[] SEC discretion in fraud cases," ECF 103 at 10, is equally puzzling since neither case is related to that issue. *Jarkesy* concerns the SEC's use of administrative adjudication to decide enforcement actions, and *National Center for Public Policy Research* concerns when a company must include an investor statement in proxy materials.

[7] While it is not necessary to look at whether Plaintiff's allegations are factually accurate, we note that Plaintiff presents no facts supporting his contention that the Commission acted immediately after receiving tips in the cases he cites and does not address the quality of information and evidence provided in any tip that led to any action. For example, Plaintiff claims that in *SEC v. Nano-X Imaging Ltd.* the Commission "[h]alted pre-IPO fraud via TRO after unregistered broker misled on shares. Stopped imminent harm." ECF 103 at 14. In reality, the Nano-X matter did not involve a TRO or an unregistered broker, and the Commission brought its claims for misleading statements in pre- and post-IPO disclosures *after* the IPO went effective. *See* https://www.sec.gov/enforcement-litigation/litigation-releases/lr-25876. Also, many of Plaintiff's descriptions of the alleged actions are so vague as to make it impossible to know to what he refers. *See, e.g.,* ECF 103 at 15 ("*SEC v. Ongoing Fraudulent Stock Scheme*").

[8] The APA does not waive sovereign immunity for the independent reason that Plaintiff is not challenging an "agency action," *see* ECF 93 at 15-16, an issue Plaintiff failed to address in the

### 2. Section 706 of the APA does not waive sovereign immunity.

Plaintiff argues for the first time in his Opposition that the Commission's alleged failure to investigate the fraud constitutes "agency action unlawfully withheld or unreasonably delayed" and that sovereign immunity is waived pursuant to 5 U.S.C. § 706(1). Even if this claim were properly before the Court,[9] it would fail.

To support a claim under Section 706(1), Plaintiff must establish that the SEC "failed to take a *discrete* agency action that it is *required to take.*" *Harrison Cnty, Miss. v. U.S. Army Corps of Engins.*, 63 F.4th 458, 463 (5th Cir. 2023) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)) (emphasis in original). As shown above, the Commission was not required to institute an investigation regarding Torchlight upon receipt of the 2019 tip (or otherwise), and therefore, Plaintiff's claim fails. *See, e.g., Fedorova v. Foley*, No. 1:22-cv-991, 2023 WL 3484430, at *3 (W.D. Mich. May 16, 2023) (plaintiff claiming that the DOJ had a duty to investigate alleged wrongdoing "fails to demonstrate that these are discrete agency actions that the DOJ is *required* to take. Rather, the DOJ has no duty to investigate or punish allegations of wrongdoing") (emphasis in original).[10] The District Court of Vermont, in a case brought by a different MMTLP investor, held that the investor's claim under Section 706(1) was not meritorious because he had "failed to identify a *discrete* action that the

---

Opposition.

[9] The Court should not consider a claim made for the first time in the Opposition. *See, e.g., Sneed v. Ind. Sch. Dist.*, 487 F. Supp. 2d 584, 594 (W.D. Tex. 2020) ("because new facts or claims made in response to a motion to dismiss to defeat the motion are not incorporated into the original pleadings, this court will consider only the factual allegations and claims made in Plaintiff's Second Amended Complaint").

[10] *See also, e.g., Dubose v. Suny Maritime College Off. of Fin. Aid*, No. 1:24-cv-05547, 2025 WL 887585, at *2 (S.D.N.Y. March 21, 2025) ("Plaintiff's argument that an investigation is warranted overlooks the presumption against judicial review of agency decisions that involve whether to undertake investigative or enforcement actions") (citation omitted); *Patterson v. Harris*, No. 21-3339, 2023 WL 346096, at *9 (D.D.C. Jan. 20, 2023) ("Plaintiff has not indicated any basis from which the Court can conclude that the Department of Justice or its employees owes her a nondiscretionary duty to investigate the allegations in her civil-rights complaint").

SEC was *required to take.*" *Traudt v. Atkins*, 2:24-cv-01360, ECF 30 at 4 (D. Vt. Aug. 7, 2025) (emphasis in original) (granting the Commission's motion to stay discovery pending resolution of the Commission's motion to dismiss), attached as Ex. 1.

Plaintiff also appears to argue (again for the first time) that the Commission's alleged delay in investigating the fraud constitutes an "arbitrary/capricious" inaction under Section 706(2)(A). ECF 103 at 11. This is without merit because it is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" for the Commission to exercise the discretion that Congress expressly gave it. Moreover, any alleged delay in instituting an investigation is not a "final agency action" reviewable under the APA. *See, e.g., KHOLLE Magnolia 2015, LLC v. Stewart*, 2025 WL 6493330, at * 3 (S.D. Tex. Feb. 21, 2025) ("court can set aside final agency action" under Section 706(2)(A)). In fact, an investigation is not an "agency action" under 5 U.S.C. § 551(13). *See Louisiana v. U.S.*, 948 F.3d 317, 321 (5th Cir. 2020) (stating that "agency action" is a "term of art that does not include all conduct") (cleaned up); *see also Fairchild, Arabatzis & Smith, Inc. v. Sackheim*, 451 F. Supp. 1181, 1187 (S.D.N.Y. 1979) (finding agency's investigation did not constitute "agency action").

### B. The FTCA does not waive sovereign immunity.

Plaintiff perfunctorily argues that the Federal Tort Claims Act ("FTCA") waives sovereign immunity because the discretionary function exception does not apply "if inaction violates mandatory duties," he met the exhaustion requirement by filing an administrative claim, and he sued a proper defendant.[11] ECF 103 at 11. These arguments fail.

As discussed above, the Commission did not have a mandatory duty to investigate the alleged fraud upon receiving the 2019 tip or otherwise. Although Plaintiff now asserts that he

---

[11] Plaintiff says only "Proper defendant (U.S./SEC)," so it is not clear whether he is arguing that he has sued the United States or that the SEC is a proper defendant. ECF 103 at 11.

7

filed an administrative claim, he provides no evidentiary support to contradict the affidavit the Commission submitted; he has not provided a declaration, a copy of the claim, or even the approximate date when he submitted the claim. *See* ECF 52-3. Finally, the Commission is not a proper party for a claim under the FTCA, and the United States is not a defendant in this action.[12] Therefore, the FTCA does not waive sovereign immunity, and Plaintiff's claims for monetary damages fail.

### III.   Plaintiff fails to state a claim upon which relief can be granted.

Even if the Court had subject matter jurisdiction, Plaintiff fails to state a claim upon which relief can be granted, and dismissal is warranted under Rule 12(b)(6).[13]

#### A.  Plaintiff does not state a securities fraud claim against the Commission.

Plaintiff asserts that the SAC "[a]lleges [the] SEC's reckless inaction enabled fraud/manipulation." ECF 103 at 12. Plaintiff fails to meet any, never mind all, the elements to maintain a claim under Section 10(b) of the Exchange Act.[14] *See, e.g., Mun. Employee's Ret. Syst. of Michigan v. Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (laying out basic elements of a claim under Section 10(b)). For example, Plaintiff does not allege an actionable misrepresentation or omission because the Commission does *not* have an obligation to publicly disclose when it has concerns that a party may be violating the federal securities laws. *See, e.g.,*

---

[12] *See, e.g., Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction").

[13] The Opposition addresses why (in Plaintiff's view) Count 2 concerning antitrust violations states a claim. ECF 103 at 12. However, the SAC does not name the Commission as a defendant as to Count 2, ECF 73 at 11, so the Commission will not further discuss the inadequacy of such a claim.

[14] Even if Plaintiff's claim could be read as an aiding and abetting claim, it would fail because "the private right of action under section 10(b) does not extend" to alleged aiders and abettors. *Afco Investments 2001, LLC v. Proskauer Rose, LLP*, 625 F.3d 185, 195 (5th Cir. 2010).

*SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 737 (1984) (the SEC "has statutory authority to conduct *nonpublic* investigations into possible violations of the securities laws") (emphasis added); *see also Regents of Univ. Cal. v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372, 384 (5th Cir. 2007) ("§ 10(b) requires that a defendant fail to satisfy a duty to disclose material information to plaintiff").[15] Moreover, Plaintiff does not adequately allege scienter because the 2019 tip and alleged payments to James Angel do not "support a strong inference of intent to defraud" by the Commission. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 643 (5th Cir. 2005).[16]

### B. Plaintiff does not state a negligence claim against the Commission.

Plaintiff's negligence claim fails because the Commission does not have a duty to protect individual investors like Plaintiff. *See, e.g., Grady v. U.S.*, No. 13-15C, 2013 WL 495344, at *4 (Fed. Cl. July 31, 2023), *aff'd*, 565 Fed. Appx. 870 (Fed. Cir. May 7, 2014) (rejecting claim that the Commission violated its "statutory duty to maintain 'fair and orderly capital' markets" during a stock market "Flash Crash"; the "SEC has no such duty because the statute [the Exchange Act] does not establish any sort of trust relationship that benefits investors"). Plaintiff asserts that *Grady* is distinguishable because there are "mandatory duties here," ECF 103 at 12, but, as shown above, that is incorrect. Plaintiff's reliance on *Hodge v. Engleman*, 90 F.4th 840 (5th Cir.

---

[15] A rule that required the Commission to publicly announce whenever it had some concerns that a person or entity may have been violating the federal securities laws—but not sufficient evidence to warrant an action—would not only undermine the Commission's efforts to develop evidence sufficient to ultimately bring and sustain a claim, but it would also cast a pall over individuals and entities against whom the Commission did not (at least yet) have *evidence* of wrongdoing.

[16] Even accepting Plaintiff's contention that Commission was *aware* of the fraud based on the 2019 tip, that does not support his contention that the Commission *intended* to defraud Plaintiff. As for the payments to Angel, the SAC is devoid of any factual allegations that suggest the payments relate to MMTLP, suggest bias (against whom is unclear), or would support a reasonable inference that the Commission intended to defraud Plaintiff. *See* ECF 73 ¶ 19.

9

2024), *see id.*, is unavailing. Plaintiff cites to *Hodge* to support a claim that he has sufficiently alleged "causation/proximate harm," ECF 103 at 12, but *Hodge* does not concern negligence or any other issue germane here; it concerns whether qualified immunity barred a *Bivens* action against police officers who intentionally shot the plaintiff's son.[17]

### C. Plaintiff does not state a claim for declaratory relief.

Plaintiff's support for Count 6, his request for a declaration that the Commission breached Section 20(a) of the Securities, is perfunctory. ECF 103 at 12-13. *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023), the sole case cited by Plaintiff, is irrelevant because it concerns district court jurisdiction to hear constitutional challenges to administrative law judges, not the Commission's duties under Section 20(a). As explained above, the Commission did not have a duty to act under Section 20(a) and, therefore, Plaintiff's claim for declaratory relief fails.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

---

[17] Even if a duty existed, Plaintiff has not adequately alleged negligence. The whistleblower tip that Plaintiff claims demonstrated fraud makes conclusory assertions without providing evidence or documentation in support of the allegations and relies extensively on alleged prior misdeeds by Brda. ECF 73-1, Ex. H. (The Commission had not previously brought claims against Brda.) Also, Plaintiff relies on the Commission's 2024 enforcement action to demonstrate there was fraud occurring in 2019 as the tipster alleged, but the Commission's enforcement action concerns fraud in 2021. The 246 investor complaints Plaintiff cites to are also irrelevant, ECF 103 at 7, because the SEC received them *after* the 2022 trading halt and the SEC, consequently, could not have acted on them to prevent the alleged fraud. *See, e.g., Alicea v. Machete Music*, 774 F.3d 773, 679, 778 (1st Cir. 2014) (a court should "draw on its judicial experience and common sense" and should "ignor[e] conclusory allegations, improbable inferences, and unsupported speculation") (citation omitted).

                                                      Respectfully Submitted,

Date: August 8, 2025                                                        */s/* Eric A. Reicher

                                                        Melinda Hardy *
                                                        D.C. Bar No. 431906
                                                        Eric A. Reicher*
                                                        D.C. Bar No. 490866
                                                        Securities and Exchange Commission
                                                        100 F Street NE
                                                        Washington, DC 20549
                                                        (202) 551-7921 (phone) (Reicher)
                                                        hardym@sec.gov
                                                        reichere@sec.gov

                                                        Jason J. Rose
                                                        Texas Bar No. 24007946
                                                        Securities and Exchange Commission
                                                        801 Cherry Street, Suite 1900
                                                        Fort Worth, Texas 76102
                                                        (817) 978-1408 (phone)
                                                        (817) 978-4927 (facsimile)
                                                        rosej@sec.gov

                                                        Counsel for Defendant

                                                        * Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

    I hereby certify that on this 8th of August, 2025, I filed or caused to be filed the foregoing SEC's Reply in Support of Its Motion to Dismiss through the CM/ECF system which will provide service to Plaintiff since he has been granted permission to file electronically by the Court.

                                              */s/ Eric A. Reicher*
                                              Eric A. Reicher
                                              Special Trial Counsel
                                              U.S. Securities and Exchange Commission