Case No. 7:24-cv-00317-DC-RCG    MIDLAND/ODESSA DIVISION

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION et al,<br><br>Defendant | Case No. 7:24-cv-00317-DC-RCG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR [DOCUMENT 1] AND [DOCUMENT 2]** |

## PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR TWO DOCUMENTS

Plaintiff Contique Willcot, proceeding *pro se*, respectfully moves this Court for leave to exceed the page limits set by Local Rule CV-7(d) for two filings: Exhibit A: Proposed Supplemental Opposition to Defendant Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss the Second Amended Complaint (ECF No. 105-1, "Supplemental Opposition") and Plaintiff's Reply in Support of Motion for Leave to File Supplemental Opposition (ECF No. 105, "Reply"). The Supplemental Opposition is 8 pages, and the Reply is 12 pages, collectively exceeding the applicable limits by 7 pages. Plaintiff demonstrates good cause for this request under Federal Rule of Civil Procedure 6(b) and the Western District of Texas Pro Se Handbook (the "Handbook"), which encourages judicial flexibility for *pro se* litigants acting in good faith.

**I. LEGAL STANDARD**

PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR [DOCUMENT 1] AND [DOCUMENT 2] - 1

Case No. 7:24-cv-00317-DC-RCG    MIDLAND/ODESSA DIVISION

Local Rule CV-7(d)(3) limits responses to non-dispositive motions to 20 pages, and CV-7(d)(2) limits replies to 10 pages, excluding attachments. Federal Rule of Civil Procedure 6(b) authorizes the Court to extend procedural limits for good cause, including excusable neglect or to promote fairness. The Handbook advises *pro se* litigants to comply with rules but recognizes that courts may adjust procedural requirements to ensure access to justice (Handbook at 3, 28). The Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 520 (1972), instructs courts to construe *pro se* filings liberally to avoid injustice.

## II. GOOD CAUSE EXISTS TO EXCEED THE PAGE LIMIT

Good cause exists to permit Plaintiff's Supplemental Opposition (8 pages) and Reply (12 pages) to exceed the 20-page and 10-page limits due to the necessity of addressing critical new evidence and legal arguments. The Supplemental Opposition responds to FINRA's Motion to Dismiss (ECF No. 96) and incorporates the Securities and Exchange Commission's filing in *Rolo v. SEC* (ECF No. 105-3), which confirms FINRA's *ultra vires* actions in the MMTLP trading halt (SAC ¶¶ 17-19, Exs. S, U). The Reply addresses FINRA's Opposition (ECF No. 106). Both filings include key provisions—Section 15A (15 U.S.C. § 78o-3), FINRA By-Laws Article VI, Section 1, and SEC oversight principles—to rebut FINRA's claim that Plaintiff's arguments are a "hypothetical" irrelevant to immunity, requiring detailed analysis under Section 19(b) and Rule 19b-4 (15 U.S.C. § 78s(b); 17 CFR § 240.19b-4). Plaintiff's evidence, including FINRA's use of outdated data (SAC ¶25(a), Exs. A, B, C) and opaque halt procedures (SAC ¶17, Exs. S, U), justifies the additional pages to ensure a complete response. The filings are concise, causing no prejudice to FINRA, which has responded (ECF No. 106).

PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR [DOCUMENT 1] AND [DOCUMENT 2] - 2

### III. PLAINTIFF'S PRO SE STATUS SUPPORTS LENIENCY

As a *pro se* litigant, Plaintiff has diligently complied with procedural rules by filing this Motion. The Handbook encourages courts to consider good-faith efforts by *pro se* litigants (Handbook at 3). The excess pages are necessary to address complex legal issues and new evidence, and denying this request would prejudice Plaintiff's ability to present his case, contrary to *Haines v. Kerner*, 404 U.S. at 520.

### IV. ALTERNATIVE REQUEST

Should the Court prefer adherence to the page limits, Plaintiff requests that it consider only the first 20 pages of the Supplemental Opposition and the first 10 pages of the Reply, excluding exhibits, to preserve core arguments.

### V. CONCLUSION AND REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court grant leave to exceed the page limits under Local Rule CV-7(d) for the Supplemental Opposition and Reply, deem both filed, and grant such other relief as the Court deems just and proper.

**Dated:** August 8, 2025

**Respectfully submitted,**

/s/ Contique Willcot

**Contique Willcot,** *Pro Se*

6940 SW 10th Ct

Pembroke Pines, FL 33023

Phone: (954) 274-5173

PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR [DOCUMENT 1] AND [DOCUMENT 2] - 3

Email: contiq9@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on August 8, 2025, a true and correct copy of the foregoing document was served via CM/ECF (or, if not registered, via U.S. Mail) on all counsel of record, including:

**David C. Kent**

Faegre Drinker Biddle & Reath LLP

2323 Ross Avenue, Suite 1700

Dallas, TX 75201

david.kent@faegredrinker.com

(Attorneys for Defendant FINRA)

And all other Defendants' counsel as listed in the docket.

/s/ Contique Willcot

**Contique Willcot**

PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR [DOCUMENT 1] AND [DOCUMENT 2] - 4

Case No. 7:24-cv-00317-DC-RCG    MIDLAND/ODESSA DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

CONTIQUE WILLCOT,

Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION,

FINANCIAL INDUSTRY REGULATORY AUTHORITY,

GTS SECURITIES LLC, ARI RUBENSTEIN,

NEXT BRIDGE HYDROCARBONS, INC.,

JOHN BRDA, and GREGORY MCCABE,

Defendants.

Case No. 7:24-cv-00317-DC-RCG

PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Before the Court is Plaintiff Contique Willcot's Motion for Leave to Exceed Page Limit for two filings: Exhibit A: Proposed Supplemental Opposition to Defendant Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss the Second Amended Complaint (ECF No. 105-1) and Plaintiff's Reply in Support of Motion for Leave to File Supplemental Opposition (ECF No. 105), filed on August 8, 2025. Having considered the PLAINTIFF'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR [DOCUMENT 1] AND [DOCUMENT 2] - 5

Motion, any responses, and the applicable law, the Court finds that good cause exists under Federal Rule of Civil Procedure 6(b) and Local Rule CV-7(d) to grant the requested relief.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Exceed Page Limit is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to file the Supplemental Opposition (ECF No. 105-1), consisting of 8 pages, exceeding the 20-page limit under Local Rule CV-7(d)(3), and the Reply (ECF No. 105), consisting of 12 pages, exceeding the 10-page limit under Local Rule CV-7(d)(2).

**IT IS FURTHER ORDERED** that the Supplemental Opposition and Reply are deemed filed as of the date of this Order.

**SIGNED** this ___ day of _____, 2025.

---

UNITED STATES DISTRICT JUDGE