CASE NO. 7:24-cv-00317-DC-RCG   MIDLAND-ODESSA DIVISION

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| CONTIQUE WILLCOT,<br>　　　　Plaintiff,<br>vs.<br>SECURITIES AND EXCHANGE COMMISSION, et al.,<br>　　　　Defendant | CASE NO. 7:24-cv-00317-DC-RCG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

**TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:**

Plaintiff Contique Willcot, proceeding pro se, respectfully moves for leave to file the attached Sur-Reply to Defendant Securities and Exchange Commission's ("SEC") Reply in Support of its Motion to Dismiss the Second Amended Complaint ("Reply," ECF No. 107, filed August 8, 2025). This motion is filed pursuant to Local Rule CV-7(f) of the Western District of Texas, which permits replies in support of motions but prohibits further submissions absent leave of court. Plaintiff seeks leave under Federal Rule of Civil Procedure 7(b) and the Court's inherent discretion to manage its docket.

**I. GOOD CAUSE EXISTS FOR GRANTING LEAVE**

Local Rule CV-7(f) and the Court's Amended Standing Order Clarifying Time Limits for Filing Responses and Replies (effective as of the date of this filing) require a showing of good cause for additional filings beyond a reply. Courts in the Western District of Texas routinely grant leave to file sur-replies when a reply brief raises new arguments,

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 1

evidence, or legal theories not previously addressed, or when necessary to prevent prejudice or clarify the record. See, *e.g., Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, No. 5:16-cv-01128 (W.D. Tex. Dec. 15, 2017) (granting leave for sur-reply to address new inferences in reply); *United States v. State of Texas*, No. 3:20-cv-00210 (W.D. Tex. Feb. 17, 2021) (sua sponte permitting sur-reply to address new issues).

Here, good cause is amply demonstrated:

**1. New Arguments and Mischaracterizations in the SEC's Reply:** The SEC's Reply (ECF No. 107) introduces new factual assertions and legal interpretations not raised in its original Motion to Dismiss ("MTD," ECF No. 93), including:

- Dismissal of Plaintiff's evidence (e.g., 2019 whistleblower tip and 2024 enforcement action) as "irrelevant" without addressing authenticity (e.g., Jeffrey Davies' authenticated email, ECF No. 62, Exs. H-I).

- Novel reliance on vacated or inapposite cases (*e.g., Texas v. Trump*, 127 F.4th 606 (5th Cir. 2025), vacated March 28, 2025) while ignoring Plaintiff's cited precedents like *Nat'l Ctr. for Pub. Policy Research v. SEC* (2025 WL 1392160 (5th Cir. May 14, 2025)) limiting SEC discretion.

- Misrepresentation of Plaintiff's redressability arguments (e.g., claiming no remedy from Blue Sheet data, ignoring its role in proving claims against third parties like Brda/McCabe).

These require rebuttal to avoid unfair prejudice, as Plaintiff could not anticipate them in his Opposition (ECF No. 103). See *GS Labs LLC v. Blue Cross & Blue*

*Shield of Kan. City* (W.D. Tex. 2022) (granting leave where reply raised new points).

**2. Necessity to Address Recent Developments and Clarify the Record:** Since the Reply's filing on August 8, 2025, new 5th Circuit precedents have emerged reinforcing Plaintiff's positions, including:

- *USA v. State of Texas*, No. 24-50149 (5th Cir. July 3, 2025) (affirming standing for challenges to agency inaction causing economic harm).

- *Purl v. HHS*, No. 2:24-cv-00228-Z (N.D. Tex. June 18, 2025) (setting aside agency action under APA for non-compliance with statutory duties, relevant to SEC's alleged breach).

Denying leave would deprive the Court of a complete record, especially given Plaintiff's pro se status and the complexity of sovereign immunity issues. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings held to less stringent standards).

**3. No Prejudice to the SEC or Delay:** The proposed Sur-Reply is concise (under 10 pages), focused solely on Reply issues, and will not delay proceedings. The SEC has had ample opportunity to brief its positions, and granting leave promotes fairness without burdening the docket. See *Zamora v. [Defendant]* (W.D. Tex. June 28, 2024) (granting leave for reply in support of amendment where holistic consideration favored completeness).

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 3

**4. Public Interest and Systemic Harm:** This case involves catastrophic losses to 65,000 investors (ECF No. 103, Ex. I) from SEC inaction on known fraud, implicating market integrity. Denying leave risks endorsing regulatory failures, contrary to the APA's purpose of judicial review for arbitrary agency action. See *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023).

## II. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply.

Dated: August 12, 2025

Respectfully submitted,

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct

Pembroke Pines, FL 33023

Phone: (954) 274-5173

Email: contiq9@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Contique Willcot

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I hereby certify that on August 11, 2025, I conferred with the attorney for the SEC via email regarding the relief requested in this motion, and they opposed the Sur-reply.

/s/ Contique Willcot

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 5