CASE NO. 7:24-CV-00317-DC-RCG    MIDLAND/ODESSA DIVISION

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **CONTIQUE WILLCOT,**<br><br>  **Plaintiff**,<br><br>vs.<br><br>**SECURITIES AND EXCHANGE COMMISSION,**<br>ET AL.<br><br>  **Defendant** | CASE NO. 7:24-CV-00317-DC-RCG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY** |

TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE,

AND THE HONORABLE RONALD C. GRIFFIN, UNITED STATES

MAGISTRATE JUDGE:

Plaintiff Contique Willcot, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(d), Local Court Rule CV-7 of the Western District of Texas, and the Court's inherent authority, for leave to file the attached Supplemental Brief in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint (ECF Nos. 81, 83, 92, 93, 96) and Motion to Lift the Private Securities Litigation Reform Act (PSLRA) Discovery Stay under 15 U.S.C. § 78u-4(b)(3)(B). This motion is supported by the following grounds:

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed his Second Amended Complaint (SAC) on June 12, 2025 (ECF No. 73),

alleging violations of federal securities laws, antitrust laws, negligence, aiding and abetting fraud, unjust enrichment, and seeking declaratory judgment arising from fraudulent trading of Meta Materials Preferred Shares (MMTLP). Defendants filed Motions to Dismiss (MTDs) between June 26 and July 15, 2025 (ECF Nos. 81, 83, 92, 93, 96), and Plaintiff timely opposed them (ECF Nos. 82, 87, 97, 98, 103). Replies were filed by July 23, 2025 (ECF Nos. 89, 91, 102, 107), with FINRA's reply due August 22, 2025. The MTDs remain pending, as does Plaintiff's prior Motion to Lift PSLRA Stay (ECF No. 32).

Since filing his oppositions, Plaintiff has obtained newly discovered evidence from a related case in this Court, Vetrano v. Brda et al., Case No. 7:24-CV-00325-DC-RCG (Vetrano Case), including incriminating emails from Defendant Gregory McCabe admitting to ignoring shareholder records requests and instructing deletion of communications (Vetrano ECF No. 63, Ex. D, filed August 14, 2025). This evidence directly bolsters Plaintiff's claims and demonstrates an imminent risk of evidence destruction, necessitating supplementation and a lift of the PSLRA automatic discovery stay.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 15(d) permits supplementation of pleadings or briefs upon motion to present events occurring after the original filing, promoting judicial efficiency and complete resolution on the merits. Ashcroft v. Dep't of Corr., 2007 WL 1989264, at *1 (W.D.N.Y. July 5, 2007). Courts in the Fifth Circuit liberally grant such leave when the new material is relevant, non-prejudicial, and advances the case. See

CASE NO. 7:24-CV-00317-DC-RCG     MIDLAND/ODESSA DIVISION

Smith v. Ayres, 845 F.2d 1360, 1367 (5th Cir. 1988). Local Rule CV-7 allows motions for leave to file supplemental submissions, and if granted, the Clerk shall file the attachment promptly. W.D. Tex. L.R. CV-7(f).

Here, supplementation is warranted as the new evidence was unavailable at the time of Plaintiff's oppositions (filed July 2025) and directly rebuts Defendants' arguments on standing, scienter, loss causation, and pleading specificity. Denying leave would prejudice Plaintiff, a pro se litigant, by preventing consideration of critical, post-filing developments. Defendants will suffer no undue prejudice, as they may respond if the Court deems necessary.

### III. GROUNDS FOR LEAVE

The attached Supplemental Brief incorporates evidence from the Vetrano Case, including:

- McCabe's August 11, 2025, email admitting to ignoring lawful shareholder requests as a "harassment campaign" and instructing deletion (Vetrano ECF No. 63-5).

- Vetrano's Motion to Enter New Evidence (Vetrano ECF No. 63, filed August 14, 2025), detailing a pattern of noncompliance with Texas Business Organizations Code § 21.218.

- Related exhibits, such as NBH's November 25, 2024, press release admitting operational setbacks and undisclosed office moves (Vetrano ECF No. 63-4).

- Shareholder records requests from November 2024 and August 2025 (Vetrano ECF Nos. 63-2, 63-3).

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 3

- A recent request for investigation into McCabe's conduct stemming from the "reply all" incident.
- A 2014 Assignment of Oil and Gas Leases from Arabella Petroleum Company, LLC to McCabe Petroleum Corporation (MPC), evidencing historical asset transfers.

This evidence evidences ongoing concealment and self-dealing by Defendants McCabe, Brda, and NBH, interconnected with the SAC's allegations of merger fraud, asset misrepresentations, and the FINRA U3 halt. It supports denial of the MTDs and, crucially, justifies lifting the PSLRA stay to preserve evidence at risk of destruction and prevent undue prejudice.

**IV. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court grant leave to file the attached Supplemental Brief, deem it filed upon order, and consider it in ruling on the pending MTDs. A proposed order is attached hereto.

**Dated: August 18, 2025**

**Respectfully submitted,**

**/s/ Contique Willcot**

**Contique Willcot, Pro Se**

**6940 SW 10th Ct**

**Pembroke Pines, FL 33023**

**954-274-5173**

Email: **contiq9@yahoo.com**

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 4

CASE NO. 7:24-CV-00317-DC-RCG     MIDLAND/ODESSA DIVISION

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

**/s/ Contique Willcot**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), Plaintiff conferred with Defendants' counsel via email on August 18, 2025, regarding this motion. Defendants oppose.

**/s/ Contique Willcot**

## ADDENDUM: TABLE OF NEW EXHIBITS

| Exhibit Label | Document Filename | Key Content Summary | Relevance to Your Case | Location in Vetrano Case |
|---|---|---|---|---|
| Exhibit 1 | SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT | The full supplemental brief submitted herein, incorporating new evidence from the Vetrano Case to oppose MTDs and lift PSLRA stay, with analysis of scienter, causation, and preservation needs. | Serves as the primary document presenting new evidence; directly rebuts MTDs on all grounds and argues for stay lift based on spoliation risks. | N/A (This filing) |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 5

| Exhibit Label | Document Filename | Key Content Summary | Relevance to Your Case | Location in Vetrano Case |
|---|---|---|---|---|
| | **PSLRA DISCOVERY STAY** | | | |
| Exhibit 2 | Motion to enter new evidence.pdf | Vetrano's August 14, 2025, motion to admit above exhibits, citing Texas §21.218 breaches and pattern of disregard. | Reinforces standing/widespread harm; links to declaratory judgment for market trust. | Vetrano ECF No. 63 (Full Motion) |
| Exhibit 3 | NBH 2024 Year-end Operational Activities updates.pdf | November 25, 2024, NBH press release on office move to McCabe's Midland firm (rent-free), restated financials, SEC comments, and "setbacks." | Evidences self-dealing/unjust enrichment; admits valuation errors, corroborating SAC misrepresentations. | Vetrano ECF No. 63-4 (Ex. C) |
| Exhibit 4 | request for access to books and records.pdf | November 18, 2024, shareholder demand for board minutes, financials, contracts (e.g., with Brda/McCabe), lease losses (University Lands), and NDAs; signed by group including via DocuSign. | Supports particularity for fraud/misrepresentation claims; evidences ignored transparency, tying to negligence and aiding fraud. | Vetrano ECF No. 63-2 (Ex. A) |
| Exhibit | request for corporate | August 10, 2025, follow-up | Bolsters antitrust (restraint | Vetrano ECF |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 6

| Exhibit Label | Document Filename | Key Content Summary | Relevance to Your Case | Location in Vetrano Case |
|---|---|---|---|---|
| 5 | records and governance updates.pdf | demand expanding to SEC correspondence, verified share counts (synthetics/naked shorts), and annual meetings under Nevada law. | via opacity) and loss causation (ongoing harm post-halt); shows pattern of noncompliance. | No. 63-3 (Ex. B) |
| Exhibit 6 | McCabe's Incriminating emails.pdf | August 10-11, 2025, email chain: Vetrano's request; McCabe calls it "harassment" to "bankrupt us," admits ignoring prior, instructs "disregard and delete." | Direct proof of scienter/concealment; supports PSLRA stay lift for spoliation risk. | Vetrano ECF No. 63-5 (Ex. D) |
| Exhibit 7 | Request for investigation into Greg McCabe for Jen's reply all.pdf | Formal request probing McCabe's "reply all" for tampering/fiduciary violations. | Escalates to regulatory scrutiny; bolsters causation and stay lift via tampering evidence. | Not filed in Vetrano; standalone document referenced in prior uploads. |
| Exhibit 8 | Arabella.pdf | March 4, 2014, lease assignment from Arabella | Historical tie to asset mismanagement/self-dealing; | Not in Vetrano; |

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 7

| Exhibit Label | Document Filename | Key Content Summary | Relevance to Your Case | Location in Vetrano Case |
|---|---|---|---|---|
| | | to MPC for $10+; binds successors (Exhibit "A" not attached). | adds pattern for fiduciary breaches, indirect causation to losses. | standalone public record. |

CASE NO. 7:24-CV-00317-DC-RCG     MIDLAND/ODESSA DIVISION

PROPOSED ORDER

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

CONTIQUE WILLCOT,

Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION et al.

Defendants.

CASE NO. 7:24-CV-00317-DC-RCG

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND LIFTING PSLRA DISCOVERY STAY

Before the Court is Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint and Motion to Lift PSLRA Discovery Stay. Having considered the motion, the record, and applicable law, the Court finds good cause.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave is GRANTED. The Clerk shall file the attached Supplemental Brief forthwith.

2. The PSLRA discovery stay is LIFTED for the particularized discovery specified in Section III.C of the Supplemental Brief, to be completed within 60 days. Defendants shall preserve all relevant evidence pending completion.

3. Defendants may respond to the Supplemental Brief within 14 days.

4. The pending Motions to Dismiss shall be considered in light of this supplementation.

SO ORDERED this ___ day of _____, 2025.

---

DAVID COUNTS

UNITED STATES DISTRICT JUDGE

(or)

---

RONALD C. GRIFFIN

UNITED STATES MAGISTRATE JUDGE