CASE NO. 7:24-CV-00317-DC-RCG    MIDLAND/ODESSA DIVISION

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **CONTIQUE WILLCOT,**<br><br>Plaintiff,<br><br>vs.<br><br>**SECURITIES AND EXCHANGE COMMISSION ET AL.**<br><br>Defendant | CASE NO. 7:24-CV-00317-DC-RCG<br><br>**EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY** |

**TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE, AND THE HONORABLE RONALD C. GRIFFIN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this Supplemental Brief pursuant to the Court's anticipated grant of leave under FRCP 15(d) and Local Rule CV-7. This supplement incorporates newly discovered evidence from the related Vetrano v. Brda et al., Case No. 7:24-CV-00325-DC-RCG (Vetrano Case), filed August 14, 2025, which directly rebuts Defendants' MTDs (ECF Nos. 81, 83, 92, 93, 96) and supports lifting the PSLRA automatic discovery stay under 15 U.S.C. § 78u-4(b)(3)(B). The evidence demonstrates an ongoing pattern of misconduct by Defendants McCabe, Brda, and NBH, including potential evidence tampering, necessitating immediate, particularized discovery to preserve evidence and prevent undue prejudice.

EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 1

CASE NO. 7:24-CV-00317-DC-RCG     MIDLAND/ODESSA DIVISION

## I. INTRODUCTION

Plaintiff's SAC (ECF No. 73) alleges a coordinated scheme involving misrepresentations in the TRCH/MMAT merger, unauthorized MMTLP trading, FINRA's U3 halt, and post-spin-off fraud by NBH, Brda, and McCabe, causing Plaintiff losses of $65,250,000–$130,500,000. Defendants' MTDs challenge standing, scienter, loss causation, and pleading under FRCP 12(b)(6), 9(b), and the PSLRA. Plaintiff's prior oppositions (ECF Nos. 82, 87, 97, 98, 103) addressed these, but new evidence from the Vetrano Case—arising after July 2025—further substantiates the claims and reveals exceptional circumstances warranting a PSLRA stay lift.

Under 15 U.S.C. § 78u-4(b)(3)(B), the PSLRA stay may be lifted upon a showing that particularized discovery is necessary to (1) preserve evidence or (2) prevent undue prejudice. Courts require exceptional circumstances, a tailored discovery request, and irreparable harm absent relief. See In re Royal Ahold N.V. Sec. Litig., 319 F. Supp. 2d 634, 637 (D. Md. 2004); see also 15 U.S.C. § 78u-4(b)(3)(B) (stay during MTD pendency unless "particularized discovery is necessary"). Here, McCabe's instruction to delete emails evidences a risk of spoliation, and ongoing concealment prejudices Plaintiff's ability to respond fully to the MTDs and protect claims for ~65,000 investors. This builds on Plaintiff's pending Motion to Lift Stay (ECF No. 32).

## II. NEWLY DISCOVERED EVIDENCE AND ITS RELEVANCE TO THE MTDS

The Vetrano Case, before the same judges, involves similar allegations against Brda, McCabe (via NBH), and others for fiduciary breaches post-MMTLP halt. Key new

EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 2

evidence (Vetrano ECF No. 63 and exhibits, filed August 14, 2025) includes:

A. Vetrano's Motion to Enter New Evidence (Exhibit 2; Vetrano ECF No. 63): Details McCabe's pattern of noncompliance, including ignoring November 18, 2024, and August 10, 2025, requests for board minutes, financials, contracts, and lease records. Cites Ritchie v. Rupe, 443 S.W.3d 856 (Tex. 2014), for fiduciary breaches. Notes NBH's undisclosed move to McCabe's firm in Midland, suggesting self-dealing. This supports loss causation (SAC ¶ 9) by linking halt harms to ongoing governance failures.

B. NBH's 2024 Year-End Updates (Exhibit 3; Vetrano ECF No. 63-4): Admits "operational challenges" and "setbacks," restated 2022 financials, SEC comments on 2023 Form 10-K, and rent-free office at McCabe Petroleum Corp. Omits halt details, perpetuating misrepresentations (SAC ¶ 14). Bolsters unjust enrichment claims (SAC Count V) via McCabe's personal benefits.

C. Shareholder Records Request - November 2024 (Exhibit 4; Vetrano ECF No. 63-2): Demand specifics on merger communications, stock issuances, lease losses (e.g., University Lands due to non-payment), and synthetic shares. Signed by multiple shareholders, including via DocuSign, evidencing widespread harm. Rebuts standing challenges (e.g., NBH MTD at 12, ECF No. 83) by confirming Plaintiff's MMTLP holdings and reliance.

D. Shareholder Records Request - August 2025 (Exhibit 5; Vetrano ECF No. 63-3): Follow-up demand expanding to SEC correspondence, verified share counts (synthetics/naked shorts), and annual meetings under Nevada law. This bolsters antitrust (restraint via opacity) and loss causation (ongoing harm post-halt); shows

pattern of noncompliance.

E. McCabe's Incriminating Emails (Exhibit 6; Vetrano ECF No. 63-5): On August 11, 2025, McCabe emailed counsel and NBH's PR firm, characterizing shareholder records requests as a "harassment campaign" to "bankrupt us," admitting he "ignored it last time," and questioning response. He then instructed: "disregard and delete the email I inadvertently sent." This evidences willful concealment of corporate records, breaching fiduciary duties under Texas Bus. Org. Code § 21.218, and ties directly to SAC allegations of post-halt opacity (SAC ¶¶ 1, 26). It rebuts MTD arguments on lack of scienter (e.g., Brda/McCabe MTD at 8-9, ECF No. 92) by showing intent to suppress evidence of asset misvaluations and merger fraud.

F. Request for Investigation into McCabe (Exhibit 7): Escalates the "reply all" incident, requesting probe into potential tampering and violations. This formal demand underscores the risk of evidence loss, directly supporting stay lift.

G. Assignment of Oil and Gas Leases from Arabella Petroleum Company, LLC to McCabe Petroleum Corporation (Exhibit 8): Dated March 4, 2014, this document transfers all rights in oil and gas leases (Exhibit "A" not attached) from Arabella to MPC for $10 and other consideration, binding successors. How It Bolsters: This evidences McCabe's historical acquisition of West Texas assets through MPC, which were later integrated into Torchlight Energy Resources (TRCH) in July 2014 (per public records), feeding into the MMAT merger and NBH spin-off. It supports SAC claims of asset overvaluation (¶¶1, 14, 26) by showing a chain of potentially undervalued transfers (Arabella paid $7/acre for Orogrande leases before selling to MPC). This ties to fiduciary breaches (negligence/unjust enrichment) via self-dealing,

EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 4

as MPC's Midland address matches NBH's 2024 rent-free move (Exhibit 3). It corroborates Vetrano demands for lease records (Exhibits 4-5), suggesting ignored transparency hid risks leading to halt losses. Bolsters antitrust via market manipulation through opaque deals. Limitations: It's from 2014, predating the merger/halt—direct causation to my 2021-2022 losses is indirect. No explicit fraud mention. Still, it's admissible (public record/judicial notice) and adds to the "pattern" narrative for fiduciary breaches.

This evidence collectively rebuts MTDs: (1) Establishes statutory standing under Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975), via documented holdings and losses; (2) Pleads scienter with particularity per Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); (3) Shows loss causation from halt and concealment; (4) Supports antitrust conspiracy under Sherman/Clayton Acts via coordinated opacity; and (5) Bolsters state claims of negligence and unjust enrichment.

### III. MOTION TO LIFT PSLRA DISCOVERY STAY

Plaintiff moves to lift the PSLRA stay for particularized discovery, as exceptional circumstances exist under 15 U.S.C. § 78u-4(b)(3)(B). Courts grant relief where evidence destruction is imminent or prejudice is undue. See In re Bank of Am. Corp. Sec. Litig., 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) (lifting stay for spoliation risk); In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301 (S.D.N.Y. 2002) (undue prejudice from delayed access). This supplements Plaintiff's prior motion (ECF No. 32).

A. Necessity to Preserve Evidence: McCabe's deletion instruction (Exhibit 6) poses an immediate spoliation risk, as emails and records related to merger fraud, asset valuations, and halt communications may be destroyed. This is not speculative; McCabe admitted ignoring requests twice and directed deletion. The Arabella Assignment (Exhibit 8) highlights historical lease docs at risk. Without intervention, critical evidence—e.g., internal emails on Brda/McCabe's roles—may be lost forever. See 15 U.S.C. § 78u-4(b)(3)(B) (preservation exception).

B. Prevention of Undue Prejudice: The stay prejudices Plaintiff by hindering full opposition to MTDs and protection of claims. Ongoing concealment (e.g., ignored requests, undisclosed moves) exacerbates losses for 65,000 investors. Delay allows Defendants to dissipate assets or alter records, irreparably harming pro se Plaintiff. See In re LaBranche Sec. Litig., 333 F. Supp. 2d 178 (S.D.N.Y. 2004) (prejudice where stay prolongs uncertainty).

C. Particularized Discovery Request: Plaintiff seeks limited, targeted discovery:

1. All emails/communications from McCabe, Brda, and NBH executives (2021–present) regarding MMTLP, the merger, halt, asset valuations, and shareholder requests (to preserve from deletion).

2. Blue sheets and trading records from GTS/SEC/FINRA on MMTLP unauthorized trades.

3. NBH's full financials, board minutes, and contracts (as requested in Exhibits 4-5).

4. SEC/FINRA correspondence on the U3 halt and investigations (e.g., into Brda).

EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 6

5. Depositions of McCabe and Brda limited to preservation topics (if documents insufficient).

6. MPC/NBH lease assignment records, including the 2014 Arabella transfer and subsequent integrations into TRCH/NBH.

7.

This is narrowly tailored, not a fishing expedition, and aligns with PSLRA goals while addressing exceptional risks.

## IV. CONCLUSION

The new evidence mandates denial of the MTDs and a PSLRA stay lift. Plaintiff requests oral argument if necessary and entry of the proposed order.

**Dated: August 18, 2025**

**Respectfully submitted,**

**/s/ Contique Willcot**

**Contique Willcot, Pro Se**

**6940 SW 10th Ct**

**Pembroke Pines, FL 33023**

**954-274-5173**

**Email: contiq9@yahoo.com**

### CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 7

/s/ Contique Willcot

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), Plaintiff conferred with Defendants' counsel via email on August 18, 2025, regarding this motion. Defendants oppose.

/s/ Contique Willcot

EXHIBIT 1: PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT AND MOTION TO LIFT PSLRA DISCOVERY STAY - 8