IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND-ODESSA DIVISION

FILED
AUG 14 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

JENNIFER VETRANO,
*Plaintiff*

v.

Case No.: 7:24-CV-00325-DC-RCG

JOHN BRDA,
ALLISON CHRISTILAW, MBA, ICD.D B,
JOHN R. HARDING, UZI SASSON,
DAN EATON ESQ, MAURICE GUITTON,
ERIC M. LESLIE, PHILIPPE MORALI,
KEN HANNAH, STEEN KARSBO,
JOHN DOES 1-20, JANE DOES 1-20
*Defendants.*

**PLAINTIFF'S MOTION TO ENTER NEW EVIDENCE**

TO THE HONORABLE JUDGE GRIFFIN:

Plaintiff Jennifer Vetrano respectfully moves this Court to enter newly obtained evidence into the record in support of her claims. Although Greg McCabe, Chairman of Next Bridge Hydrocarbons, Inc., is not currently a named defendant in this matter, the evidence presented herein is directly relevant to Plaintiff's claims and demonstrates a pattern of conduct that materially affects shareholder rights and corporate governance.

1 | P a g e

Plaintiff is the beneficial owner of 893 shares of Next Bridge Hydrocarbons, Inc., a privately held company headquartered in Midland, Texas. This geographic detail is significant because it establishes jurisdictional relevance under Texas Business Organizations Code § 21.218, which governs shareholder access to corporate records for Texas-based entities. It also reinforces that the conduct in question—namely, the refusal to comply with lawful records requests—occurred within the purview of Texas corporate law and is subject to enforcement within this Court's jurisdiction.

## I. BACKGROUND

On November 18, 2024, Plaintiff submitted a formal books and records request to Greg McCabe, Chairman of Next Bridge Hydrocarbons, Inc., pursuant to Texas Business Organizations Code § 21.218, which grants shareholders the right to inspect corporate records for a proper purpose. The request was made in good faith to investigate potential breaches of fiduciary duty and mismanagement.

A second request was submitted on August 10, 2025, reiterating the original demands and expanding the scope to include governance updates under both Texas and Nevada law. Despite these lawful requests, Mr. McCabe failed to comply and, in an internal email dated August 11, 2025, referred to the effort as a "harassment campaign" and expressed intent to ignore it (Exhibit D).

## II. NEWLY DISCOVERED EVIDENCE

Plaintiff respectfully requests that the following documents be entered into the record:

Email from Greg McCabe dated August 11, 2025, in which he acknowledges receipt of Plaintiff's request and expresses intent to ignore it, referring to it as part of a "harassment campaign (Exhibit D)." Then **Greg McCabe directed everyone on the email chain to "disregard and delete the email I inadvertently sent less than twenty minutes ago."**

Formal Books and Records Request dated November 18, 2024, signed by multiple shareholders, detailing specific categories of documents sought under Texas law (Exhibit A). Follow-up Request dated August 10, 2025, submitted by Plaintiff, reiterating the original request and citing both Texas and Nevada statutory authority (Exhibit B).

On November 18, 2024, shareholders including the Plaintiff sent a formal books and records request to Next Bridge Hydrocarbons' publicly listed address in Fort Worth, Texas (Exhibit A). When a process server attempted to serve Chairman Greg McCabe, they were unable to do so because the company had quietly relocated its headquarters to Midland, Texas—information that had not been disclosed to investors at the time (Exhibit C). This concealment obstructed lawful service and deprived shareholders of transparency. To date, no investor presentation or meeting has been offered, and shareholders only learned of the relocation through the process server—not from the company itself.

These documents are directly relevant to Plaintiff's claims and demonstrate a pattern of noncompliance, disregard for shareholder rights, and potential concealment of material corporate information.

## III. LEGAL AUTHORITY

Under Texas Business Organizations Code § 21.218(b), a shareholder is entitled to examine and copy corporate records if the request is made in good faith and for a proper purpose.

3 | Page

In Ritchie v. Rupe, 443 S.W.3d 856 (Tex. 2014), the Texas Supreme Court affirmed that shareholders have a statutory right to access corporate records and that refusal to comply may constitute a breach of fiduciary duty when done in bad faith or to conceal misconduct.

In In re Hallmark Capital Corp., 534 S.W.3d 401 (Tex. App.—Houston [14th Dist.] 2016, no pet.), the court held that a shareholder's request for records related to corporate governance and financial transactions was a proper purpose under § 21.218 and that failure to comply could justify judicial intervention.

Additionally, based on the facts presented, the following Texas laws may have been violated:

> A.  Breach of Fiduciary Duty: Under Texas common law, corporate officers owe shareholders duties of loyalty and care. Ignoring lawful requests and obstructing transparency may constitute breach.
>
> B.  Texas Penal Code § 32.46 – Fraudulent Use of Fiduciary Property: If corporate assets or governance decisions were concealed or misrepresented for personal gain, this statute may apply.
>
> C.  Texas Business Organizations Code § 21.223: While this statute limits liability for shareholders, it does not shield officers from misconduct or fraudulent acts.

These violations, if substantiated, could support claims for injunctive relief, damages, or further investigation.

## IV. PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

GRANT this Motion to Enter New Evidence;

ACCEPT the attached documents as part of the evidentiary record;

GRANT any further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Jennifer Vetrano Pro Se Plaintiff

jvetrano999@gmail.com

908-783-0105

Date: August 12, 2025

.

/s/ Jennifer Vetrano

Jennifer Vetrano

25 Pond Hollow Lane

West Creek, NJ 08092

Pro Se Plaintiff

Email: jvetrano999@gmail.com

Phone: 908-783-0105

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, a true and correct copy of the foregoing Motion to Enter New Evidence was served via email upon all counsel of record and relevant parties in accordance with the Federal Rules of Civil Procedure.

Jennifer Vetrano

jvetrano999@gmail.com 908-783-0105

/s/ Jennifer Vetrano

Jennifer Vetrano

Pro Se Plaintiff

RECEIVED
AUG 14 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

JENNIFER VETRANO
(908) 783-0105
THE UPS STORE #0607
STE 35
297 ROUTE 72 W
MANAHAWKIN NJ 08050-2811

SHIP CLERK, US DISTRICT CLERK
TO: STE 222
    200 E WALL ST

MIDLAND TX 79701-5201

TX 797 9-01

UPS NEXT DAY AIR
TRACKING #: 1Z 0V1 9E0 01 7571 7808    1

BILLING: P/P
UPS CARBON NEUTRAL SHIPMENT

0.4 LBS LTR
SHP WT: LTR
DATE: 13 AUG 2025

