UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 7:24-cv-00317-DC-RCG |
| | ) |
| SECURITIES AND EXCHANGE | ) |
| COMMISSION, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION
TO PLAINTIFF'S MOTION TO FILE A SUR-REPLY TO THE
COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff seeks leave to file a sur-reply ("Motion"), ECF 111, to the Commission's Reply in Support of its Motion to Dismiss the Second Amended Complaint. ECF 107 ("Reply"). Plaintiff, however, cannot satisfy the standard for obtaining leave to file a sur-reply.

Sur-replies "are highly disfavored," *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001), and "the need for post-reply briefing should be rare," *Cuellar v. Rodriquez*, No. EP-23-CV-00237, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023). "[I]t is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. In other words, in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Id.* (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). Although courts afford *pro se* litigants some leniency,

1

"[t]his leniency * * * does *not* extend to permitting surreplies as a matter of course." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Ca. 2016) (emphasis original).[1]

Neither the Motion itself nor the proposed sur-reply attached to the Motion identifies any issues, theories, or arguments that the Commission raised for the first time in its Reply. Instead, the Motion and the proposed sur-reply address issues that the Commission raised in its Motion to Dismiss ("MTD"), ECF 93, and that Plaintiff has already addressed in his opposition to the MTD ("Opposition"), ECF 103. The Motion contains five bullet points that purportedly warrant a sur-reply, but on all points, the existing briefing is sufficient.

*First*, Plaintiff argues that the Commission dismissed evidence Plaintiff raised in his Opposition "as 'irrelevant' without addressing authenticity." Motion at 2. Plaintiff provides no rationale for treating the Commission's decision not to address authenticity as an issue raised for the first time in the Reply, and the arguments in the Reply regarding the irrelevance of a complaint submitted to the Commission are consistent with arguments in the MTD. Compare Reply at 1-2 (explaining that a 2019 tip does not show that the Commission caused any alleged injuries because of "numerous independent steps" that would have had to occur to prevent the injury) with MTD at 10 (explaining that any alleged inaction after 2019 did not cause alleged injuries because of all the steps that would have had to occur to prevent harm); compare Reply at 6 (stating, in response to an issue raised in the Opposition and not the Second Amended Complaint ("SAC"), ECF 73, that the Commission was not required to open an investigation

---

[1] Plaintiff claims that "[c]ourts in the Western District of Texas routinely grant leave to file sur-replies when a reply brief raises new arguments, evidence, or legal theories not previously addressed, or when necessary to prevent prejudice or clarify the record." Motion at 1-2. Although Plaintiff provides partial citations for two cases to support this statement, counsel for the Commission has not been able to locate the decisions cited.

upon receipt of a tip) with MTD at 14 (explaining that whether to bring an enforcement action was committed to agency discretion).

*Second*, Plaintiff complains that the Reply relies on *Texas v. Trump*, 127 F.4th 606 (5th Cir. 2025), and ignores *National Center for Public Policy Research v. SEC*, 2025 WL 1392160 (5th Cir. 2025). The Reply, however, cites to *Texas v. Trump* only to note that while Plaintiff cited it in the Opposition, it is irrelevant to this case. Reply at 2 n.2. The Reply also did not ignore *National Center for Public Policy Research*. The Reply explains that it does not relate to the issue for which Plaintiff cited it. Reply at 5 n.6. Thus, the treatment of these cases raises no new issues.

*Third*, Plaintiff states that the Reply misrepresents Plaintiff's redressability arguments and refers specifically to the Reply's statement that obtaining Blue Sheet data would not redress Plaintiff's harm. Motion at 2 (referring to Reply at 3). Plaintiff's disagreement with the Commission's position does not mean that the Commission raised a new argument. In addition, the MTD states that "Plaintiff's requests for equitable relief will not redress any alleged injury," MTD at 10, and the Reply developed that principle to address Plaintiff's claim that he was seeking injunctions that would "prevent future harm," Opp. at 10. Developing a point to address a claim in an opposition brief is not raising a new issue, theory, or argument.

*Fourth*, Plaintiff seeks to file a sur-reply to address *United States v. Texas*, No. 24-50149, 2025 WL 1836640 (5th Cir. July 3, 2025). Motion at 3. Plaintiff does not contend that the Reply raised this case or new arguments related to the case. Plaintiff only claims that it is a "new 5th Circuit precedent[]." Not only did the Fifth Circuit decide this case twenty-three days before Plaintiff filed the Opposition, but also its discussion about standing does not help Plaintiff obtain standing despite the lack of an immediate connection between the Commission's alleged inaction

3

and the Plaintiff's injury. In *Texas*, the Fifth Circuit stressed that the plaintiff had standing because it was challenging state laws that "directly interfere" with its "core activity." *Texas*, 2025 WL 1836640, at *8.

*Fifth*, Plaintiff seeks to address a second case that was decided over a month before he filed the Opposition and that the Reply does not cite, *Purl v. HHS*, No. 24-CV-228-Z, 2025 WL 1708137 (N.D. Tex. June 18, 2025). Motion at 3. Plaintiff claims that *Purl* is relevant here because the court "set[] aside agency action under APA for non-compliance with statutory duties," *id.*, but the case concerns a challenge to an agency rule and in no way suggests that the Commission had a duty to investigate and bring an enforcement action that could be the basis for a claim against the Commission.

Review of the proposed sur-reply provides no better justification for allowing the filing of the brief. Indeed, the opening paragraph argues that the Reply "misapplies precedents, ignores irrefutable evidence * * *, and erects barriers to accountability for inaction harming 65,000 investors," not that the Reply raised any new issues, theories, or arguments. ECF 111-1 at 1. The proposed sur-reply also addresses only issues raised in the MTD: the causation and redressability prongs of the standing analysis, limitations on the APA's waiver of sovereign immunity, the FTCA's discretionary function exception, and the plausibility of the claims in the SAC. *Id.* at 2-8. Compare MTD at 9-15, 17-20.[2]

---

[2] Although the substance of the proposed sur-reply is not at issue, nothing in the proposed sur-reply significantly adds to the Opposition, and the proposed sur-reply has material errors such as twice citing a case with an incorrect description of its holding. Plaintiff claims that in *Harrison County v. Army Corps of Engineers*, 63 F.4th 458 (5th Cir. 2023), the Fifth Circuit "vacated dismissal and remanded for scrutiny of whether deviations lacked a reasoned basis." ECF 111-1 at 3; *see also* ECF 111-1 at 6. In fact, the Fifth Circuit affirmed the district court decision and dismissed the complaint because "the plaintiffs could not avail themselves of the federal government's waiver of sovereign immunity in cases in which a federal agency fails to comply with a discrete duty to act." *Harrison County*, 63 F.4th at 460.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Sur-Reply should be denied.

Respectfully Submitted,

Date: August 19, 2025                    /s/ Melinda Hardy

Melinda Hardy*
D.C. Bar No. 431906
Eric A. Reicher*
D.C. Bar No. 490866
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-7921 (phone) (Reicher)
hardym@sec.gov
reichere@sec.gov

Jason J. Rose
Texas Bar No. 24007946
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 978-1408 (phone)
(817) 978-4927 (facsimile)
rosej@sec.gov

Counsel for Defendant

* Admitted Pro Hac Vice

CERTIFICATE OF SERVICE

      I hereby certify that on this 19th of August, 2025, I filed or caused to be filed the **Securities and Exchange Commission's Opposition to Plaintiff's Motion to File a Sur-Reply to the Commission's Reply in Support of Its Motion to Dismiss the Second Amended Complaint** through the CM/ECF system which will provide service to Plaintiff since he has been granted permission to file electronically by the Court.

      */s/ Melinda Hardy*
      Melinda Hardy
      Assistant General Counsel
      U.S. Securities and Exchange Commission