**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| CONTIQUE WILLCOT, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § § | Case No. 7:24-CV-317-DC-RCG |
| SECURITIES & EXCHANGE COMMISSION, GTS SECURITIES LLC, ARI RUBINSTEIN, NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE, FINANCIAL INDUSTRY REGULATORY AUTHORITY, | § § § § § § § § | |
| *Defendants*. | § | |

## DEFENDANTS BRDA & MCCABE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE

Defendants John Brda and Gregory McCabe file this opposition to Plaintiff Contique Willcot's Motion for Leave to File a Supplemental Brief in Opposition to Defendants' Motions to Dismiss and Motion to Lift PSLRA Discovery Stay (Doc. 112) (the "**Motion**") and respectfully state as follows:

1. Plaintiff's Motion attaches an August 11, 2025 email from Defendant McCabe that Plaintiff refers to as "the 'reply all' incident," (Mot. at 4), and argues "[t]he new evidence mandates denial of the MTDs and a PSLRA stay lift." Doc. 112-1 at 7.

2. The Motion should be denied because "[i]n assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims." *Sims v. Allstate Fire & Cas. Ins. Co.*, 650 F.Supp.3d 540, 544 (W.D. Tex. 2023) (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)).  The Motion

improperly seeks to introduce purported "evidence" that is irrelevant for ruling on a Rule 12(b)(6) motion to dismiss and is further irrelevant to any claim or defense asserted in this matter.

3.  "The evidence-and its truth or falsity-has nothing to do with whether a complaint is properly pleaded so as to survive a 12(b)(6) motion." *Muniz v. Medtronic, Inc.*, 2014 WL 1236314, at *3 (W.D. Tex. Mar. 20, 2014) (denying motion to supplement the evidence in response to motion to dismiss; "this 'evidence' [is] completely irrelevant at this point in the case").

4.  The Motion is also procedurally improper, and not contemplated by the Local Rules or the Federal Rules of Civil Procedure. *See* Doc. 115 (denying Plaintiff's Motion for Leave to File a Supplement).[1]

WHEREFORE, Defendants Brda and McCabe request that the Court deny the Motion, enter the proposed form of order submitted contemporaneously herewith, and grant such other and further relief as is just and proper.

---

[1] The Motion also seemingly constitutes an improper sur-reply, which "are highly disfavored [because] they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Thus, "it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought." *Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019) ("the need for post-reply briefing should be rare"). Despite being a rare form of relief, this is not Plaintiff's first attempt to supplement with a sur-reply. *See, e.g.*, Docs. 105, 111.

        Respectfully submitted,

        */s/ Jason S. Lewis*
        Jason S. Lewis
          Texas Bar No. 24007551
          jason.lewis@us.dlapiper.com
        Jason M. Hopkins
          Texas Bar No. 24059969
          jason.hopkins@us.dlapiper.com
        Ryan D. Lantry
          Texas Bar No. 24125130
          ryan.lantry@us.dlapiper.com
        **DLA PIPER LLP**
        1900 N. Pearl Street, Suite 2200
        Dallas, Texas 75201
        Telephone:  214.743.4546
        Facsimile:  214.743.4545

        **ATTORNEYS FOR DEFENDANTS JOHN BRDA & GREGORY MCCABE**

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on August 25, 2025.

        */s/ Jason S. Lewis*
        Jason S. Lewis