Case No. 7:24-CV-317-DC-RCG   MIDLAND ODESSA DIVISION

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS MIDLAND ODESSA DIVISION

**CONTIQUE WILLCOT,**

Plaintiff,

vs.

**SECURITIES & EXCHANGE COMMISSION ET AL,**

Defendant.

Case No. 7:24-CV-317-DC-RCG

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO LIFT PSLRA DISCOVERY STAY**

TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE,

AND THE HONORABLE RONALD C. GRIFFIN, UNITED STATES

MAGISTRATE JUDGE:

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this Reply pursuant to Local Rule CV-7(d) in support of his Motion for Leave to File Supplemental Brief (ECF No. 112) ("Motion"). Defendants Brda and McCabe's Opposition (ECF No. 116) ("Opposition") mischaracterizes the Motion as irrelevant to the pending Motions to Dismiss (MTDs) and procedurally improper. To the contrary, the new evidence—arising after July 2025 from the related Vetrano v. Brda et al., Case No. 7:24-CV-00325-DC-RCG ("Vetrano Case")—directly aligns with Plaintiff's Second Amended Complaint (SAC, ECF No. 73) and, critically, establishes exceptional circumstances warranting a lift of the Private Securities Litigation Reform Act (PSLRA) discovery stay under 15 U.S.C. § 78u-4(b)(3)(B). This builds on Plaintiff's prior Motion to Lift Stay (ECF No. 32). The

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO LIFT PSLRA DISCOVERY STAY  - 1

Court should grant leave, deem the Supplemental Brief filed, and lift the stay to preserve evidence and prevent undue prejudice.

## I. THE NEW EVIDENCE IS RELEVANT TO THE MTDS AND ALIGNS WITH THE SAC

Defendants argue that the Court's review under FRCP 12(b)(6) is limited to the SAC and attached or referenced documents, rendering extrinsic evidence irrelevant. Sims v. Allstate Fire & Cas. Ins. Co., 650 F. Supp. 3d 540, 544 (W.D. Tex. 2023) (citing Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014)); Muniz v. Medtronic, Inc., 2014 WL 1236314, at *3 (W.D. Tex. Mar. 20, 2014). This overlooks that the new evidence—McCabe's incriminating August 11, 2025, email (Exhibit 6; Vetrano ECF No. 63-5), ignored shareholder requests (Exhibits 4-5; Vetrano ECF Nos. 63-2, 63-3), NBH's 2024 updates admitting setbacks and self-dealing (Exhibit 3; Vetrano ECF No. 63-4), and the 2014 lease assignment (Exhibit 8)—directly corroborates the SAC's allegations of post-spin-off fraud, opacity, and self-dealing by NBH, Brda, and McCabe (SAC ¶¶ 1, 9, 10, 14, 26). For instance, McCabe's instruction to "disregard and delete" evidences willful concealment tied to SAC claims of fiduciary breaches and asset misrepresentations. Moreover, Plaintiff personally signed the shareholder records requests (Exhibits 4-5), underscoring his direct involvement and standing as one of ~65,000 harmed investors (SAC ¶ 2). While extrinsic at the pleadings stage, this evidence is "central" to the claims under Brand Coupon and supports denial of

the MTDs by illustrating the SAC's plausibility.

## II. THE MOTION IS PROCEDURALLY PROPER AND WARRANTED BY NEW DEVELOPMENTS

Defendants claim the Motion is improper under the Local Rules and FRCP, akin to a disfavored sur-reply, citing Doc. 115 and cases like Lacher v. West, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001), and Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co., 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019). This ignores FRCP 15(d)'s allowance for supplementation based on post-filing events, which courts in the Fifth Circuit grant liberally when relevant and non-prejudicial. Smith v. Ayres, 845 F.2d 1360, 1367 (5th Cir. 1988). Local Rule CV-7(f) expressly permits such motions, and the evidence here—unavailable during Plaintiff's July 2025 oppositions—is genuinely new, arising from McCabe's August 2025 misconduct in the Vetrano Case before the same judges. This is not a sur-reply seeking the "last word" but a targeted supplement advancing judicial efficiency, especially given Plaintiff's pro se status. Haines v. Kerner, 404 U.S. 519, 520 (1972). Denying leave would prejudice Plaintiff, while Defendants can respond if needed.

## III. EXCEPTIONAL CIRCUMSTANCES DEMAND LIFTING THE PSLRA STAY TO PRESERVE EVIDENCE AND PREVENT UNDUE PREJUDICE

The PSLRA stay must be lifted where "particularized discovery is necessary to preserve

evidence or prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). Courts require exceptional circumstances, tailored requests, and a risk of irreparable harm. The new evidence reveals McCabe's pattern of concealment and spoliation—admitting he "ignored it last time" regarding lawful shareholder requests (including one signed by Plaintiff) and instructing "disregard and delete the email I inadvertently sent" (Exhibit 6)—creating an imminent risk of evidence destruction. This justifies immediate, limited discovery (e.g., emails from 2021-present, board minutes, lease records, and Blue Sheets per ECF No. 32) to protect claims for Plaintiff and ~65,000 investors.

For evidence preservation, the Ninth Circuit in SG Cowen Sec. Corp. v. U.S. Dist. Ct., 189 F.3d 909, 913 (9th Cir. 1999), held that the exception applies only in rare instances where delay risks loss, emphasizing that "discovery should only be lifted for evidence preservation in exceptional cases." Here, McCabe's explicit deletion directive constitutes such an exception, far exceeding mere failure to tender a preservation request (as rejected in SG Cowen), and evidencing willful spoliation tied to SAC allegations of post-halt fraud. Similarly, In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002), granted a partial lift for a "clearly defined universe of documents" amid spoliation concerns, limiting discovery to specific materials already at risk—precisely as Plaintiff requests here to safeguard records of asset misvaluations and synthetic shares. In re LaBranche Sec. Litig., 333 F. Supp. 2d 178, 182-83 (S.D.N.Y. 2004), further supports this, lifting the stay in exceptional circumstances involving parallel investigations (like the Vetrano Case and SEC probes), where defendants' ongoing misconduct threatened

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO LIFT PSLRA DISCOVERY STAY  - 4

evidence integrity.

Undue prejudice is equally clear, defined as "improper or unfair treatment amounting to something less than irreparable harm." In re Bank of Am. Corp. Sec. Litig., 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009). There, the court lifted the stay because discovery was essential to oppose dismissal and prevent harm from concealed information, noting plaintiffs would be prejudiced without access amid a shareholder vote. Here, the stay blocks Plaintiff's ability to fully rebut MTD arguments on scienter and loss causation (e.g., McCabe's self-dealing via rent-free office moves, Exhibit 3), perpetuating harm from the merger fraud and U3 halt. In re Vivendi Universal, S.A. Sec. Litig., 381 F. Supp. 2d 129, 130-31 (S.D.N.Y. 2003), reinforced this, finding undue prejudice "when defendants would destroy documents or plaintiffs need them for other purposes," granting a partial lift for documents produced in parallel proceedings to avoid unfair disadvantage. Plaintiff's tailored request mirrors this, seeking only particularized items to address ongoing concealment without broad intrusion.

Crucially, the Fifth Circuit in Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc., 730 F.3d 263, 272 (5th Cir. 2013), upheld PSLRA stays but affirmed that targeted discovery is permissible where limitations periods or evidentiary needs demand it, aligning with this Court's authority to lift for prejudice in securities cases. In re Royal Ahold N.V. Sec. Litig., 319 F. Supp. 2d 634, 637 (D. Md. 2004), echoed this high bar, lifting the stay when plaintiffs lacked access to discovery

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO LIFT PSLRA DISCOVERY STAY  - 5

produced elsewhere, causing undue prejudice—directly analogous to McCabe's suppression of records vital to proving fiduciary breaches under Texas Bus. Org. Code § 21.218 and SAC claims. Without relief, Plaintiff faces irreparable harm: evidence spoliation, inability to oppose MTDs, and perpetuation of losses exceeding $65 million. Exceptional circumstances abound, as McCabe's actions extend the fraud alleged since 2021, risking total evidentiary loss amid related litigation.

WHEREFORE, Plaintiff requests the Court grant the Motion, lift the PSLRA stay for particularized discovery, and award such other relief as is just.

Dated: August 26, 2025

Respectfully submitted,

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct

Pembroke Pines, FL 33023

954-274-5173

Email: contiq9@yahoo.com

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO LIFT PSLRA DISCOVERY STAY   - 6