CASE NO. 7:24-CV-00317-DC-RCG        MIDLAND/ODESSA DIVISION

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **CONTIQUE WILLCOT,**<br><br>Plaintiff,<br><br>vs.<br><br>**SECURITIES AND EXCHANGE COMMISSION ET AL,**<br><br>Defendant | CASE NO. 7:24-CV-00317-DC-RCG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING** |

**TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE,**

**AND THE HONORABLE RONALD C. GRIFFIN, UNITED STATES**

**MAGISTRATE JUDGE:**

Plaintiff Contique Willcot, proceeding pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 15(d) and Local Rule CV-7 for leave to file the attached Supplemental Brief in Opposition to Defendants Gregory McCabe's and Next Bridge Hydrocarbons, Inc.'s ("NBH") Motions to Dismiss (ECF Nos. 83, 92). This motion is based on newly discovered evidence that arose after Plaintiff's prior filings, specifically NBH's Form 8-K filed with the Securities and Exchange Commission ("SEC") on August 20, 2025 (the "New 8-K"), which directly bolsters Plaintiff's claims in the Second Amended Complaint ("SAC," ECF No. 73). For the reasons below, the Court should grant leave, deem the attached Supplemental Brief filed, and consider it in ruling on the pending Motions to Dismiss ("MTDs").

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING - 1

## I. INTRODUCTION AND APOLOGY FOR MULTIPLE SUPPLEMENTS

Plaintiff apologizes to the Court for the number of supplemental filings in this matter (e.g., ECF Nos. 103, 112). As a pro se litigant, Plaintiff is committed to presenting a complete and accurate record but recognizes the burden this may place on the Court and parties. However, new evidence continues to emerge that materially impacts the case, including ongoing developments in related litigation (e.g., Vetrano v. Brda et al., Case No. 7:24-CV-00325-DC-RCG) and this New 8-K, which was filed only six days ago on August 20, 2025. These events post-date Plaintiff's prior oppositions (e.g., ECF Nos. 87, 97) and could not have been addressed earlier. Plaintiff has reviewed the docket as of August 26, 2025, and notes no updates indicating that discovery has opened or that the MTDs have been resolved. Thus, supplementation is timely and necessary to aid the Court's truth-seeking process without undue delay.

## II. BACKGROUND

Plaintiff's SAC alleges a coordinated scheme of securities fraud under Section 10(b) of the Securities Exchange Act and Rule 10b-5, antitrust violations under the Sherman and Clayton Acts, negligence, unjust enrichment, and aiding and abetting fraud, arising from the TRCH/MMAT merger, unauthorized trading of Meta Materials Preferred Shares ("MMTLP"), FINRA's U3 halt, and post-spin-off misconduct by NBH, McCabe, and John Brda. SAC ¶¶ 1, 9-10, 14, 26. Defendants McCabe and NBH have moved to dismiss under FRCP 12(b)(6), arguing, inter alia, lack of standing, scienter, loss causation, and pleading sufficiency under FRCP 9(b) and the Private Securities Litigation Reform Act

("PSLRA"), 15 U.S.C. § 78u-4. ECF Nos. 83, 92.

On August 20, 2025, NBH filed the New 8-K with the SEC, disclosing a $6 million financing transaction with Panther Bridge, LLC—a entity managed by McCabe's son, Gregory McCabe, Jr.—involving high-interest debt, preferred stock issuance, and assignment of a net profits interest in the Panther Prospect. See Exhibit A (New 8-K, full text attached). This transaction evidences an ongoing pattern of related-party dealings, self-dealing, and potential misrepresentations that directly supports Plaintiff's claims.

### III. LEGAL STANDARD AND GOOD CAUSE FOR LEAVE

Under FRCP 15(d), the Court may permit supplementation to set out "any transaction, occurrence, or event that happened after the date" of the pleading, upon motion and reasonable notice. Leave should be freely granted when doing so promotes justice and efficiency, absent undue prejudice, bad faith, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Local Rule CV-7 (motions for leave). Pro se filings are liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Good cause exists here. The New 8-K is a public SEC filing subject to judicial notice under Federal Rule of Evidence 201 and Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018 (5th Cir. 1996). It arose after Plaintiff's oppositions and directly rebuts Defendants' MTD arguments by demonstrating a pattern of misconduct, including family-tied transactions that suggest scienter and ongoing shareholder harm. Supplementation will not prejudice Defendants, as the MTDs remain pending, and it promotes judicial economy by addressing both McCabe's and NBH's overlapping MTDs in one brief. See,

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING - 3

e.g., Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998) (affirming supplementation for post-filing events).

Moreover, the New 8-K ties directly to Plaintiff's pending Motion to Lift PSLRA Discovery Stay (ECF No. 32), as it highlights risks of evidence spoliation and undue prejudice warranting targeted discovery. Courts lift the PSLRA stay under 15 U.S.C. § 78u-4(b)(3)(B) in exceptional circumstances, such as to preserve evidence or prevent prejudice, particularly where documents have been produced elsewhere or ongoing concealment is evident. See In re Royal Ahold N.V. Sec. Litig., 319 F. Supp. 2d 634, 637 (D. Md. 2004) (lifting stay for particularized discovery to avoid undue prejudice from delayed access to key documents amid parallel investigations). Here, the New 8-K's related-party disclosures necessitate targeted discovery (e.g., on Panther Bridge's investors and McCabe family ties) to fully respond to the MTDs and protect claims for approximately 65,000 investors.

### IV. NO UNDUE DELAY OR PREJUDICE

The docket shows no recent updates as of August 26, 2025, indicating discovery has not opened and the MTDs are still under consideration. Supplementation at this stage avoids piecemeal litigation and ensures a complete record. Defendants can respond if needed, minimizing prejudice.

### V. PRAYER

For these reasons, Plaintiff respectfully requests that the Court grant this Motion, deem

the attached Supplemental Brief filed, and consider it in ruling on the MTDs. Plaintiff also respectfully suggests the Court consider lifting the PSLRA stay as argued in ECF No. 32 and the attached Supplemental Brief.

Respectfully submitted,

/s/ Contique Willcot

Contique Willcot Pro Se Plaintiff

6940 SW 10th Ct

Pembroke Pines, FL 33023

Email: contiq9@yahoo.com

Phone: 954-274-5173

Date: August 27, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, a true and correct copy of the foregoing document was served on all parties via CM/ECF or mail, as applicable.

/s/ Contique Willcot

**ATTACHMENTS:**

1. Exhibit A: NBH Form 8-K (filed August 20, 2025) (full text).

2. Exhibit B: Proposed Supplemental Brief.

3. Exhibit C: Next Bridge Hydrocarbons Press Release

CASE NO. 7:24-CV-00317-DC-RCG        MIDLAND/ODESSA DIVISION

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

CONTIQUE WILLCOT,

Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION et al,

Defendants.

CASE NO. 7:24-CV-00317-DC-RCG

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS

Before the Court is Plaintiff Contique Willcot's Motion for Leave to File Supplemental Brief in Opposition to Defendants Gregory McCabe's and Next Bridge Hydrocarbons, Inc.'s Motions to Dismiss (ECF Nos. 83, 92). After due consideration of the Motion, any responses, and applicable law, the Court finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff's Motion is GRANTED. The Supplemental Brief attached to the Motion is deemed filed, and the Court will consider it in ruling on the pending Motions to Dismiss.

SIGNED this _____ day of _____, 2025.

_____

UNITED STATES DISTRICT JUDGE / MAGISTRATE JUDGE

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), I, Contique Willcot, the pro se Plaintiff, hereby certify that on August 26, 2025, I conferred or attempted to confer with counsel for the opposing parties regarding the relief sought in Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Defendants Gregory McCabe's and Next Bridge Hydrocarbons, Inc.'s Motions to Dismiss.

Specifically:

- I emailed all counsel of record, including Eric Aaron Reicher, Melinda Hardy, and Jason J. Rose (for Securities & Exchange Commission); David C. Kent (for Financial Industry Regulatory Authority); Christopher J. Barber, Stephen Fraser, and Garland Murphy IV (for GTS Securities LLC and Ari Rubinstein); Josh Frost and Judson Paul Manning (for Next Bridge Hydrocarbons, Inc.); and Jason M. Hopkins, Jason S. Lewis, and Ryan D. Lantry (for John Brda and Gregory McCabe), notifying them of my intent to file the Motion and attaching drafts for review. I requested their positions on whether they oppose the filing.

- As of the date of this filing, Counsel for Defendants McCabe and NBH indicated opposition via email on 08/27/2025; Counsel for other Defendants have also opposed this motion.

This conference was conducted in good faith to determine if the Motion could be resolved without court intervention, but no agreement was reached.

Respectfully submitted,

/s/ Contique Willcot Contique Willcot Pro Se Plaintiff 6940 SW 10th Ct Pembroke Pines, FL 33023 Email: contiq9@yahoo.com Phone: 954-274-5173

Date: August 27, 2025

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING - 7