CASE NO. 7:24-CV-00317-DC-RCG  MIDLAND/ODESSA DIVISION

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **CONTIQUE WILLCOT,**<br><br>Plaintiff,<br><br>vs.<br><br>**SECURITIES AND EXCHANGE COMMISSION ET AL,**<br><br>Defendant. | CASE NO. 7:24-CV-00317-DC-RCG<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING** |

**TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE, AND THE HONORABLE RONALD C. GRIFFIN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Contique Willcot, proceeding pro se, submits this Supplemental Brief pursuant to the Court's anticipated grant of leave under FRCP 15(d). This brief addresses newly discovered evidence from Defendant Next Bridge Hydrocarbons, Inc.'s ("NBH") Form 8-K filed August 20, 2025 (the "New 8-K," Exhibit A attached), which bolsters Plaintiff's claims in the Second Amended Complaint ("SAC," ECF No. 73) and rebuts the Motions to Dismiss ("MTDs") by Defendants Gregory McCabe and NBH (ECF Nos. 83, 92). The New 8-K evidences an ongoing pattern of related-party transactions, self-dealing, and potential misrepresentations, directly supporting Plaintiff's securities fraud, antitrust, negligence, and unjust enrichment claims. It also strengthens Plaintiff's Motion to Lift

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING - 1

PSLRA Discovery Stay (ECF No. 32) by demonstrating exceptional circumstances warranting targeted discovery.

## I. SUMMARY OF THE NEW 8-K

The New 8-K discloses a $6 million financing transaction closed on August 20, 2025, between NBH and Panther Bridge, LLC ("Panther Bridge"), a Texas entity managed by Gregory McCabe, Jr.—the son of Defendant McCabe (NBH's Chairman and CEO, referred to as "McCabe Sr."). Key terms include:

- An 18% unsecured promissory note ($6 million principal, balloon payment due August 20, 2026).

- Issuance of 3 million shares of Series A Redeemable Preferred Stock (par value $0.0001, redeemable at $1 per share plus 18% accruing dividends after year one; no voting rights but superior liquidation preferences over common shareholders).

- Assignment of a 12.5% net profits interest ("NPI") in the Panther Prospect (618 acres in Acadia Parish, Louisiana), convertible to a working interest.

- A Subordination Agreement prioritizing this debt over McCabe Sr.'s existing loans to NBH (an 8% secured note from 2021 and a 5% unsecured note from 2022).

- Proceeds allocated to repay a $2 million third-party debt, fund Panther Prospect obligations, and general corporate purposes (explicitly not to repay McCabe Sr.'s debts).

- Disclosure that neither McCabe has an "economic interest" in Panther Bridge, which has "multiple outside investors" unrelated to NBH.

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS GREGORY MCCABE'S AND NEXT BRIDGE HYDROCARBONS, INC.'S MOTIONS TO DISMISS IN RE: TO NEW EVIDENCE FOUND IN THE RECENT 8-K FILING - 2

See Exhibit A (full New 8-K text). The filing incorporates Items 1.01 (Material Definitive Agreement), 2.03 (Direct Financial Obligation), 3.02 (Unregistered Sales of Equity Securities), 3.03 (Material Modification to Rights of Security Holders), and 5.03 (Amendments to Articles of Incorporation or Bylaws). It includes a forward-looking statements disclaimer cautioning risks.

## II. HOW THE NEW 8-K FITS INTO THE CASE AND BOLSTERS PLAINTIFF'S CLAIMS

The New 8-K is not an isolated event but part of an ongoing pattern of misconduct alleged in the SAC, including post-spin-off fraud, related-party dealings, and shareholder subordination. SAC ¶¶ 1, 9-10, 14, 26. It directly rebuts Defendants' MTD arguments and strengthens Plaintiff's case as follows:

**A. Pattern of Related-Party Conflicts and Self-Dealing (Bolstering Scienter and Fraud Claims)**

The SAC alleges McCabe and NBH (with Brda's involvement in the merger) engaged in opaque transactions favoring insiders, harming shareholders through misrepresentations about asset values and spin-off implications. SAC ¶¶ 14, 26. The New 8-K exemplifies this pattern: Panther Bridge is managed by McCabe's son, creating a clear family tie that prioritizes the lender (via subordination of McCabe Sr.'s loans) over common shareholders. Even without direct "economic interest" (as claimed), this suggests undue influence or recklessness, supporting

scienter under the PSLRA. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324 (2007) (scienter inferred from strong circumstantial evidence). This ties to prior evidence, such as NBH's March 21, 2025, 8-K admitting valuation errors, MMAT's July 20, 2023, 8-K on SEC investigations involving Brda, and Vetrano case disclosures (e.g., McCabe's "delete emails" instruction, Vetrano ECF No. 63-5). The high 18% interest rate indicates NBH's financial distress, consistent with SAC allegations of liquidity issues post-MMTLP halt. SAC ¶ 1. By subordinating common shareholders via preferred stock (with superior liquidation rights), it dilutes value for Plaintiff and ~65,000 investors, bolstering loss causation. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 342 (2005).

### B. Misrepresentations and Omissions (Supporting Rule 10b-5 Claims)

NBH's accompanying press release (incorporated in the New 8-K) touts the deal as a "successful capital raise" for diversification, omitting risks like dilution, high costs, and family conflicts. This mirrors SAC claims of misleading disclosures during the merger and spin-off. SAC ¶¶ 9-10. The NPI assignment erodes NBH's assets (future revenues minus costs), further harming shareholders and rebutting MTD arguments of no plausible fraud. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (plausibility standard).

### C. Antitrust, Negligence, and Unjust Enrichment Claims

The deal's structure—high-cost financing from a connected entity—implies anti-competitive practices if it artificially sustains NBH, supporting Sherman/Clayton Act claims of market manipulation. SAC ¶ 26. For negligence, it shows breaches of fiduciary duty by prioritizing family-linked interests. For unjust enrichment, McCabe and NBH benefit at shareholders' expense, as the subordination favors the new lender over prior debts.

Overall, the New 8-K demonstrates a continuation of the SAC's alleged scheme, rebutting Defendants' claims of insufficient particularity under FRCP 9(b) and PSLRA.

### III. TIE TO PLAINTIFF'S MOTION TO LIFT PSLRA DISCOVERY STAY (ECF NO. 32)

The New 8-K underscores exceptional circumstances warranting a lift of the PSLRA automatic discovery stay under 15 U.S.C. § 78u-4(b)(3)(B), which permits particularized discovery to preserve evidence or prevent undue prejudice. See In re Royal Ahold N.V. Sec. Litig., 319 F. Supp. 2d 634, 637 (D. Md. 2004) (lifting stay where parallel proceedings and risk of loss justified access to documents; emphasizing "exceptional circumstances" like ongoing investigations).

Here, the New 8-K reveals potential concealment (e.g., undisclosed investor details in Panther Bridge), building on Vetrano evidence of spoliation risks (e.g., McCabe's email deletions). Without targeted discovery—e.g., on Panther Bridge's investors, McCabe family ties, and related documents—Plaintiff faces undue prejudice in responding to

MTDs and preserving evidence amid NBH's ongoing activities. This is narrowly tailored, not a broad fishing expedition, and necessary to protect claims for 65,000 investors. The docket shows no discovery opening soon, heightening the need.

### IV. CONCLUSION

The New 8-K bolsters Plaintiff's SAC by evidencing a pattern of misconduct, rebutting the MTDs, and supporting a PSLRA stay lift. The Court should deny the MTDs and grant ECF No. 32.

Respectfully submitted,

/s/ Contique Willcot

Contique Willcot Pro Se Plaintiff

6940 SW 10th Ct

Pembroke Pines, FL 33023

Email: contiq9@yahoo.com

Phone: 954-274-5173

Date: August 26, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, a true and correct copy of the foregoing document was served on all parties via CM/ECF, as applicable.

/s/ Contique Willcot