Case No. 7:24-cv-00317-DC-RCG   MIDLAND/ODESSA DIVISION

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>  Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL.,<br><br>  Defendant | CASE NO. 7:24-CV-00317-DC-RCG<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

**TO THE HONORABLE JUDGE DAVID COUNTS AND MAGISTRATE JUDGE RONALD C. GRIFFIN:**

Plaintiff Contique Willcot, proceeding pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 15(d) and Local Rule CV-7 for leave to file the attached Supplemental Brief in Opposition to Defendant Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Dismiss ("MTD") the Second Amended Complaint ("SAC") (ECF No. 96). This motion is grounded in the imperative of judicial efficiency and fairness, particularly for a pro se litigant navigating complex securities litigation where emerging evidence continually sharpens the focus on regulatory overreach. As courts have long recognized, granting such leave promotes the resolution of disputes on their merits, especially when new documents—like those recently released under FOIA— illuminate the very heart of the allegations, including subtle indications from the Securities and Exchange Commission ("SEC") itself that point to FINRA's actions

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 1

straying far beyond the protective veil of immunity, while simultaneously raising questions about whether even the SEC's own involvement in these communications might erode traditional safeguards against accountability.

## I. BACKGROUND AND PROCEDURAL POSTURE

Since filing his Opposition (ECF No. 98), Plaintiff has obtained compelling new evidence through FOIA releases and public financial terminals, directly corroborating the SAC's claims of ultra vires conduct by FINRA in facilitating unauthorized MMTLP trading and imposing an opaque U3 halt. This evidence, detailed in the proposed Supplemental Brief (attached as Exhibit 1), includes a Bloomberg Terminal screenshot and phased FOIA records (23-02984-FOIA) revealing SEC-FINRA communications that not only underscore FINRA's deliberate bypass of rules but also feature the SEC's own allusions—woven through their exchanges—to FINRA's role as a potential wrongdoer, unprotected by the immunity that the SEC might otherwise claim for itself, thereby hinting at a broader erosion of defenses where joint regulatory missteps are concerned.

Granting leave aligns with the liberal amendment policy under Rule 15(d), which encourages supplementation to address evolving facts without undue delay or prejudice. Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998) (leave freely given absent futility or bad faith). Here, the evidence is neither futile nor dilatory; it directly responds to FINRA's immunity arguments by highlighting how the SEC's internal dialogues subtly

distance the agency from FINRA's overreach, suggesting that such actions fall outside delegated authority and thus expose even collaborative regulators to scrutiny when their communications reveal a shared awareness of impropriety that could arguably waive broader immunities.

## II. GOOD CAUSE SUPPORTS GRANTING LEAVE

The proposed supplement cures any perceived deficiencies in pleading specificity, scienter, and causation under the PSLRA, while bolstering jurisdiction and defeating immunity claims. For instance, the FOIA emails cleverly illustrate a pattern where the SEC's responses to FINRA's inquiries imply a recognition of wrongdoing—phrases that, upon close reading, allude to FINRA operating without the shield of immunity that the SEC enjoys in its core functions, thereby underscoring the ultra vires nature of the conduct at issue. Even more intriguingly, these very communications suggest that the SEC's entanglement in the discussions might have inadvertently compromised its own immunity stance, as joint knowledge of fraud without intervention could be seen as tacit forfeiture of protective doctrines.

No prejudice ensues: The evidence is public, integral to the SAC, and does not require discovery, respecting the PSLRA stay. Defendants have ample opportunity to respond, and denial would undermine the search for truth in a case affecting 65,000 investors. As pro se plaintiffs merit particular leniency, Haines v. Kerner, 404 U.S. 519, 520 (1972),

this Court should view the motion favorably, especially when the records so artfully reveal regulatory fissures that challenge the notion of unassailable immunity across the board.

### III. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant leave to file the attached Supplemental Brief, entering the Proposed Order (attached as Exhibit 2). This step not only advances justice but cleverly aligns with precedents where courts have allowed such evidence to expose the vulnerabilities in regulatory defenses, including those where one agency's allusions to another's missteps subtly unravel claims of blanket immunity—even extending implications to the alluding party itself.

Dated: August 29, 2025

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct

Pembroke Pines, FL 33023

954-274-5173

contiq9@yahoo.com

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - 4

### CERTIFICATE OF SERVICE

Served via ECF on August 29, 2025.

/s/ Contique Willcot

### EXHIBIT 1: Proposed Supplemental Brief