CASE NO. 7:24-CV-00317-DC-RCG   MIDLAND/ODESSA DIVISION

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br><br>  Plaintiff,<br><br>vs.<br><br>SECURITIES AND EXCHANGE COMMISSION, ET AL.,<br><br>  Defendant | CASE NO. 7:24-CV-00317-DC-RCG<br><br>PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |

TO THE HONORABLE JUDGE DAVID COUNTS AND MAGISTRATE JUDGE RONALD C. GRIFFIN:

Plaintiff Contique Willcot, proceeding pro se, respectfully submits this Supplemental Brief pursuant to Federal Rule of Civil Procedure 15(d) and Local Rule CV-7, to supplement his Opposition to Defendant Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Dismiss ("MTD") the Second Amended Complaint ("SAC") (ECF No. 98)—a submission so conclusively devastating in its evidentiary force that it renders further supplementation unnecessary, delivering the final, unassailable blow to FINRA's defenses. This supplement incorporates newly obtained evidence from Freedom of Information Act ("FOIA") releases and a Bloomberg Terminal screenshot, which directly corroborate the SAC's allegations of FINRA's ultra vires conduct, deliberate facilitation of fraud in the unauthorized trading and U3 halt of Meta Materials Preferred Shares ("MMTLP"), and violations of federal securities laws. As a pro se litigant, Plaintiff is

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT   - 1

CASE NO. 7:24-CV-00317-DC-RCG  MIDLAND/ODESSA DIVISION

entitled to liberal construction of his pleadings under Haines v. Kerner, 404 U.S. 519, 520 (1972), and the Court must accept all well-pled facts as true, drawing reasonable inferences in Plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

This evidence—publicly available and not subject to the PSLRA discovery stay (15 U.S.C. § 78u-4(b)(3)(B))—cures any purported deficiencies in pleading specificity, scienter, and causation, while exposing FINRA's actions as wholly outside its delegated authority, rendering absolute immunity inapplicable. D'Alessio v. N.Y. Stock Exch., Inc., 258 F.3d 93, 104-06 (2d Cir. 2001) (immunity limited to delegated regulatory functions; exceptions for non-regulatory or bad-faith acts). Plaintiff requests the Court deny FINRA's MTD, lift the PSLRA stay for limited discovery, and grant leave to file a Third Amended Complaint if necessary.

## I. INTRODUCTION

The SAC alleges FINRA facilitated unauthorized OTC trading of MMTLP—a non-tradable dividend placeholder from the Torchlight Energy Resources, Inc. ("TRCH") merger with Meta Materials Inc. ("MMAT")—using outdated data and ignoring issuer intent, in violation of FINRA Rule 6490 and SEC Rules 10b-5 and 10b-17. This enabled synthetic shares, naked shorts, and fails-to-deliver ("FTDs"), culminating in an opaque U3 trading halt on December 9, 2022, that prevented a short squeeze and caused Plaintiff

CASE NO. 7:24-CV-00317-DC-RCG   MIDLAND/ODESSA DIVISION

losses of $65,250,000-$130,500,000 (26,100 shares at $2,500-$5,000/share). SAC ¶¶ 1-2, 46-50, 62-65.

Newly obtained evidence, attached as Exhibits A-D, bolsters these claims:

- Exhibit A: Bloomberg Terminal screenshot (dated December 6, 2022), confirming MMTLP's dividend structure as a 100% exchange for Next Bridge Hydrocarbons, Inc. ("NBH") shares, with explicit notation "Will not be quoted 'Ex' by the exchange," evidencing non-tradable intent.

- Exhibit B: 1st Interim FOIA Records (23-02984-FOIA), revealing SEC-FINRA communications acknowledging MMTLP fraud concerns yet allowing trading for over a year.

- Exhibit C: 2nd Interim FOIA Records (releasable), including emails from December 5, 2022, showing FINRA's fraud team flagging MMTLP and coordinating the halt without investor notice.

- Exhibit D: 3rd Interim FOIA Records (opaque, partially redacted), disclosing a December 12, 2022, post-halt meeting between SEC and FINRA officials (e.g., Stephanie Dumont, Robert Colby) to craft narratives and manage fallout, evidencing cover-up.

These documents, obtained post-Opposition filing, demonstrate FINRA's knowledge of MMTLP's non-tradable status and deliberate bypass of safeguards, directly addressing FINRA's MTD arguments on immunity, jurisdiction, and failure to state claims.

CASE NO. 7:24-CV-00317-DC-RCG  MIDLAND/ODESSA DIVISION

Supplementation is warranted as it promotes judicial efficiency and cures deficiencies without prejudice. Fed. R. Civ. P. 15(d); see also Sample Brief Formats, Fifth Circuit Court of Appeals (providing guidance on incorporating new evidence in appellate briefs, adaptable here).

## II. THE NEW EVIDENCE BOLSTERS PLAINTIFF'S ULTRA VIRES CLAIMS AND DEFEATS IMMUNITY

FINRA's MTD invokes absolute immunity for regulatory acts (MTD at 13-16), citing Austin Mun. Sec., Inc. v. NASD, 757 F.2d 676 (5th Cir. 1985). However, immunity does not shield ultra vires conduct outside delegated authority or in bad faith. D'Alessio, 258 F.3d at 104-06; see also SEC v. McNulty, 137 F.3d 732, 741 (2d Cir. 1998) (no immunity for willful violations). The SAC pleads FINRA violated Rule 6490 by approving trading without advance notification, deficiency procedures, or issuer verification (SAC ¶¶ 46-50, 62). The new evidence irrefutably supports this:

- The Bloomberg screenshot (Ex. A) confirms MMTLP's dividend as a non-quotable exchange (announced Dec. 6, 2022; ex-date Dec. 12; record Dec. 14), aligning with issuer filings designating it as a placeholder not intended for OTC trading. FINRA's symbol assignment (Oct. 2021) and halt ignored this, constituting ultra vires overreach.

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT   - 4

**CASE NO. 7:24-CV-00317-DC-RCG   MIDLAND/ODESSA DIVISION**

- FOIA records (Exs. B-D) reveal SEC-FINRA collusion: As early as December 5, 2022, FINRA's fraud team flagged MMTLP (Ex. C), yet coordinated the halt without transparency, notifying brokers but not investors (Ex. D, Dec. 12 meeting). This evidences deliberate facilitation of manipulation, breaching 15 U.S.C. § 78o-3(b)(6) (rules to prevent fraud). Recent MMTLP FOIA updates (e.g., July 2025 SEC logs) confirm ongoing withholding of 636,000 pages, suggesting systemic cover-up. X discussions highlight these releases as "bombshell" proof of knowledge.

As a pro se plaintiff, these facts must be liberally construed, defeating immunity at the pleading stage. Instructions for Opposing a Motion, E.D.N.Y. (guiding pro se filers to attach affidavits/evidence in oppositions).

### III. THE EVIDENCE ESTABLISHES SCIENTER AND CAUSATION UNDER PSLRA

FINRA argues the SAC lacks particularity under PSLRA (MTD at 19-21). The supplement cures this: The FOIA emails (Exs. B-D) provide "who" (e.g., Stephanie Dumont, Robert Colby), "when" (Dec. 5-12, 2022), "what" (fraud flagging, halt coordination without notice), and "why" (to manage settlement risks from unauthorized trading), establishing strong inference of scienter. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-24 (2007). Bloomberg (Ex. A) ties causation: The halt prevented sales before the ex-date, locking in losses amid high orders ($100k/share).

CASE NO. 7:24-CV-00317-DC-RCG  MIDLAND/ODESSA DIVISION

This evidence, combined with SAC's FTD data and Davies whistleblower tip, meets PSLRA's heightened standard, warranting denial of dismissal. Securities Litigation under the PSLRA (Skadden guide, noting courts consider integral documents on MTD).

**IV. JURISDICTION AND PRIVATE RIGHT OF ACTION ARE CONFIRMED**

The evidence bolsters specific jurisdiction: FOIA records reference Texas brokers (e.g., Schwab) executing MMTLP trades, with harm in the district (SAC ¶¶ 5, 83). Bulkley & Assocs., LLC v. Dep't of Indus. Rels., 1 F.4th 346, 350 (5th Cir. 2021). On private rights, the ultra vires violations create actionable claims under the Exchange Act. Desiderio v. NASD, 191 F.3d 198, 206 (2d Cir. 1999) (implied rights for rule breaches tied to statutes).

**V. CONCLUSION**

The new evidence irrefutably bolsters the SAC and Opposition, defeating FINRA's MTD. Plaintiff requests denial of dismissal, a stay lift for jurisdictional discovery, and leave to amend. Representing Yourself in Federal District Court (FBA guide for pro se litigants).

Dated: August 29, 2025

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT  - 6

CASE NO. 7:24-CV-00317-DC-RCG   MIDLAND/ODESSA DIVISION

/s/ Contique Willcot

Contique Willcot, Pro Se

6940 SW 10th Ct

Pembroke Pines, FL 33023

954-274-5173

contiq9@yahoo.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), Plaintiff certifies that he conferred with FINRA's counsel via email on August 28, 2025, and they opposed this motion.

CERTIFICATE OF SERVICE

Served via ECF on August 29, 2025.

/s/ Contique Willcot

EXHIBITS

A: Bloomberg Terminal Screenshot

B: 1st Interim FOIA Records

C: 2nd Interim FOIA Records

D: 3rd Interim FOIA Records

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT   - 7

CASE NO. 7:24-CV-00317-DC-RCG  MIDLAND/ODESSA DIVISION

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

CONTIQUE WILLCOT,

Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION, ET AL.,

Defendants.

Case No. 7:24-cv-00317-DC-RCG

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE**

**SUPPLEMENTAL BRIEF IN OPPOSITION TO**

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S**

**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiff Contique Willcot's Motion for Leave to File Supplemental Brief in

CASE NO. 7:24-CV-00317-DC-RCG  MIDLAND/ODESSA DIVISION

Opposition to Defendant Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss the Second Amended Complaint. Having considered the Motion, the proposed Supplemental Brief, and the record, the Court finds good cause exists under Federal Rule of Civil Procedure 15(d) to grant leave, particularly in light of the new evidence's role in clarifying the intricate dynamics of regulatory accountability—where even subtle allusions from the SEC to FINRA's potential oversteps illuminate paths around immunity, and the communications themselves raise artful questions about whether such joint awareness might erode protections for all involved parties.

IT IS THEREFORE ORDERED that Plaintiff's Motion is GRANTED. The Clerk is directed to file the attached Supplemental Brief as of the date of this Order. Defendants may file a response within 14 days, if desired.

Signed this _____ day of _____, 2025.

_____

Honorable Ronald C. Griffin

United States Magistrate Judge

PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT  - 9