## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| CONTIQUE WILLCOT,<br>   ***Plaintiff,*** | § <br> § <br> § | |
| **v.** | § <br> § | **MO:24-CV-00317-DC-RCG** |
| SECURITIES & EXCHANGE<br>COMISSION, FINANCIAL INDUSTRY<br>REGULATORY AUTHORITY,<br>DEPOSITORY TRUST & CLEARING<br>CORPORATION, CHARLES<br>SCHWAB & CO. INC., GTS<br>SECURITIES LLC, EQUINITI TRUST<br>COMPANY, NEXT BRIDGE<br>HYDROCARBONS, INC., JOHN<br>BRDA, GREGORY MCCABE,<br>FIDELITY INVESTMENTS, and ARI<br>RUBINSTEIN,<br>   ***Defendants.*** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

BEFORE THE COURT is Plaintiff Contique Willcot's ("Plaintiff") Motion for Sanctions Pursuant to Rule 11. (Doc. 138).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of Plaintiff's brief and the relevant case law, the Court **DENIES** Plaintiff's Motion for Sanctions. (Doc. 138).

Plaintiff filed his Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended his Complaint once as a matter of right and a second time with leave of Court. (Docs. 3, 73). In March 2025, Attorney James W. Christian ("Attorney Christian"), of the law firm ChristianAttar, made an appearance in this case on behalf of Defendant Next Bridge Hydrocarbons ("Defendant NHB"). (Doc. 20). Without making a single filing in the case, on May 2, 2025, Attorney Christian filed a Motion to Withdraw as Counsel and Substitute Counsel.

---

1. All citations are to CM/ECF generated pagination unless otherwise noted.

(Doc. 44). The Motion explained that the firm has a potential conflict of interest representing Defendant NHB because the firm is special counsel for the bankruptcy trustee in Meta Materials' bankruptcy action. *Id*. As Attorney Christian provided the information of the new attorney, the Court granted the Motion and terminated Attorney Christian from the case. (Doc. 55).

On September 15, 2025, Plaintiff filed the instant Motion to Sanction Attorney Christian. (Doc. 138). Plaintiff seeks $50,000 in monetary sanctions under Rule 11(c)(4) to deter future violations and reimburse Plaintiff for expenses. *Id*. at 2. Plaintiff provides that Attorney Christian has made defamatory statements about Plaintiff that require the need for sanctions. *Id*. at 3. Plaintiff complains these statements are contained in a letter from Attorney Christian to Jeffrey L. Hartman that is filed in the Meta Materials bankruptcy action pending in Nevada and in an Exhibit (Doc. 44-1) Attorney Christian submitted along with his Motion to Withdraw (Doc. 44) as counsel in this case.

The Exhibit Attorney Christian submitted was a declaration he filed in the bankruptcy action explaining that he would be withdrawing from representing Defendant NHB in this case. (Doc. 44-1 at 4). In the declaration Attorney Christian stated, "It is my belief that the Pro Se Cases [including Plaintiff's] are a coordinated effort to obstruct the efforts of the Bankruptcy Estate to hold accountable all parties who previously manipulated the securities of Meta Materials, Inc." *Id*. Plaintiff believes this statement to be defamatory and warrants a sanction in the amount of $50,000. *Id*. The Court disagrees.

Rule 11 provides for sanctions against "any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). This rule is "aimed at curbing abuses of the judicial system," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990), and is designed "to reduce the reluctance of courts to impose sanctions by emphasizing the

responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions," *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 870 (5th Cir. 1988). To this end, attorneys are required to sign "[e]very pleading, written motion, and other paper" and must certify to the best of their knowledge—formed after an inquiry reasonable under the circumstances—that allegations and other factual contentions submitted to the court have evidentiary support. *See* FED. R. CIV. P. 11(a), (b)(3); *Jenkins v. Methodist Hosps. of Dallas, Inc.*, 478 F.3d 255, 263–64 (5th Cir. 2007); *see also Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006). By presenting to the court a pleading, written motion, or other paper, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). These obligations are "personal [and] nondelegable," *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989), and they "must be satisfied; [a] violation . . . justifies sanctions." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003).

In determining compliance with Rule 11, "the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Id.* (internal quotations omitted). "The reasonableness of the conduct involved is to be viewed at the time counsel . . . signed the document alleged to be the basis for the Rule 11 violation." *Jennings v. Joshua Indep. Sch. Dist.*, 948 F.2d 194, 197 (5th Cir. 1991).

The Court does not find Attorney Christian's statement here to be sanctionable conduct pursuant to Rule 11. Accordingly, Plaintiff's Motion for Sanctions is **DENIED**. (Doc. 138).

3

It is so **ORDERED**.

SIGNED this 22nd day of September, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE