IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CONTIQUE WILLCOT,<br>　　*Plaintiff*,<br><br>v.<br><br>SECURITIES & EXCHANGE COMISSION; FINANCIAL INDUSTRY REGULATORY AUTHORITY; GTS SECURITIES LLC; NEXT BRIDGE HYDROCARBONS, INC.; JOHN BRDA; GREGORY MCCABE; and ARI RUBINSTEIN;<br>　　*Defendants*. | MO:24-CV-00317-DC-RCG |

**ORDER DENYING PLAINTIFF'S MOTION TO LIFT PSLRA DISCOVERY STAY**

BEFORE THE COURT is Plaintiff Contique Willcot's ("Plaintiff") Motion to Lift the Private Securities Litigation Reform Act ("PSLRA") Discovery Stay. (Doc. 32).[1] This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Parties' briefs and the relevant case law, the Court **DENIES** Plaintiff's Motion to Lift the Stay. (Doc. 32).

Plaintiff filed his Original Complaint in this Court on December 6, 2024. (Doc. 1). Plaintiff amended his Complaint once as a matter of right and a second time with leave of Court. (Docs. 3, 73). Before Defendants had a chance to respond to his First Amended Complaint, Plaintiff filed the instant Motion to Lift the PSLRA Discovery Stay. (Doc. 32). Since the filing of the instant Motion, Plaintiff has filed a Second Amended Complaint, each remaining Defendant filed a Motion to Dismiss. Those Motions to Dismiss have been fully briefed and are pending before this Court.

---

1. All citations are to CM/ECF generated pagination unless otherwise noted.

In his Motion, Plaintiff seeks access to Blue Sheets data for trading in Torchlight Energy Resources, Inc. and MMTLP from June 21, 2021, to December 12, 2022, to investigate alleged market manipulation and regulatory failures. (Doc. 32 at 1). Plaintiff's two reasons for needing this information are: (1) discovery is necessary to prevent destruction of evidence and (2) he is unduly prejudiced because he cannot oppose dismissal. *Id*. at 1, 3–4. The Court does not find these reasons compelling.

The PSLRA creates an automatic stay of discovery:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). Congress passed the PSLRA to prevent costly "extensive discovery and disruption of normal business activities until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003) (internal quotations omitted). This automatic stay created by the statute also protects "defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Id*. Plaintiff bears the burden to show the stay should be lifted. *Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 592 (S.D. Tex. 2011). "The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one." *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005). To lift the automatic discovery stay, Plaintiff must prove the requested discovery is needed to (1) preserve evidence or (2) prevent undue prejudice. *In re Cassava Scis. Litig.*, No. 21-CV-00751, 2023 WL 28436, at *2 (W.D. Tex. Jan. 2, 2023) (citing 15 U.S.C. § 78u-4(b)(3)(B)).

First, Plaintiff asserts discovery is essential to preserve evidence. (Doc. 32 at 4). However, Plaintiff's only argument in support is that a court in Vermont ordered preservation of evidence in a factually similar case, citing spoliation concerns. *Id.*; (Doc. 32-34). However, as Defendant SEC points out in its Response to the instant Motion (Doc. 36 at 4), the "order" Plaintiff is referring to is a proposed order submitted by the plaintiff in that case. *Traudt v. Rubinstein, et al.*, No. 24-CV-782, Doc. 13-23 (D. Vt. Aug. 16, 2024). In reality, the *Traudt* court denied the plaintiff's motion for preservation, concluding the plaintiff provided no facts to support that the evidence he seeks to be preserved is at risk of being destroyed. *Id*. at Doc. 140. The same is true here. Thus, Plaintiff has not met his burden to show the discovery stay must be lifted to preserve evidence.

Second, Plaintiff moves to lift the stay because he is unduly prejudiced. (Doc. 32 at 3). "[D]istrict courts in this Circuit have construed the 'undue prejudice' standard as 'improper or unfair treatment amounting to something less than irreparable harm.'" *Id*. (collecting cases). "Prejudice inherent in the delay caused by the stay is not considered improper or unfair. Instead, exceptional circumstances are required to lift the stay." *Alaska Laborers Emps. Ret. Fund v. Mays Clear Channel Commc'ns, Inc.*, No. 07-CA-0042, 2007 WL 9710527, at *4 (W.D. Tex. Feb. 14, 2007). Plaintiff's only argument that he is unduly prejudiced by the automatic stay is that he cannot oppose dismissal without discovery. (Doc. 32 at 3). This, however, is not a unique circumstance that overcomes his heavy burden. *In re Odyssey Healthcare, Inc.*, No. Civ.A. 04-CV-0844, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) ("Because the exception only covers 'undue' prejudice, this harm cannot consist of disadvantage that is inherent in the stay itself, such as the possibility of dismissal when an amended complaint based on newly discovered facts might have survived.").

3

Plaintiff has failed to prove the requested discovery is necessary and has not met his burden to lift the PSLRA automatic stay. Accordingly, Plaintiff's Motion to Lift the PSLRA Discovery Stay is **DENIED**. (Doc. 32).

It is so **ORDERED**.

SIGNED this 28th day of October, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE