# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CONTIQUE WILLCOT,**<br>*Plaintiff*<br><br>v.<br><br>**SECURITIES & EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY, DEPOSITORY TRUST & CLEARING CORPORATION, CHARLES SCHWAB & CO, INC., FORMERLY TD AMERITRADE; GTS SECURITIES LLC, EQUINITI TRUST COMPANY, FORMERLY AMERICAN STOCK TRANSFER & TRUST COMPANY; NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE, FIDELITY INVESTMENTS, ARI RUBINSTEIN,**<br>*Defendants* | § § § § § § § § § § § § § § § § § § | **MO:24-CV-00317-DC** |

## ORDER

BEFORE THE COURT is Plaintiff Contique Wilcot's Motion for Relief from Order Denying Motion to Lift PSLRA Discovery Stay.[1] Plaintiff presents a motion under Rule 60(b)(2) of the Federal Rules of Civil Procedure requesting relief from United States Magistrate Judge Ronald C. Griffin's order denying Plaintiff's motion to lift the Private Securities Litigation Reform Act ("PSLRA") discovery stay in light of newly discovered evidence documenting the alleged need to preserve evidence and prevent spoilation.

---

[1] Doc. 149.

Notably, "'[b]y its own terms, Rule 60(b) is limited to relief from a 'final' judgment or order.'"[2] Interlocutory orders "are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires."[3] The order Plaintiff is requesting relief from is a discovery order, not a final judgment or order. Since relief cannot be granted under Rule 60(b)(2) and Rule 60(b)(2) is the sole basis upon which Plaintiff relies for the instant motion, the motion must be denied.

However, even considering this motion under the plenary power of the Court to review interlocutory orders, the Court is not convinced that justice requires this Court to grant the requested relief. This newly discovered evidence, a fee application by the Trustee in a separate and unrelated bankruptcy proceeding in the District of Nevada, does not convincingly establish that there is any spoilation risk or prejudice to Plaintiff.[4] Plaintiff must satisfy a high bar to lift a PSLRA discovery stay,[5] and this newly discovered evidence, even when considered with the rest of Plaintiff's evidence, still falls far short of that bar. The Court sees no reason to grant the requested relief.

---

[2] *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 702 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir.1985)).
[3] *Id.*
[4] Doc. 149.
[5] *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005).

Accordingly, Plaintiff's Motion for Relief from Order Denying Motion to Lift PSLRA Discovery Stay[6] is **DENIED**.

It is so **ORDERED**.

SIGNED this 18th day of December, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[6] Doc. 149.