IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CONTIQUE WILLCOT,**<br>*Plaintiff*<br><br>**v.**<br><br>**SECURITIES & EXCHANGE COMMISSION,  FINANCIAL INDUSTRY REGULATORY AUTHORITY,  DEPOSITORY TRUST & CLEARING CORPORATION,  CHARLES SCHWAB & CO, INC., FORMERLY TD AMERITRADE;  GTS SECURITIES LLC,  EQUINITI TRUST COMPANY, FORMERLY AMERICAN STOCK TRANSFER & TRUST COMPANY;  NEXT BRIDGE HYDROCARBONS, INC., JOHN BRDA, GREGORY MCCABE,  FIDELITY INVESTMENTS, ARI RUBINSTEIN,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **MO:24-CV-00317-DC** |

## **OMNIBUS ORDER**

BEFORE THE COURT are the reports and recommendations ("R&R") of U.S. Magistrate Judge Ronald C. Griffin concerning the respective Motions to Dismiss filed by Defendants John Brda and Gregory McCabe, the Financial Industry Regulatory Authority ("FINRA"), GTS Securities LLC ("GTS") and Ari Rubenstein, Next Bridge Hydrocarbons, Inc. ("NBH"), and the Securities & Exchange Commission ("SEC").[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court

---

[1] Docs. 81, 83, 92, 93, 96.

for the Western District of Texas, the Magistrate Judge issued his R&Rs on December 19, 2025.[2] Plaintiff filed objections to each R&R.[3]

Finding the objections unpersuasive, the Court **OVERRULES** them and it is **ORDERED** that the R&Rs are **ADOPTED**.[4]

## LEGAL STANDARD

Title 28, United States Code, Section 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review a magistrate judge's report and recommendation for clear error.[5]

## ANALYSIS

### I.    R&R Concerning the Motion to Dismiss Filed by John Brda and Gregory McCabe

In the R&R concerning the motion to dismiss filed by Defendants Brda and McCabe, the Magistrate Judge recommended dismissal based on standing as to McCabe and Plaintiff's failure to sufficiently plead facts establishing actionable claims as to both.[6] Plaintiff raises seven objections to the R&R.[7]

---

[2] Doc. 154–58.

[3] Docs. 167–71.

[4] Docs. 154–58.

[5] Fed. R. Civ. P. 72 advisory committee's note.

[6] Doc. 154.

[7] Doc. 170.

2

### A. Standing

The R&R recommended dismissing with prejudice Plaintiff's claim for violation of the Securities Exchange Act § 10(b) and Rule 10b-5 only as to Defendant McCabe for lack of standing.[8]  To this, Plaintiff raises four separate objections, but none are convincing.

Plaintiff first objects on the basis that a causal connection is established based on McCabe's position as Chairman of Torchlight. Second, he argues that standing exists because as chairman of Torchlight and CEO of Next Bridge, McCabe "possessed authority to cause corrective disclosure and knowingly permitted valuation—and liquidity-related statements to remain uncorrected." Third, he argues that standing exists because he pleaded a continuous disclosure-maintenance and scheme theory. Fourth, and finally, Plaintiff alleges standing exists because "McCabe exercised power over Torchlight, Meta, and Next Bridge."[9]

As the R&R identified, a private cause of action may advance under § 10(b) and Rule 10b-5 if the plaintiff is an actual purchaser or seller of securities, not merely a holder.[10] But standing under these provisions further requires that such a purchaser or seller be "injured by deception or fraud in connection with the purchase or sale."[11] The complaint at issue merely alludes in the abstract to misrepresentations made by McCabe in connection with the other defendants sued in this case. These statements are not identified or described with any specificity nor is a causal link established between such statements and Plaintiff's purchase of shares, falling far below the minimum pleading requirements. This is the same conclusion

---

[8] Dismissal of this claim against Defendant Brda is appropriate on other grounds.

[9] Doc. 170.

[10] *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730 (1975).

[11] *7547 Corp. v. Parker & Parsley Dev. Partners, L.P.*, 38 F.3d 211, 226 (5th Cir. 1994) (citation modified).

reached by the R&R. Plaintiff's objections fail to point to any facts contained in the complaint that would establish a causal connection between McCabe's specific conduct and Plaintiff's purchasing of shares. These objections suffer from the same generality that plague the complaint and are **OVERRULED**.

### B. Pleading Standard

Arriving at the same conclusion as the R&R, the Court is satisfied that the heightened pleading standards required by Rule 9(b) and the PSLRA were applied appropriately. Plaintiff's objection to the misapplication of these standards is therefore **OVERRULED**.

### C. Failure to State a Claim

"To state a claim under § 10(b) of the Securities Exchange Act and SEC Rule 10b-5, a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter (a 'wrongful state of mind'); (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) a 'causal connection between the material misrepresentation and the loss.'"[12] In pleading scienter, Plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."[13]

The R&R found that Plaintiff "fail[ed] to allege factual allegations to meet most, if not all, of the elements," and what was included in the complaint "would not suffice a normal pleading standard, let alone the heightened pleading that is required here."[14] Interestingly, Plaintiff's objection to the R&R's failure to state a claim analysis targets only

---

[12] *Mun. Employees' Ret. Syst. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005)).
[13] *Id.* (citing 15 U.S.C. § 78u-4(b)(2)(a)).
[14] Doc. 154.

two elements: reliance and causal connection.[15] Even if the Court were to sustain the objections, the claims would still fail because Plaintiff failed to establish the other elements.

However, even as to the elements addressed, the objections are supported by fragmented, conclusory arguments that fail to direct the Court where in the complaint reliance and a causal connection are pleaded. In addressing the issue of standing, the Court already found the complaint to be devoid of any factual basis supporting a strong inference of a causal connection and there is no attempt in the complaint to explain how Plaintiff relied on any alleged misrepresentations. The objections are **OVERRRULED**.

### D. Portions of the R&R Not Objected To

No objections were filed concerning the R&R's disposition of Plaintiff's claims under the Sherman and Clayton Acts, his negligence claim, or his claim for unjust enrichment. These portions are reviewed for clear error. Having done so and found none, these portions of the R&R are **ADOPTED** and these claims are dismissed with prejudice.

Having overruled all of Plaintiff's objections, the R&R concerning the Motion to Dismiss filed by Defendants John Brda and Gregory McCabe is **ADOPTED**.[16] Therefore, the Motion to Dismiss Plaintiff's Second Amended Complaint under 12(b)(6) is **GRANTED**.[17] Plaintiff's claims as to Brda and McCabe for a violation of the Securities Exchange Act § 10(b) and Rule 10b-5; a violation of Sherman Act §§ 1–2 and Clayton Act §§ 4, 7; negligence; and unjust enrichment are **DISMISSED WITH PREJUDICE**.

---

[15] Doc. 170.
[16] Doc. 154.
[17] Doc. 92.

## II.    R&R Concerning the Motion to Dismiss Filed by FINRA

Next, the Magistrate Judge issued an R&R concerning the Motion to Dismiss filed by FINRA, in which, he recommended dismissing Plaintiff's claims with prejudice.[18] Specifically, the R&R announced that: (1) there is no personal jurisdiction over FINRA, (2) FINRA has absolute regulatory immunity, (3) Plaintiff fails to state a claim for securities fraud and negligence, and (4) there is no claim under which Plaintiff can obtain a declaratory judgment. Additionally, similar to the other R&Rs addressed herein, it is recommended to deny the request for leave to file a third amended complaint.[19]  Objections were raised as to each of these findings.[20]

### A.  Personal Jurisdiction

The R&R recommended the Court dismiss the claims against FINRA with prejudice for lack of personal jurisdiction. Objecting, Plaintiff argues that the R&R ignored FINRA's nationwide reach and "Texas-based effects."[21]

A court in Texas may only exercise personal jurisdiction over a non-resident to the extent that it is "consistent with the due process guarantees of the United States Constitution."[22] As such, the plaintiff must show: "(1) the defendant purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts'

---

[18] Doc. 155.

[19] The Court addresses all of Plaintiff's request for leave to amend collectively. *See infra*, at 18.

[20] Doc. 167.

[21] *Id.*

[22] *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *Allstate Inc. v. Interline Brands, Inc.*, 997 F. Supp. 2d 501, 506 (N.D. Tex. 2014); *see also Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)) (observing that the Texas long-arm statute has been held to extend to the limits of due process).

with that state such that it would reasonably anticipate being haled into court there;" and "(2) exercising jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice."[23] "The 'minimum contacts' prong of the due process analysis can be met through contacts giving rise to either specific or general jurisdiction."[24] General personal jurisdiction is absent because FINRA is incorporated in Delaware and has its principal place of business in Washington, D.C. Specific personal jurisdiction is likewise absent. There are no facts alleging that FINRA, through its regulatory activities, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," nor are there any allegations to support a finding that the claims arise out of, or result from FINRA's forum-related contacts.[25] The Court **OVERRULES** the objection.

Consistent with these findings, the R&R correctly denied jurisdictional discovery. This type of discovery is appropriate if a party first makes "a preliminary showing of jurisdiction," which requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts."[26] The complaint in the present case fails to make this preliminary showing and therefore the objections are **OVERRULED**.

### B. Absolute Regulatory Immunity

Not only did the Magistrate Judge find that the Court lacked personal jurisdiction over FINRA, but also that FINRA enjoyed absolute regulatory immunity. Plaintiff specifically objects to the finding that FINRA's conduct—imposing a trading halt and

---

[23] *Allstate Inc.*, 997 F. Supp. 2d at 506 (citing *Jones*, 954 F.2d at 1068).

[24] *Id.* (citing *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996)).

[25] *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health of the State of California*, 1 F.4th 346, 351 (5th Cir. 2021).

[26] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

allegedly approving "outdated 2012 TRCH data"—was within its regulatory responsibilities and to the conclusion that "immunity applies without resolving whether FINRA acted ultra vires, negligently, or outside the scope of its regulatory duties."[27] He further argues the Court cannot properly conclude whether immunity applies "on a Rule 12 record."[28]

As an initial matter, the Court notes that whether immunity applies can be properly addressed at the motion to dismiss stage, and in so doing the Court must accept the allegations of the complaint as true.[29] However, even accepting the allegations as true, the Court is convinced that FINRA has absolute regulatory immunity. It is well settled that "[a]s an SRO, FINRA and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities."[30] As other courts have found, as did the R&R, the alleged conduct here is unquestionably within the regulatory responsibilities of FINRA.[31] Therefore, absolute regulatory immunity bars all of Plaintiff's claims against FINRA. The objections are **OVERRULED**.

---

[27] Doc. 167.

[28] *Id.*

[29] *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997).

[30] *Xu v. Fin. Indus. Regul. Auth. Inc.*, 503 F. App'x 7, 8 (2d. Cir. 2012); *Austin Min. Secs., Inc. v. Nat'l Assoc. of Secs. Dealers, Inc.*, 757 F.2d 676, 679 (5th Cir. 1985) ("[NASD, now FINRA] and its disciplinary officers have absolute immunity from further prosecution for personal liability on claims arising within the scope of their official duties.").

[31] *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 454 (S.D.N.Y. 2013) ("The capacity to suspend trading, irrespective of the identity of the decision-maker or the presence of an official SEC rule, is a quintessentially regulatory function."); *Traudt v. Rubenstein*, No. 2:24-CV-782, 2025 WL 1795825 at *5 (D. Vt. June 30, 2025) (finding that FINRA's decision to halt MMTLP trading was within the regulatory responsibility of FINRA).

### C. Failure to State a Claim

Even if the claims against FINRA were not dismissed on jurisdictional grounds or based on FINRA's immunity, the substantive claims still fail to allege sufficient facts to state a cause of action. This is the same conclusion the R&R reached as to the claims for securities fraud and negligence. As to his securities fraud claim, Plaintiff specifically objects to the conclusion that he failed to plead "manipulation, scienter, or reliance."[32] Concerning the negligence claim, he objects to the R&R's determination that FINRA owes him no duty as a matter of law. The Court handles these in turn.

The R&R identified the relevant facts underscoring the claim for securities fraud: Plaintiff pleaded that FINRA approached outdated 2012 Torchlight data, there was potential data falsification involving FINRA, and FINRA executed the trading halt. The Magistrate Judge found, based on these facts, that the complaint "failed to allege factual allegations to meet any of the elements, let alone all of them."[33] As the Court announced earlier, a claim for securities fraud has six elements: "(1) a material misrepresentation or omission; (2) scienter (a 'wrongful state of mind'); (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) a 'causal connection between the material misrepresentation and the loss."[34] Notably, Plaintiff only objected to the conclusion that Plaintiff failed to plead "manipulation, scienter, and reliance." Thus, the conclusion that a causal connection was not sufficiently alleged is unobjected to and the Court finds no clear error in that conclusion. Even if the Court were to sustain the objection, which it does not, it

---

[32] Doc. 167.

[33] Doc. 155.

[34] *Mun. Employees' Ret. Syst. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005)).

would not matter because all elements must be sufficiently pleaded. Without a causal connection, the claim is deficient. However, the Court **OVERRULES** the objection because none of the pleaded facts establish scienter, indicate any form of reliance, nor do they suggest that FINRA intended to "deceive, manipulate, or defraud."[35]

The objection pertaining to the negligence claim is also **OVERRULED**. The Securities Exchange Act "does not establish any sort of trust relationship that benefits investors."[36] The argument that FINRA owed Plaintiff a duty of care is unsupported and therefore the Court cannot infer such a duty. In the same breath as his objection to the negligence claim, Plaintiff also objects to the denial of declaratory relief. However, denial of this relief is the correct course of action. There is no independent action under the Declaratory Relief Act and all of Plaintiff's substantive claims against FINRA are dismissed, providing no vehicle for which this relief can be granted.[37] This objection is similarly **OVERRULED**.

### D. Dismissal with Prejudice

Finally, Plaintiff objects to the dismissal of the claims against FINRA with prejudice, arguing that dismissal based on lack of personal jurisdiction and immunity "must" be without prejudice. Because dismissal is based on personal jurisdiction, absolute immunity, and Plaintiff's failure to state a claim, the Court finds dismissal with prejudice appropriate. The Court **OVERRULES** the objection.

---

[35] *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 319 (2007).

[36] Grady v. United States, No. 13-15C, 2013 WL 4957344, at *3 (Fed. Cl. July 31, 2013), aff'd, 565 F. App'x 870 (Fed. Cir. 2014).

[37] *See Texas v. Ysleta del Sur Pueblo, 367 F. Supp. 3d 596, 602 (W.D. Tex. 2019); see also Val-Com Acquisitions Tr. v. CitiMortgage, Inc., 421 F. App'x 398, 400–01 (5th Cir. 2011).*

Because all objections targeted at the R&R concerning the Motions to Dismiss filed by FINRA have been overruled, the R&R is **ADOPTED**.[38] FINRA's Motions to Dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(2) and, alternatively 12(b)(6), are **GRANTED**.[39] Plaintiff's claims as to FINRA for a violation of the Securities Exchange Act § 10(b) and Rule 10b-5, negligence, and declaratory judgment are **DISMISSED WITH PREJUDICE.** Finally, Plaintiff's request for jurisdictional discovery and leave to amend is **DENIED**.

### III.   R&R Concerning the Motion to Dismiss Filed by GTS Securities, LLC and Ari Rubenstein

In a third R&R, the Magistrate Judge recommended dismissing with prejudice Plaintiff's securities fraud claim, his claims under the Sherman and Clayton Acts, and his state law claims as they apply to Defendants GTS and Ari Rubenstein.[40] Plaintiff filed numerous objections to each of the conclusions in the R&R.[41] The Court addresses these objections in turn.

### A.  Rule 12(b)(5) Motion to Dismiss

Before reaching the substantive claims, the R&R recommended dismissal of the complaint for improper service. Plaintiff's objections do not address the Magistrate Judge's finding that service was improper or that there was not good cause for improper service. These findings are adopted by the Court because nothing in the analysis is clearly erroneous. Instead, the objections target the Magistrate Judge's use of discretion in choosing to dismiss

---

[38] Doc. 155.
[39] Doc. 96.
[40] Doc. 156.
[41] Doc. 171.

the complaint based on that analysis. Arguing that equitable considerations preclude dismissal, Plaintiff fails to establish precisely what equitable factors demand that outcome. As such, the Court finds that dismissal under Rule 12(b)(5) would be proper. However, because the Defendants' also filed a motion to dismiss under Rule 12(b)(6), and that motion should be granted, as discussed below, dismissal without prejudice under Rule 12(b)(5) is unnecessary.[42] Plaintiff's objections are **OVERRULED**.

### B. Securities Fraud

Turning to the substantive claims, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his securities fraud claim with prejudice. As the R&R noted, "short selling—even in high volumes—is not, by itself, manipulative,"[43] and "even some naked short selling, is legal."[44] In the Second Amended Complaint, it is alleged that Defendants GTS and Rubenstein engaged in "unauthorized trading and naked short selling" but there are no facts pointing to any specific examples. Without specificity, the complaint fails to allege that abusive short selling occurred. Furthermore, the Court agrees that Plaintiff's allegations of scienter and reliance are conspicuously absent from the complaint as it relates to GTS and Rubenstein. The objections are **OVERRULED**.

---

[42] *Campbell v. Barr*, No. 3:19-CV-1887-L-BH, 2021 WL 1522061 at *6 (N.D. Tex. Feb. 3, 2021); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (finding dismissal under Rue 12(b)(5) unnecessary when dismissal is also warranted under Rule 12(b)(6)).

[43] *ASTI Comms., Inc. v. Shaar Fund*, Ltd., 493 F.3d 87, 101 (2d. 2007)

[44] *Harrington Glob. Opportunity Fund, Ltd v. CIBC World Mkt. Corp.*, 585 F. Supp. 3d 405, 422 (S.D.N.Y. 2022).

### C. Antitrust Claims

Next Plaintiff objects that the R&R's disposition of his antitrust claims was erroneous because the "market definition, agreement, and antitrust injury are fact-intensive inquiries."[45] However, this argument misunderstands the burden imposed on a plaintiff to plead sufficient facts to "state a claim to relief that is plausible on its face."[46] Plaintiff is required to plead facts supporting the elements of the asserted claim, but has failed to do so. Instead, the antitrust claims contain bare, conclusory statements that fall far below pleading standards. The Court **OVERRULES** the objection.

### D. State law Claims

The Second Amended Complaint raises three state law claims against GTA and Rubenstein: (1) negligence, (2) aiding and abetting fraud, and (3) unjust enrichment.[47] The R&R recommended all three be dismissed with prejudice and all of these recommendations drew objections from Plaintiff.

Concerning the negligence claim, Plaintiff objects to the finding that market makers and their executives owe no duty to investors. However, the Court agrees with the R&R that these entities owe no duty to investors, but even if they did, Plaintiff fails to plead a breach of that duty. The objection is **OVERRULED**.

The aiding and abetting claim, as an initial matter, fails under both Texas and Florida law.[48] However, Plaintiff argues that the R&R failed to consider amendment as a means of curing any defects in the complaint. But this is unavailing because the request for leave to

---

[45] Doc. 171.

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

[47] Doc. 73.

[48] Plaintiff argues that Florida law should apply as to Rubenstein. *See* Doc. 82.

13

amend is not accompanied with an attached copy of the proposed amended complaint nor is there an explanation of how the deficiencies will be cured. The objection is **OVERRULED**.

Finally, Plaintiff objects to the conclusion that unjust enrichment is unavailable as a matter of law. However, this is the proper conclusion. Under Texas law, unjust enrichment is not an independent cause of action, just a theory of recovery.[49] Additionally, while Florida may recognize a claim for unjust enrichment, there are no facts to support such a claim in the complaint. The objection is **OVERRULED**.

Because all objections targeted at the R&R concerning the motion to dismiss filed by GTS and Rubenstein have been overruled, the R&R is **ADOPTED**.[50] GTS and Rubenstein's Motion to Dismiss is **GRANTED**[51] and Plaintiff's claims as to GTS and Rubenstein for a violation of the Securities Exchange Act § 10(b) and Rule 10b-5; a violation of Sherman Act §§ 1–2 and Clayton Act §§ 4, 7; negligence; aiding and abetting fraud; and unjust enrichment are **DISMISSED WITH PREJUDICE.**

## IV. R&R Concerning the Motion to Dismiss Filed by Next Bridge Hydrocarbons Inc.

In the fourth R&R, the Magistrate Judge recommends dismissing with prejudice Plaintiff's claims against NBH.[52] The complaint asserts a securities fraud claim, antitrust claims, as well as state law claims against NBH. Plaintiff raises six objections to the R&R.[53]

---

[49] *In re Primera Energy, LLC*, 579 B.R. 75, 183 (Bankr. W.D. Tex. 2017); *Llort v. BMW of N. Am., LLC*, No. 20-CV-94, 2020 WL 2928472, at *10 (W.D. Tex. June 2, 2020).
[50] Doc. 156.
[51] Doc. 81.
[52] Doc. 157.
[53] Doc. 169. Plaintiff's objection concerning the denial of leave to amend is addressed elsewhere in this order. *See infra*, at 18.

### A. Securities Fraud

The first three objections are targeted at the R&R's recommended dismissal of Plaintiff's securities fraud claim based on a lack of standing and failure to state a claim. In two objections, Plaintiff argues that the R&R applies an overly formalistic approach to the standing analysis and improperly weighs evidence in contradiction to the pleaded facts in his complaint. The Court disagrees and arrives at the same conclusion as the R&R: Plaintiff lacks standing.

The complaint itself alleges that "Plaintiff held 26,100 MMTLP shares by December 2022, including 25,413 shares via Fidelity (1,182 from [Torchlight] merger, 22,920 purchased Jan-Mar 2022, 1,314 sold Mar 2022, 2,625 purchased Apr-Dec 2022) and 687 shares via TD Ameritrade (21 purchased Apr 2022, 666 purchased Sep 2022), documented by brokerage statements (ECF No. 32, Exs. V, W, Ex. AE )."[54] An individual may only bring a private damage action under § 10(b) and Rule 10b-5 as an actual purchaser or seller of securities, as opposed to a mere holder.[55] Plaintiff argues that NBH's misrepresentations can be found in four documents— NBH's Form 8-K (filed March 21, 2025), MMAT Form 8-K (filed July 20, 2023), NBH press release (filed December 20, 2022), and NBH Prospectus (filed November 9, 2022).[56] However, these documents were all filed after Plaintiff's last reported purchase, which occurred in October 2022. Even taking the allegations in the complaint as true, there is nothing supporting the notion that he purchased or sold shares in relation to NBH's conduct. In arriving at the same conclusion, the R&R considered the complaint and

---

[54] Doc. 73.

[55] *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730 (1975); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 79 (2006).

[56] Doc. 73.

accompanying exhibits referenced therein. Consideration of exhibits referenced in the complaint is not improper.[57] Therefore, Plaintiff lacks standing.  The objections to standing are **OVERRULED**.

Additionally, the complaint fails to state a claim of securities fraud against NBH. Plaintiff objected to the R&R's similar findings. As the R&R stated, most, if not all, of the elements of a securities fraud claim are not sufficiently pleaded. This is especially true as it applies to the element of scienter. There are no facts in the complaint to support a "strong inference" that NBH intended to "deceive, manipulate, or defraud" Plaintiff. In the objection, Plaintiff argues that NBH's later disclosures and subsequent impairments plausibly allege falsity or scienter. However, this conclusory objection fails to cure the conclusory nature of the pleadings. Even if the objection were sustained, the claim would likewise fail because there still are no facts connecting the alleged misconduct to Plaintiff's purchase or sale of shares. The objection is thereby **OVERRULED**.

### B.  Antitrust Claims

Concerning his antitrust claims, Plaintiff objects that the R&R improperly found that he "failed to plead a relevant market, agreement, or antitrust injury."[58] He argues that the pleading stage is not where this is to be decided. This objection is without merit. The Court finds that this information may be properly assessed to determine whether a plaintiff has met its pleading burden. And that burden was not met here. The complaint is factually barren:

---

[57] *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").
[58] Doc. 167.

there are no facts for the Court to assess whether the alleged market may plausibly be considered a relevant geographic or cognizable product market for antitrust purposes; the allegations of an agreement go unsupported; and the complaint fails to allege an antitrust injury. In summation, the antitrust claims are conclusory and the objections are **OVERRULED**.

### C. State Law Claims

Finally, Plaintiff also objects to the dismissal of his claims for negligence and unjust enrichment at the pleading stage. This again misunderstands the pleading burden a plaintiff bears. To progress beyond a motion to dismiss there must be sufficient facts *in the complaint* to establish at least a plausible claim.[59] That has not occurred and so dismissal at this stage is appropriate. Plaintiff fails to make anything beyond conclusory arguments and fails to establish the facts to meet the elements of negligence. There is nothing to suggest that NBH owed Plaintiff a duty nor that NBH's alleged misconduct caused Plaintiff's injury. Furthermore, unjust enrichment is not an independent cause of action; it is merely a theory of recovery.[60] Because the Court has found that Plaintiff's only substantive claims fail to state a cause of action, Plaintiff has no underlying claim which to tether his unjust enrichment claim. The objection is **OVERRULED**.

Because all objections targeted at the R&R concerning the motion to dismiss filed by NBH have been overruled, the R&R is **ADOPTED**.[61] NBH's Motion to Dismiss Plaintiff's

---

[59] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[60] *In re Primera Energy*, LLC, 579 B.R. 75, 183 (Bankr. W.D. Tex. 2017); *Llort v. BMW of N. Am., LLC*, No. 20-CV-94, 2020 WL 2928472, at *10 (W.D. Tex. June 2, 2020).

[61] Doc. 157.

17

Second Amended Complaint under 12(b)(6) is **GRANTED**.[62] Plaintiff's claims as to NBH for a violation of the Securities Exchange Act § 10(b) and Rule 10b-5; a violation of Sherman Act §§ 1–2 and Clayton Act §§ 4, 7; negligence; and unjust enrichment are **DISMISSED WITH PREJUDICE**.

## V.    R&R Concerning the Motion to Dismiss Filed by the SEC

The fifth, and final, R&R in this case recommends granting the Motion to Dismiss by the SEC as to Plaintiff's claims for securities fraud, negligence, and declaratory relief.[63] Plaintiff raises four objections. However, no objections targeted the R&R's analysis that Plaintiff fails to state a claim for negligence. Having reviewed that portion of the R&R for clear error and finding none, the Court adopts it.

### A.  Standing

The Magistrate Judge found that Plaintiff failed to allege facts that fairly trace the alleged conduct of the SEC to the alleged harm suffered and, even if he could, the claims will not redress that harm. The objections argue that Plaintiff "does not allege that the SEC caused the underlying fraud or that it was required to initiate a particular enforcement action."[64] Instead, he argues that the inaction of the SEC contributed to the harm. In order to bring a suit, a plaintiff must satisfy Article III standing, which requires pleading an injury in fact that is fairly traceable to a defendant's complained of conduct and that a favorable judgment could redress the harm suffered.[65] The Court agrees that nothing in the complaint satisfies the traceability requirement. The complaint makes loose arguments that the agency

---

[62] Doc. 83.

[63] Doc. 158.

[64] Doc. 168.

[65] *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295 (2022).

was aware of the fraud, took no action, and he suffered monetary loss. The link complained of is far too speculative to support Article III standing. Moreover, the objection makes no reference to the R&R's analysis that his claims will not redress the harm. Because there is no clear error in the redressability analysis, even if the Court were to accept Plaintiff's traceability argument, standing would still be absent. The objection is **OVERRULED**.

### B. Sovereign Immunity

In addition to standing, the Magistrate Judge recommended dismissal with prejudice on the basis that sovereign immunity bars the action. Plaintiff objects, claiming that the R&R misapplied *Heckler v. Chaney* and the subsequent determination that the SEC's inaction is discretionary was improper. The Court **OVERRULES** these objections. Section 702 of the Administrative Procedures Act ("APA") does provide for the scenario of agency inaction, but it is "properly understood as a failure to take an agency action."[66] Agency action "includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof."[67] Section 702's waiver of sovereign immunity does not apply when "agency action is committed to agency discretion by law."[68] Considering this, the R&R correctly looked to *Heckler v. Chaney* to find that the Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."[69] The Court therefore agrees that the SEC's decision not to investigate

---

[66] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62 (2004).
[67] 5 U.S.C. § 551(13).
[68] 5 U.S.C. § 701(a)(2).
[69] *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

falls squarely within its discretion. As such, sovereign immunity applies in this case and bars Plaintiff's claims. The objections are **OVERRULED**.

### C. Failure to State a Claim

Finally, the R&R announced that Plaintiff's claim for a declaratory judgment should be dismissed because the Declaratory Judgment Act provides no independent cause of action[70] and Plaintiff's substantive claims failed to state a cause of action. The Court agrees and similarly finds that this claim should be dismissed with prejudice. The objection is **OVERRULED**.

Because all objections targeted at the R&R concerning the motion to dismiss filed by the SEC have been overruled, the R&R is **ADOPTED**.[71] The SEC's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**.[72] Plaintiff's claims as to the SEC for a violation of the Securities Exchange Act § 10(b) and Rule 10b-5, negligence, and declaratory judgment are **DISMISSED WITH PREJUDICE**.

### VI.   Dismissal With Prejudice

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Although the Court "should freely give leave when justice so requires,"[73] leave to amend is not automatic.[74] The decision to grant or deny a motion to amend is within the sound discretion of the trial court, though Rule 15 "evinces a bias in

---

[70] *Texas v. Ysleta del Sur Pueblo*, 367 F. Supp. 3d 596, 602 (W.D. Tex. 2019); *Carson v. Fed. Nat'l Mortgage Assoc.*, No. 11-CA-925, 2012 WL 13029757, at *2 (W.D. Tex. Jan. 26, 2012).
[71] Doc. 158.
[72] Doc. 93.
[73] Fed. R. Civ. Pro. 15(a)(2).
[74] *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).

favor of granting leave to amend" and "a district court needs a substantial reason to deny a party's request for leave to amend."[75] In exercising its discretion, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment."[76]

Plaintiff objects to every R&R on the basis that the Magistrate Judge erred in not considering amendment as a route to cure defects. As an initial matter, Plaintiff has already had two separate occasions to amend his complaint in this case. Furthermore, Plaintiff fails to attach a copy of his proposed amended complaint with all but one request for leave and fails to include any description of how the deficiencies identified could be cured.

The one copy of his third amended complaint accompanied his objections to the R&R concerning the Motion to Dismiss filed by Brda and McCabe. As Defendants Brda and McCabe identify,[77] the attached Third Amended Complaint would be futile because it does nothing to cure the defects identified in the R&R. More than that, the amendment only includes claims against Brda and McCabe, effectively dropping the remaining Defendants from the case. The amendment is therefore futile and the request for leave to amend is **DENIED**. Accordingly, the Court finds that dismissal with prejudice is appropriate as to Plaintiff's claims against each Defendant.

---

[75] *Id.* (citation modified).

[76] *Id.*

[77] Doc. 174.

## CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that the R&Rs of the U.S. Magistrate Judge are **ADOPTED**.[78] The motions to dismiss filed by Defendants are **GRANTED**[79] and Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

SIGNED this 16th day of March, 2026.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[78] Docs. 154–58.
[79] Docs. 81, 83, 92, 93, 96.